UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

SECURITIES AND EXCHANGE
COMMISSION, INC.,

                  Plaintiff,         :      10 Civ. 5760 (SAS)

                -against-

SAMUEL WYLY, CHARLES J. WYLY, JR.,
MICHAEL C. FRENCH, AND
LOUIS J. SCHAUFELE III,

                Defendants.

------------------------------------------------------------------ x

**MEMORANDUM OPINION AND ORDER ON DOCUMENTS ASSERTED BY THE WYLYS TO BE PROTECTED UNDER THE COMMON INTEREST DOCTRINE— WILMER HALE COMMUNICATIONS — MICHELLE BOUCHER AND IRISH TRUST COMPANY OR THE TRUSTEES**

DANIEL J. CAPRA, SPECIAL MASTER:

      On February 11, 2011, the Securities and Exchange Commission ("SEC") moved to compel production of certain materials that Defendants Sam and Charles Wyly (the "Wylys") have withheld on the basis of attorney-client privilege. The undersigned was appointed by Judge Scheindlin as Special Master to review the Wylys claims that certain of the documents in the privilege logs submitted to the SEC were protected by the "common interest" extension of the attorney-client privilege. *See generally United States v. Schwimmer*, 892 F.2d 237 (2d Cir. 1989). Familiarity with the allegations in the SEC's complaint against the Wylys and the other Defendants is presumed.

      The Special Master has already written two opinions and orders regarding common-interest assertions for communications between counsel for the Wylys and 1) Boucher/Irish Trust and 2) the Trustees. Familiarity with these opinions and orders is presumed, and the Special Master will not replicate the discussion of pertinent legal authorities in this opinion.

      This opinion and order concerns two privilege logs submitted to the Special Master on June

30, 2011. These logs cover communications between Wilmer Hale, as counsel for the Wylys, and 1) counsel for Boucher and ITC or Boucher herself, or 2) counsel for the Trustees.

*I. Ruling on Documents in the Log for Communications with Counsel for Boucher/ITC or Boucher Herself*

*Documents 1 through 1.5:*

Document 1 is an email from Keith Miller, counsel for Boucher/ITC, to Wilmer Hale lawyers, referring Boucher's comments on a draft to an amended Securities statement. Documents 1.1 through 1.5 are attachments, containing draft agreements and the draft provision to the amended Securities statement.

As to the attachments, it is plain that these are all intended to end up as final public documents, and therefore at a minimum they are subject to the drafts rule — meaning that they must be produced, but information deleted from the final on advice of counsel may be redacted.

The next question is whether any of these communications — including the transmissions of the drafts — are protected by the common-interest doctrine. It is apparent that Wilmer Hale's work on the amended Securities statement was a critical part of the response to the investigations that were occurring at the time. And the Special Master has already found that Boucher and the Wylys had a common interest in exchanging information because information-pooling could benefit both Boucher and the Wylys in responding to investigations — and that Boucher, who could well have been subject to personal liability, saw the virtue of sharing information with the Wylys in order to defend her own interests in light of the investigation.

It should be noted that these emails are dated March 2005. In the prior opinion on the common-interest doctrine and communications to Boucher's counsel, it was determined that Boucher did not finally agree to share documents with the Wylys until November, 2005. That date is not dispositive for the current inquiry, however, because the common-interest doctrine does not require complete agreement on all issues. The documentation before the Special Master indicates that at least as of March, 2005, Boucher had agreed to provide *information* to the Wylys, but had not signed off on allowing them access to documents, due to her concerns about getting the necessary protections for allowing document access. Finally, the email was sent before the fallout between the parties in late April, 2005 that was discussed in the prior opinion.

*Ruling on Documents 1 through 1.5: Document 1 is protected under the common-interest doctrine. Documents 1.1 through 1.5 must be produced, but information deleted from the final on advice of counsel may be redacted.*

*Documents 2 through 2.6:*

This is an email string and a chart concerning some past transactions. It is apparent from the emails that Wilmer Hale is trying to reconstruct some transactions and Boucher is helping Wilmer Hale do so by providing factual information. The mutual interest is evident. Wilmer Hale needed to figure out what went on in critical transactions in order to properly defend its client. And for reasons discussed in the prior opinion involving the common interest, Boucher and her counsel could reasonably have determined that information-pooling could benefit both her and the Wylys in responding to investigations as to which Boucher could well have been subject to personal liability. Moreover, all of the communications here, including the chart, are confidential communications about a legal matter and so meet the underlying requirement that the exchanged information must be privileged in the first place.

> *Ruling on Documents 2 through 2.6: All are protected under the common-interest doctrine.*

*Document 3:*

This is an email from Boucher to a Wilmer Hale lawyer — it's the next email in the string logged at #2. For the reasons stated in the discussion of #2, this email falls within the protection of the common-interest doctrine. It should be noted that the communication to the Wilmer Hale lawyer is not from Boucher's counsel, but from Boucher herself. But that does not affect the operation of the common-interest doctrine. As indicated in 2 *Federal Rules of Evidence Manual* at 501-29, clients and lawyers agreeing to pursue a common legal interest "are acting as a single attorney-client unit." Thus when A and B have agreed to pursue a common legal interest, a communication from A to the lawyer for B is protected if there was an intent that it would be confidential within the common-interest unit. That is the case with the email logged at #3.

> *Ruling on Document 3: Protected under the common-interest doctrine.*

*Documents 4, 4.1 and 4.2:*

This is a two-email chain between Keith Miller and a Wilmer Hale lawyer, and a spreadsheet attachment. Again, Wilmer Hale is trying to reconstruct transactions in order to respond to the investigations and Boucher (this time through her counsel) is trying to help Wilmer Hale through her recollection. For the reasons discussed in #2, these documents are protected by the common-interest doctrine.

> *Ruling on Documents 4 through 4.2 : All are protected under the common-interest doctrine.*

*Documents 5 and 5.1:*

This is an email from Boucher to Keith Miller and a Wilmer Hale lawyer, and an attached chart that is substantially identical to the chart logged at 4.2. Basically this is a continuation of the process covered in the documents logged at #4. For the reasons stated there and in #2, these documents are protected by the common-interest doctrine.

*Ruling on Documents 5 and 5.1: Both are protected by the common-interest doctrine.*

*Documents 6, 6.1 and 6.2:*

These are two emails — one from a Wilmer Hale lawyer (6.1) attaching a draft Securities statement (6.2) for Boucher's review, and Boucher's short response (6). The process is the same as with the documents logged at #1, and the result is the same as well. The draft is of a document intended for public disclosure and is subject to the drafts rule. The emails are within the common interest of information-pooling to prepare collectively in response to the investigations.

*Ruling on Documents 6 through 6.2: Documents 6 and 6.1 are protected under the common-interest doctrine. Document 6.2 must be produced but information deleted from the final on advice of counsel may be redacted.*

*Documents 7 and 7.1:*

This is an email from a Wilmer Hale lawyer to Boucher's lawyer and Boucher herself, with a draft chart — a proposed attachment to the Securities statement — for Boucher's review. The parties are on the same task as seen in the documents logged at ## 1 and 6. The answer is the same. The draft is of a document intended for public disclosure and is subject to the drafts rule. The emails are within the common interest of information-pooling to prepare collectively in response to the investigations.

*Ruling on Documents 7 and 7.1: Document 7 is protected under the common-interest doctrine. Document 7.1 must be produced but information deleted from the final on advice of counsel may be redacted.*

*Document 8:*

This is an email from Boucher to Keith Miller and a Wilmer Hale lawyer. It is the response requested by the Wilmer Hale lawyer in the email logged at #7 — information provided after reviewing the draft logged at 7.1. For reasons stated above, Boucher's email is protected by the common-interest doctrine. And it is not subject to the drafts rule, because it is a commentary on the

draft and not the draft itself.

> ***Ruling on Document 8: Protected under the common-interest doctrine.***

*Logged Items 9 and 10 were not presented to the Special Master. By letter to the Special Master dated June 30, 2011, counsel for the Wylys states as follows:*

> "Please do not consider privilege numbers 9 and 10 on the Michelle Boucher and ITC privilege log. We have obtained the agreement of counsel for Michelle Boucher and ITC on this issue."

*Document 11:*

This is an email from Boucher's counsel to a Wilmer Hale lawyer. It provides some information from Boucher pertinent to the draft of a proposed filing. For the reasons stated in #8, this email is protected under the common-interest doctrine, and is not subject to the drafts rule as it is not the draft itself.

> ***Ruling on Document 11: Protected by the common-interest doctrine.***

*Documents 12 through 12.4:*

This is an email (12.1) from a Wilmer Hale lawyer, with draft attachments to the Securities statement for Boucher's review, and a short response from Boucher's lawyer (#12). The parties are on the same task as seen in the documents logged at ## 1 and 6. The answer is the same. The drafts are of documents intended for public disclosure and are subject to the drafts rule. The emails are within the common interest of information-pooling to prepare collectively in response to the investigations.

> ***Ruling on Documents 12 through 12.4: Documents 12 and 12.1 are protected under the common-interest doctrine. Documents 12.2, 12.3 and 12.4 must be produced but information deleted from the final on advice of counsel may be redacted.***

*Documents 13 through 13.4:*

This is an email string involving lawyers for Wilmer Hale, lawyers for Boucher, and Boucher herself. It is of the same character as other logged items — Wilmer Hale lawyers are trying to figure out transactions in order to respond to the investigations and Boucher is assisting them through her

recollections. For the reasons discussed under #2, these emails are all protected by the common-interest doctrine.

> ***Ruling on Documents 13 through 13.4: All are protected under the common-interest doctrine.***

*Documents 14, 14.1 and 14.2:*

This is another email with attachments of the same character as those logged in ##1, 6, 12, etc. The answer is the same. The drafts are of documents intended for public disclosure and are subject to the drafts rule. The email is within the common interest of information-pooling to prepare collectively in response to the investigations.

> ***Ruling on Documents 14 through 14.2: Document 14 is protected under the common-interest doctrine. Documents 14.1 and 14.2 must be produced but information deleted from the final on advice of counsel may be redacted.***

*Document 15:*

This is an email from a lawyer for Boucher/ITC to a Wilmer Hale lawyer, providing a comment on the draft Securities statement that is the subject of most of the emails in this log. For reasons discussed above, confidential comments on the draft are within the common-interest doctrine.

> ***Ruling on Document 15: Protected under the common-interest doctrine.***

*Document 16:*

This is an email from Boucher to her lawyer and a Wilmer Hale lawyer, providing her comments on the draft Securities statement that is the subject of most of the emails in this log. For reasons discussed above, confidential comments on the draft are within the common-interest doctrine.

> ***Ruling on Document 16: Protected under the common-interest doctrine.***

*Documents 17 and 17.1:*

This is an email (#17) from Boucher's lawyer to a Wilmer Hale lawyer, attaching a spreadsheet (#17.1). The spreadsheet is designed to assist the Wilmer Hale lawyer in preparing the Securities statement that is the subject of most of the emails in this log, but it is not itself a draft

document. Accordingly it is not subject to the drafts rule. Both the email and draft are protected by the common-interest doctrine, because both were attendant to the collective process of information pooling in response to the investigation.

> ***Ruling on Documents 17 and 17.1: Both are protected under the common-interest doctrine.***

*Documents 18 through 18.4:*

This is an email with attachments from a Wilmer Hale lawyer to Sean Krieger (lawyer for ITC and Boucher) and Boucher herself. It is of the same character as most of the emails and attachments in this log — sending Boucher and her lawyer drafts of the proposed Securities statement for their comment and input. The possible difference is that the email and attachments were sent on May 3, 2005. The prior opinion of the Special Master determined that between April 27, 2005 and June 6, 2005, the Wylys and ITC/Boucher had a parting of the ways about the information-pooling that had been previously agreed to. But that particular aspect of information-pooling concerned access to ITC/Boucher documents. As discussed above, parties might well be in disagreement about permitting access to documents, but could well agree to review and opine on drafts of filings that will mutually benefit the parties. The Special Master finds that the disagreement on the document-access front did not terminate the agreement among the parties to assist Wilmer Hale lawyers in preparing this critical Securities statement for submission.

Consequently, the documents logged at 18 are subject to the same rules as applied to other similar documents in this log.

> ***Ruling on Documents 18 through 18.4: Document 18 is protected under the common-interest doctrine. Documents 18.1 through 18.4 must be produced but information deleted from the final on advice of counsel may be redacted.***

*Document 19:*

Document 19 is a chart prepared and sent by Sean Krieger to a Wilmer Hale lawyer to assist in preparing the Securities statement. It is not part of the draft itself. Thus, the chart is protected by the common-interest rule and is not subject to the drafts rule. The chart was prepared on April 19, 2005 and sent on May 25, 2005. While it was sent during a time when the parties were at odds about document exchange, this is not the type of historical document the parties were arguing about. It is a chart specifically prepared to assist the lawyers in preparing the Securities statement.

> ***Ruling on Document 19: Protected under the common-interest doctrine.***

*Document 20:*

This is an email from a lawyer from Wilmer Hale to counsel for Boucher/ITC, asking for confirmation of factual information necessary for preparing the Securities statement. As with other emails of the same nature discussed above, this email is protected by the common-interest doctrine.

*Ruling on Document 20: Protected under the common-interest doctrine.*

*Document 21:*

This is another email from a Wilmer Hale lawyer to counsel for Boucher/ITC, asking for confirmation of factual information necessary for preparing the Securities statement. As with other emails of the same nature discussed above, this email is protected by the common-interest doctrine.

*Ruling on Document 21: Protected under the common-interest doctrine.*

*Documents 22 and 22.1:*

This is a Wilmer Hale lawyer asking counsel for ITC/Boucher, in two separate emails, for confirmation of information necessary for preparing the Securities statement. As with other emails of the same nature discussed above, these emails are protected by the common-interest doctrine.

*Ruling on Documents 22 and 22.1: Both are protected under the common-interest doctrine.*

*Document 23:*

This is the ITC/Boucher lawyer responding to the requests from the Wilmer Hale lawyer logged at #22. As with other emails of the same nature discussed above, this email is protected by the common-interest doctrine.

*Ruling on Document 23: Protected under the common-interest doctrine.*

*Document 24:*

This is an email from Sean Krieger, lawyer for ITC/Boucher, to a Wilmer Hale lawyer responding to a request for information necessary for preparing the Securities statement. As with other emails of the same nature discussed above, this emails is protected by the common-interest doctrine.

*Ruling on Document 24: Protected under the common-interest doctrine.*

*Documents 25 and 25.1:*

This is an email exchange between Sean Krieger and a Wilmer Hale lawyer, but it is different from the others in this log. This one is about access to documents. As discussed in the previous reports of the Special Master, document access was often a dicey issue because among the parties. Boucher and the Trustees required formal authorization to protect their interests. At the time of this email exchange — October 26, 2005 — access had not been granted. Indeed the email is about obtaining that access. But as no agreement had been reached, these emails are not protected by the common-interest doctrine.

*Ruling on Documents 25 and 25.1: Not protected.*

*Documents 26, 26.1 and 26.2:*

This is an email exchange between a Wilmer Hale lawyer and Sean Krieger, attorney for ITC/Boucher, with an attachment that is a draft Securities statement. As with other exchanges, the Wilmer Hale lawyer is seeking review of the draft by Boucher and her counsel to assure factual accuracy. For the reasons stated throughout this opinion, the emails are protected by the common-interest doctrine, while the attachment is subject to the rule on drafts.

*Ruling on Documents 26 through 26.2: Documents 26 and 26.1 are protected under the common-interest doctrine. Document 26.2 must be produced but information deleted from the final on advice of counsel may be redacted.*

*Documents 27 and 27.1:*

This is an email string, starting with an email from a lawyer at Wilmer Hale, forwarding an email he received from counsel to Michaels Stores. The lawyer is asking Sean Krieger for confirmation of factual information, and Sean Krieger replies. Unlike most of the other emails in this log, this particular email exchange is not about assisting Wyly counsel in preparing a securities document that will assist the Wylys and ITC/Boucher. Rather it is about assisting *Michaels Stores* in making a filing. The Wylys have not shown that there is a common interest existing between the Wylys, Michaels Stores, and ITC/Boucher. Accordingly, this email string is not protected by the common-interest doctrine.

*Ruling on Documents 27 and 27.1: Neither are protected.*

*II. Rulings on Documents in the Log for Communications Between Wilmer Hale and Trustees Counsel*

*Document 1:*

This is a chart prepared and sent by a Wilmer Hale lawyer to Paul Leder, counsel for the Trustees. The purpose is to seek review for factual accuracy. The previous opinion on communications with Trustees' counsel determined that

> [g]iven the breadth of the various investigations of the Wylys — all of them based on use of the offshore trusts — the Trustees, properly counseled would reasonably have been concerned about being swept up in the legal proceedings and subject to a legal complaint and possible legal liability.

The prior opinion concluded that the Wylys had met their burden of showing that the Trustees and the Wylys had agreed to pursue a common legal interest. That opinion, it is true, also indicated that the Trustees were concerned about — and held back on — document review at certain points in time. But the chart logged at #1 does not raise any concerns about review of documents held by the Trustees.

Accordingly, the chart is within the common-interest protection.

> *Ruling on Document 1*: *Protected under the common-interest doctrine.*

*Documents 2, 2.1 and 2.2:*

This is two emails with an attachment, the goal of the exchange being the same as most of the documents on the ITC/Boucher log. That is, the Wylys' lawyers are collecting information in response to the investigations and they seek factual confirmation — only this time it is from the Trustees' lawyer. But the principle is the same. There is a common interest in assisting the Wylys' lawyers in obtaining information in response to the investigations. Also, the attached chart is not part of any draft of an intended public document so it is not subject to the drafts rule.

> *Ruling on Documents 2 through 2.2: All are protected under the common-interest doctrine.*

## Order

The Wylys must promptly produce any of the logged documents found in the rulings above to be unprotected; and the Wylys must produce, in accordance with the rulings above, the drafts of public documents, though the Wylys may redact from those drafts any information deleted from the final on advice of counsel. All documents found protected may remain in the privilege log.

SO ORDERED:

_____
Daniel J. Capra
Special Master

Dated: New York, New York
       July 28, 2011

The clerk of the Court is directed to docket this Memorandum Opinion and Order of the Special Master. So ordered.

_____
Shira A. Scheindlin
USDJ
7/28/11