UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

SECURITIES AND EXCHANGE
COMMISSION, INC.,

               Plaintiff,                        10 Civ. 5760 (SAS)

              -against-

SAMUEL WYLY, CHARLES J. WYLY, JR.,
MICHAEL C. FRENCH, AND
LOUIS J. SCHAUFELE III,

               Defendants.

------------------------------------------------------------ x

## MEMORANDUM OPINION AND ORDER ON THE WYLYS REQUEST TO RECONSIDER CERTAIN PRIVILEGE RULINGS

**DANIEL J. CAPRA, SPECIAL MASTER:**

On July 26, 2011, the Special Master issued a memorandum opinion and order, which provided that certain documents in the privilege log provided by the Wylys were not protected by the attorney-client privilege, and that others were. In response to the Special Master's order, the Wylys have produced to the SEC the vast majority of documents found unprotected by the Special Master. Counsel for the Wylys have asked the Special Master to reconsider his rulings on eight logged documents. Counsel's request was sent to the SEC, and the SEC responded by email — including in its response its own related request for reconsideration of two documents held privileged. The Special Master has considered all of the arguments regarding the subject documents, and makes the following determinations:

### Documents 72, 129, 191 and 329:

The Special Master determined, in accordance with Judge Scheindlin's Order, that communications concerning the creation, operation, and use of a foreign trust are within the advice of counsel waiver. The Special Master found that the documents numbered 72, 129, 191 and 329

1

were within the advice of counsel waiver because they described transactions with "Tallulah." The Special Master was under the impression that the reference to "Tallulah" was to the Tallulah International Trust, an offshore trust. Counsel for the Wylys has informed the Special Master that the "Tallulah" appearing in documents numbered 72, 129, 191 and 329 is Tallulah Limited, which is a domestic Texas limited partnership.[1] Taking that assertion into consideration, the Special Master now finds that documents 72, 129, and 191 and 329 are not within the advice of counsel waiver and are protected by the privilege.

As to Document 72, the SEC argues that the document is not privileged in the first place because it was prepared by Keeley Hennington to advise Sam Wyly, thus no lawyer is explicitly involved. But it is crystal clear that the communications reflect the advice of counsel, received by Hennington as a necessary agent.

As to Document 329, the SEC argues that the undated notes had to be generated in the early 1990's (because sent to Jim Ryan, who represented the Wylys during that time) and that the domestic Tallulah was being used at that time as a stop-off point for assets going to foreign trusts. Maybe so, but if the privilege was waived as to every communication with a domestic trust that ended up doing a transaction with a foreign trust, then there would be no privilege at all. The Special Master finds that documents solely concerning transactions with purely domestic trusts do not sufficiently involve the creation and operation of foreign trusts to be within the scope of the advice of counsel waiver under Judge Scheindlin's order.

***Ruling on reconsideration of Documents 72, 129, 191 and 329: All are protected by the privilege.***

### Documents 132, 202 and 211:

The Special Master ruled that each of these documents was within the advice of counsel waiver because each concerned matters pertaining to the foreign trusts. Counsel for the Wylys do not contest the Special Master's conclusion that each document pertains to foreign trusts, but they argue that these documents concern internal discussions among attorneys and necessary agents in response to the commencement, in late 2004, of the coordinated investigations by the District Attorney of New York and the SEC (e.g., the "Bank of America development" referenced in document 202, which involved subpoenas from the District Attorney of New York).

The Special Master has reviewed these three documents again. They are cryptic, as many

---

[1] The Special Master notes that one of the major difficulties in reviewing the logged documents was in trying to determine which entities were foreign and which domestic. A cryptic reference to a name of an entity in an email makes for a difficult enquiry.

emails and handwritten notes tend to be. Nonetheless, in light of the explanation provided by counsel, the Special Master conclude that these documents do in fact reflect attorney-client communications in response to official investigations, in late 2004, of the Wylys' use of foreign trusts. As a result, these documents do not come within the advice of counsel waiver, because Judge Scheindlin stated in her Order at 2-3 that the Wylys "could not have relied on advice given in 2004 and thereafter for actions taken prior to 2004, and therefore have *not* waived privilege as to any legal advice received after the commencement of the SEC's investigation in 2004." (Emphasis in the original; internal quotes deleted).

The SEC argues that the SEC did not make contact with the Wylys until well into 2005 and that the terms of Judge Scheindlin's Order end the advice of counsel waiver "after the commencement of the SEC's investigation . . ." But the specific reference to the SEC in the Order cannot be taken as a literal line-drawing, because it is well-established that a number of investigations were occurring in late 2004.[2] There is no question from the documents that they were prepared in response to investigations conducted by the Manhattan D.A. and the Justice Department; that the Wylys and their necessary agents knew about the investigations and communicated with counsel in order to respond to those investigations; and that the communications in the documents were intended to be confidential.

***Ruling on reconsideration of Documents 132, 202 and 211: All are protected by the privilege.***


***Document 148 (and Documents 149 and 149.1):***

The Special Master ordered production of Document 148 because it was a communication about the operation of the offshore system. Again counsel for the Wylys do not disagree with that proposition They state, however, that the email exchange concerns the Computer Associates litigation in 2004. In evaluating Documents 149 and 149.1, the Special Master upheld the privilege claim for communications involving Computer Associates litigation in 2004, under the following reasoning:

> Judge Scheindlin in her order stated that the advice of counsel waiver included "the Wylys' assertion of privilege over communications with attorneys regarding a potential assertion of ownership of shares held in offshore trusts during proxy contests in 2001, 2002 and 2003 involving Computer Associates." But this email and attachment were not prepared attendant to those proxy contexts. Rather they were prepared and sent to the lawyer in response to litigation in 2004. And they were sent by a necessary agent, facilitating the communications

---

[2] At any rate, under the terms of the Order the trigger date cannot be 2005 as the Order specifically refers to 2004.

3

between client and counsel. As such, these documents are privileged and not subject to advice of counsel waiver.

Opinion and Order dated July 26, 2011 at 45.

Counsel for the Wylys contend that the same rationale applies to Document 148 because it involved the Computer Associates litigation occurring in 2004. The Special Master has reviewed the document again. It is cryptic, it does not on its face say anything about the Computer Associates ligitation. But in light of the explanation of that document given by counsel for the Wylys, as well as the date of the document, the Special Master concludes that the document should be treated the same as Documents 149 and 149.1.

That does not end the matter, however, because the SEC argues that although Judge Scheindlin's order referenced only Computer Associates litigation in 2001, 2002 and 2003, in fact some of the Computer Associates litigation for those years extended into 2004.[3] Judge Scheindlin's reasoning for including Computer Associates litigation within the advice of counsel waiver was that there are allegations that the Wylys considered placing Computer Associates shares held by foreign trusts as their own in connection with the litigation. So in response to the Wylys' request to reconsider Document 148, the SEC asks reconsideration of Documents 149 and 149.1.

As there is no substantive difference between Computer Associates litigation in "2001, 2002, and 2003" and the litigation that extended into 2004, there is no reason to read Judge Scheindlin's order as being limited to those years. Therefore the Special Master, on reconsideration: 1) adheres to the ruling that Document 148 is not protected as it is within the advice of counsel waiver; and 2) finds that Documents 149 and 149.1 are *not* protected as they involve foreign trusts and are outside the advice of counsel waiver because they concern Computer Associates litigation that began sometime in 2001-3 and extended into 2004.

***Ruling on reconsideration of Document 148: no change, not protected.***

***Ruling on reconsideration of Documents 149 and 149.1: Neither are protected; both are subject to the advice of counsel waiver involving the Computer Associates litigation.***

---

[3] The Special Master was not aware of this fact upon initial review of the documents.

## Order

1. The Special Master's Order dated July 26, 2011 is modified to provide that the following documents in the Wyly log are protected by the privilege and need not be produced:

Documents 72, 129, 132, 191, 202, 211, and 329.

2. The Special Master's Order dated July 26, 2011 is modified to provide that Documents 149 and 149.1 are not protected as they are within the advice of counsel waiver. Accordingly the Wylys must produce those documents.

SO ORDERED:

Daniel J. Capra
Special Master

Dated: August 17, 2011
New York, New York

The clerk of the Court is directed to docket this Memorandum opinion and Order of the Special Master. So ordered.

Shira A. Scheindlin
U.S.D.J.
8/17/11