

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
DIVISION OF ENFORCEMENT
100 F. Street, N.E.
WASHINGTON, D.C. 20549-4010

October 1, 2013

John D. Worland, Jr.
Direct Dial (202) 551-4438

**Via Fax and Email Transmission**

The Honorable Shira A. Scheindlin
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1620
New York, New York 10007-1312
Fax: (212) 805-7920

    Re:    *SEC v. Wyly, et al.* 1:10-cv-5760

Dear Judge Scheindlin:

    Pursuant to the Court's Post-Fact Discovery Scheduling Order (ECF No. 196), the Securities and Exchange Commission ("SEC") intends to submit the following non-expert motions *in limine*:

    1.    <u>Preclude defendants from offering evidence or argument at trial that suggests or implies that they and/ or their employees or agents relied on advice of counsel, unless defendants are able to show that they satisfy the elements of the defense.</u>[1] Defendants moved for summary judgment on the basis that they lacked the requisite "intent to deceive, manipulate, or defraud" by asserting that they "delegated responsibility over the filing process to family employees . . . [who] . . . in turn, relied on experienced securities law counsel, from two separate and sophisticated law firms, for compliance advice." (ECF No. 138, p. 38) In denying their motion, the Court held that "Defendants have not established any of the elements of the advice of counsel defense" and specifically held there is no evidence that defendants "were explicitly advised that they were not beneficial owners of securities held by the Offshore Trusts." ECF No. 190 at 39 (*SEC v. Wyly*, --- F.Supp.2d ----, 2013 WL 2450545, at *11-12 (S.D.N.Y. June 6,

---

[1] The "reliance on advice of counsel" defense is unavailable with respect to § 5 Securities Act claims. *SEC v. CMKM Diamonds, Inc.*, --- F.3d ----, 2013 WL 4793215, at *10 n.6 (9th Cir. Sept. 10, 2013). The same should hold true for claims under §§ 13, 14 and 16 of the Exchange Act, since they, too, do not require a showing of scienter. *See SEC v. McNulty*, 137 F.3d 732, 740-41 (2nd Cir. 1998)(affirming that defendant's lack of scienter was not a defense to claims under § 13 since scienter is not an element); *SEC v. Das*, 723 F.3d 943, 953-54 (2nd Cir. 2013)("[s]cienter is not a required element of a claim brought under section 14(a) or Rule 14a–9 against a corporation's officer"); *SEC v. Verdiramo*, 890 F.Supp.2d 257, 274 n.14 (S.D.N.Y. 2011) ("neither Section 13(d) nor Section 16(a) 'require[s] a showing of scienter to establish liability'").

The Honorable Shira A. Scheindlin
October 1, 2013
Page 2

2013)). Nothing has changed since the Court's ruling. There is no evidence of record that the Wylys or their surrogates ever sought the advice of counsel on the central issue of this case: whether the facts and circumstances of the Wylys' operation of their offshore trusts made them beneficial owners of the trusts' assets, requiring SEC disclosure. Based on the approach taken by the defense during depositions, plaintiff anticipates that at trial, beginning with their openings, defense counsel will place great emphasis on the cadre of lawyers the Wylys retained, and stress that these lawyers were involved in preparing and filing SEC forms. We anticipate that most of the Wyly family surrogates will testify, if permitted by the Court, to their assumptions about various lawyers and those lawyers' interactions with the Wylys. None will testify that the Wylys sought directly, or through them, advice on the central issue of this case: control and beneficial ownership.

The defendants cannot establish any of the elements required to negate scienter based on advice of counsel. They should not be permitted to mislead and confuse the jury and unfairly prejudice the SEC's case by presenting evidence or argument that does not relate to a viable defense. Specifically, the Wylys should be precluded from introducing evidence or argument that they paid significant amounts in legal fees, or that the Wylys assumed or believed that the lawyers who prepared and/or filed their Schedule 13Ds, Form 4s and 144(k) opinions, as well as the public corporations' 10-Ks, proxy statements, and registration statements, had attested to the accuracy of such documents. Nor should they be permitted to argue that those attorneys blessed the "facts and circumstances" of the Wylys' involvement with the trust assets. The mere fact that the defendants or their companies retained lawyers in connection with SEC filings has no probative value and will be unduly prejudicial to plaintiff. Statements by counsel in opening addresses and general testimony by Wyly family surrogates about their "assumptions" regarding the advice of counsel will mislead and confuse the jury. This possibility of confusion will soar if defense counsel are permitted to argue that the mere presence of lawyers in the SEC filing process constitutes a reliance defense. The defendants should not be permitted to slip in through the back door what they cannot fit through the front.

Indeed, the actual advice that the Wylys received from counsel helps establish their scienter and the violations. The SEC will present evidence that the Wylys were informed by several attorneys of the type of conduct that would constitute beneficial ownership. The defendants ignored that advice when they exercised control over the assets held in the overseas trusts, without acknowledging their beneficial ownership of those securities in their SEC filings. Thus, the Wylys' assertions of reliance on counsel bypass the *actual* advice they received, and instead put the onus on various lawyers to have anticipated their illegal behavior, and to have somehow prevented it. In fact, none of the lawyers cited by defendants in their summary judgment papers actually knew of the facts surrounding the operation of the trusts, and have so testified. In short, there is no basis for defendants to assert reliance on lawyers' advice.

The Honorable Shira A. Scheindlin
October 1, 2013
Page 3

      2.    <u>Preclude defendants from offering evidence or argument at trial that they (i) complied with applicable United States, Isle of Man or Cayman Island tax or trust laws, or (ii) are paying or have paid taxes related to income from, or transactions involving, their Offshore System.</u>  It is irrelevant for purposes of the liability phase of this action whether the defendants properly established trusts and trust-held entities in the Isle of Man, whether they complied with U.S. or any other jurisdiction's tax or trust laws, or whether they have paid or are paying taxes related to their establishment and use of the Offshore System.  The only relevant issue is whether the defendants complied with the U.S. securities laws.  Evidence regarding purported compliance with U.S. or foreign trust law or tax law or payment of taxes has no bearing on whether the defendants committed any of the securities violations at issue in this case, or on whether they possessed the requisite scienter to commit such violations.  Rather, like the reliance on counsel evidence, such evidence would be unduly prejudicial as it is intended solely to mislead the jury into thinking that the defendants must have believed they were in compliance with or intended to comply with U.S. securities laws.

      3.    <u>Admit statements made by the defendants' employees and agents, pursuant to Rule 801(d)(2)(D) of the Federal Rules of Evidence.</u>  Statements made by the Wylys' employees and agents that relate to the creation or operation of the Wylys' Offshore System should be admissible under F.R.E. 801(d)(2)(D) because such statements were made during the course of their relationship with the Wylys and relate to a matter within the scope of their agency.

      4.    <u>Permit the SEC to ask leading questions of adverse parties or witnesses identified with an adverse party, even if called by the SEC in its case-in-chief, pursuant to Fed.R.Evid. 611(c)(2).</u>  Specifically, the SEC seeks permission to ask leading questions of:  Sam Wyly, Michael French, Louis Schaufele, Sharyl Robertson, Michelle Boucher, Keeley Hennington, Evan Wyly, Donald Miller, Jr., and Michelle Crittenden (defendant Schaufele's former assistant), each of whom is either an adverse party or identified with an adverse party.

      5.    <u>Accept as authentic all documents produced in discovery in this action.</u>  All documents produced by defendants and third parties in discovery in this action were initially provided to the SEC in response to legally enforceable subpoenas or document requests.  As the subpoenas and document requests provided for civil and criminal penalties for knowingly making or producing any false documents, all documents produced by the parties should be held presumptively authentic unless a party comes forth with compelling evidence that a document is not authentic.  A presumption of authenticity is particularly appropriate here where none of the parties have previously questioned the authenticity of any of the documents produced in discovery and both the SEC and defendants have freely used as deposition exhibits documents produced by many of the third parties, including but not limited to documents produced by the parties, each of the Isle of Man trustees, Irish Trust, Lehman Brothers, Michaels Stores, Bank of America, Jones Day, and Jackson Walker.

The Honorable Shira A. Scheindlin
October 1, 2013
Page 4

                                              Respectfully submitted,

                                              John D. Worland, Jr.

cc:    All defense counsel via e-mail.