

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
100 F Street, N.E.
Washington, D.C. 20549-5977

DIVISION OF
ENFORCEMENT

February 13, 2014

VIA ECF

The Honorable Shira A. Scheindlin
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1620
New York, New York 10007-1312

Re:   *SEC v. Wyly, et al*. 1:10-cv-5760

Dear Judge Scheindlin:

During the pre-trial conference last Tuesday, February 4, the Court determined that the SEC is entitled to a jury trial. Defendants, however, now want two trials – a bench trial and a jury trial - arguing that "[t]rying the insider trading claim to the bench separately will significantly narrow the issues and evidence put before the jury."

Defendants are wrong. As this Court knows, to establish the defendants' fraudulent scheme the SEC must show that the Wylys controlled their Isle of Man trusts. Evidence of the insider trading claims is also evidence of the Wylys' control over their offshore trusts. For example, Defendant Sam Wyly's son and Wyly employees negotiated the terms of the equity swap agreement – the inside trade – with Lehman Brothers. These negotiations took place after defendants Sam and Charles Wyly decided to sell Sterling Software. The Isle of Man trusts then entered into the precise transactions negotiated by the Wylys without challenging or re-negotiating any terms. This is evidence of control that the SEC will seek to introduce in proving all of its scheme claims.

Likewise, evidence of the fraudulent scheme is relevant to the insider trading claims. The defendants used their trusts to conceal their involvement in an equity swap that was tantamount to a $40 million bet that the price of Sterling Software – the company Sam and Charles Wyly had already decided to sell – would increase. The fact that Sam and Charles Wyly did not simply purchase additional shares of Sterling Software domestically but chose to transact through their offshore system – with no disclosure – is crucial evidence of their scienter with respect to the insider trading claims. Consequently, the SEC will seek to introduce evidence of the offshore system and the secrecy that permeated its operations in proving its insider trading claims. The claims set forth in the SEC's Complaint are so intertwined that litigating the claims separately to different fact finders would not significantly narrow the issues and evidence put before a jury.

Hon. Shira A. Scheindlin
Re:  SEC Response to Feb. 12 Defense Letter
February 13, 2014
Page 2

Instead, the result would be a needless expense, consumption of time, and duplication of effort for all concerned, notably the Court and witnesses.[1]

      There is no reason to bifurcate this case on the eve of trial – a fact the Wylys implicitly recognized when they demanded a jury trial on all claims asserted against them in the Complaint. ECF No. 58 (Sam Wyly's Answer) at p. 30; ECF No. 59 (Charles Wyly's Answer) at p. 30. Defendant Donald Miller knew all facts necessary to pursue a motion to strike since January of 2012 when he replaced Charles Wyly as a defendant (ECF No. 89).  Similarly, defendant Sam Wyly knew all necessary facts since the Court's statute of limitations ruling in June of 2013 (ECF No.190).  Yet both waited until the eve of trial to pursue the idea of striking the SEC's jury demand.[2]  Both seek a ruling on this issue *in the midst* of exchanging exhibit lists, witness lists, and deposition designation.   The SEC would be left with little time to adapt to eve-of-trial changes.  Moreover, the timing and manner in which defendants raise their jury issue suggests that their goal is to exclude insider trading evidence from a jury by splitting the case in  two, which looks more like an *in limine* motion that should have been identified and briefed last October, pursuant to this Court's Post-Fact Discovery Scheduling Order (ECF No. 196).

      The SEC does not believe that a pre-motion conference is necessary since the issue was discussed at the pre-trial conference last Tuesday.  If the Court is inclined to consider a defense motion to strike, the SEC respectfully recommends that a briefing schedule be entered. Currently, the federal government in Washington, D.C., including the SEC, is closed due to a massive storm moving up the East Coast.  There is snow and it is possible that tomorrow the federal government will also be closed in the Washington, D.C., area, and Monday, February 17, is a federal holiday.   The SEC respectfully requests that, if necessary, any briefing schedule accommodate the logistical difficulties SEC may face over the next few days.  Moreover, if the Court decides not to cancel the pre-motion hearing (currently set for February 19), the SEC respectfully requests the Court's permission to appear telephonically.

---

[1] Moreover, defendants considerably overstate the complexity of the insider trading claim. Defendants point out that the SEC will have an expert explain what an equity swap is.  But that does not make the insider trading claim difficult.  The only seriously disputed issue for the jury will be materiality, and that is a judgment call that the jury is well equipped to make.

[2] Defendants stated that their desire for a bench trial stemmed from their clients health concerns. However, the Court noted that such concerns would be accommodated regardless of whether the facts were litigated to a jury or a judge.  Moreover, in October and November 2012, the SEC agreed to depose Sam Wyly over a period of several days in order to accommodate similar health concerns.

Hon. Shira A. Scheindlin
Re:  SEC Response to Feb. 12 Defense Letter
February 13, 2014
Page 3

                                      Respectfully submitted,

                                      /s/ *Gregory N. Miller*_____
                                      Gregory Miller (GM-5922)
                                      Counsel for Plaintiff
                                      Securities & Exchange Commission
                                      (202) 551-4469
                                      millergn@sec.gov

cc via e-mail and ECF: All counsel of record