

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
100 F Street, N.E.
Washington, D.C. 20549-5977

DIVISION OF
ENFORCEMENT

April 4, 2014

<u>Via ECF</u>
The Honorable Shira A. Scheindlin
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1620
New York, NY 10007-1312

    Re:    *SEC v. Wyly, et al.*, 1:10-cv-5760

Dear Judge Scheindlin:

    The Court has previously held that neither side can present evidence of the legality or illegality of the tax treatment of the Isle of Man Trusts.  On March 24, 2014, the Court reaffirmed its position that "neither party can mention tax compliance or tax violations." *See* March 24, 2014 Hearing Transcript at 46-47.  However, the defense opening argument yesterday affirmatively argued to the jury that the Wylys believed in good faith that the tax benefits and the offshore trust system were not only lawful, but that they received no advice to the contrary. Moreover, with respect to defendants' prior counsel, Michael French, the defense affirmatively stated the following in its opening statement:

> Yet there is no evidence that [French] ever told the Wylys you can't do this, you're violating the law, the law requires that you stop this or you do something.  Not a shred of evidence that that ever happened.

*See* April 3, 2014 Transcript at 126.  The crux of their defense, therefore, is good faith reliance on the advice (or silence) of counsel. This claim is directly rebutted by specific statements contained in the Admissions of Michael French that were an Annex to the Consent publicly filed with this Court.

    As set forth in those admissions, the SEC has evidence that Mr. French told Sam Wyly that Mr. Tedder's tax opinion was aggressive and that the Jackson Walker firm would not be willing to issue a similar opinion.  *See* ¶ 10, Consent of Michael French, ECF 279-1.  He also told Sam Wyly that the Trusts were risky on several occasions.  *Id.* ¶¶ 57, 76.  The SEC sought to introduce this evidence, but the Court was "reluctant" unless "suddenly both sides are putting in tax information."  March 24, 2014 Hearing Tr. at 53.  The defense has now placed the legality of the tax and trusts into the case and suggested that this Court has endorsed the legality. The SEC respectfully requests the ability to rebut the argument that the Wylys acted in good faith and

The Honorable Shira A. Scheindlin
Re: Pre-trial hearing
March 20, 2014
Page 2

relied on an army of lawyers. The defense should not be permitted to tell half the story, use that half to argue good faith, and then prevent the SEC from telling the complete story in rebuttal.

During the defense opening, Mr. Susman said, "Sam got the idea for using these offshore trusts by attending a seminar put on by this guy named Tedder, a lawyer, a lawyer who represented people of means and who was a specialist in how you could **lawfully** use offshore trusts and **lawfully** obtain the tax benefits from them." April 3, 2014 Tr. at 105. This was almost immediately followed by "It was all about asset protection, which is lawful, and tax planning, **which the judge said is certainly lawful**." *Id*. at 106. Mr. Susman clearly blends the legality of trusts with the legality of tax benefits and, in so doing, creates a distorted view of the case. While the SEC is prevented from introducing evidence that suggests the Wylys were told that there was risk in their use of offshore trusts, Mr. Susman has not only told the jury that the Wylys' use of the offshore trusts and their tax treatment was lawful, but also that the Court had endorsed this view.

Mr. Susman's opening statement mischaracterized the Court's preliminary instructions when he stated "as Judge Scheindlin explained to you on Tuesday, and I'm quoting from what she instructed you, 'Trusts are often established and used with an eye towards reducing, eliminating or delaying tax liability, and there are lawful ways to employ foreign trusts to eliminate, reduce or delay tax liability.'" *Id.* at 97. But this Court's preliminary instruction was not so one-sided, instructing that there are "both lawful **and unlawful** ways" to employ foreign trusts, and instructing the jury that it will not be asked to decide the propriety of the tax treatment used by the trusts. April 1, 2014 Tr. at 17-18. The instruction as given was balanced and neutral. The selective quote used by the defendants was not.[1]

During the opening statement, the defense placed the Wylys' good faith at issue and repeatedly pointed to their reliance on lawyers, following their advice, and never receiving advice that questioned the legality of the tax treatment of the offshore trust:

- the Wylys' lawyers "were not saying, well, wait a second, the language won't cut it, you've got to do something else." April 3, 2014 Tr. at 101.
- "There is not one shred of evidence. . . that the Wylys were ever told by their lawyers, file this, disclose this, and the Wylys refused to follow it. Never. That sounds like good faith to me, not bad faith. Bad faith is if the lawyers tell you to do something and then you didn't do it." *Id.* at 103.
- "You are going to see a lot of paper between the lawyers that never got to the Wylys saying, well, maybe we should do this or maybe the SEC could argue this. . . But none of that ever got to the Wylys. The Wylys dealt with Mr. French." *Id.* at 119
- the Wylys were "law-abiding citizens." *Id.* at 132.

---

[1] This Court's preliminary instruction was based on the one proposed by the SEC. The defense, on the other hand, proposed a one-sided instruction, much like the way in which it was phrased in the opening, emphasizing the legality of using trusts to reduce or eliminate tax liability. This Court rejected the defense's proposed instruction.

The Honorable Shira A. Scheindlin
Re:  Pre-trial hearing
March 20, 2014
Page 3

In light of these statements, the jury may very well believe that there is no question that the Wylys received, and relied in good faith on, advice from lawyers that the trusts and tax treatment were legal.  The jury may also be confused into believing that this Court has endorsed the legality of the tax benefits derived by the offshore trusts.

      The SEC respectfully requests the ability to refute Mr. Susman's statements by showing the jury evidence that (i) the defendants received advice from Mr. French that his law firm, Jackson Walker, thought Tedder's tax opinion was "aggressive" and would not provide such an opinion; (ii) the defendants learned that Tedder had been convicted of a felony; (iii) Sam Wyly received advice from Mr. French that he could not purchase personal items and then send the bills to the Isle of Man Trusts to be paid because such conduct could "blow up the tax treatment of the trusts;"  and (iv) Sam and Charles Wyly received advice that their tax treatment of the offshore trusts was too aggressive.  The SEC does not seek to prove the truth of any of this legal advice, but rather, that such advice was given and communicated to the Wylys to rebut their claim of good faith and adherence to lawyer advice.

      Respectfully submitted,

      -S-

      Bridget Fitzpatrick
      Counsel for Plaintiff
      U.S. Securities and Exchange Commission
      Telephone:  (202) 551-4678
      Facsimile:  (202) 772-9292
      E-mail:     FitzpatrickBr@sec.gov

cc:  Counsel of record via email