

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
DIVISION OF ENFORCEMENT
100 F. Street, N.E.
WASHINGTON, D.C. 20549-5041

May 3, 2014

**Via ECF and Email**

The Honorable Shira A. Scheindlin
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1620
New York, NY  10007-1312

      Re:    *SEC v. Wyly, et al.*, 1:10-cv-5760

Dear Judge Scheindlin,

      We write in response to defendants' May 2, 2014, letter regarding the Court's instruction regarding "Advice of Lawyers."  *See* ECF 316.  We initially set forth our arguments for why such an instruction is proper in our objection to defendants' proposed instructions.  ECF 312 at 17-19.  In this letter, we emphasize two additional points.

      First, the instruction is proper even though defendants purport not to be formally invoking the advice of counsel defense.  Second, the court's instruction accurately states the law.

**1.   The instruction is proper even though defendants claim that they are not formally invoking the advice of counsel defense.**

      As the Court's instruction states, the Advice of Lawyers instruction provides the jury "guidance about how to evaluate" evidence that "both sides" have elicited about "the advice and involvement of lawyers throughout the relevant time period."  Defendants argue that the instruction is inconsistent with the Court's "pretrial ruling that lawyer advice is relevant to good faith even if it doesn't establish a reliance on counsel defense."  ECF 316 at 1.  But that ruling plainly did not preclude the Court from providing the jury with guidance for evaluating the ample evidence regarding lawyers that has been elicited here.

1

Indeed, the Seventh Circuit—which defendants cite as a model, *see generally* ECF 316—has expressly rejected the argument that defendants are making here. *See United States v. Joshua*, 648 F.3d 547 (7th Cir. 2011). In *Joshua*, the defendants in a mail fraud action asserted that an advice-of-counsel instruction was improper because "they were not relying on an advice-of-counsel defense at all." *Id.* at 554. Instead, defendants contended that they were using the testimony of the attorney who gave them legal advice "in an effort to show that they acted in good faith and thus not with intent to defraud." *Id.* The Seventh Circuit rejected defendants' argument, ruling that defendants' good faith theory was "exactly what the advice-of-counsel defense does." *Id.* Therefore, it was proper for the district court to give the advice-of-counsel instruction to assist the jury in evaluating the lawyer's testimony. *Id.* at 555.

Defendants' arguments—and the procedural posture here—are indistinguishable from the defense arguments in *Joshua*. As in *Joshua*, this Court has recognized that even where evidence of lawyers' involvement may be relevant to good faith, that is no bar to the granting of an instruction. *See* Joint Brief for the Defendant/Appellants, 10-2140, 10-2182, 10-2181 (7th Cir. Aug. 24, 2010), available at 2010 WL 4622050, at *18 (noting that "the district court initially expressed the view that [the attorney's] testimony had been admitted as relevant to the defense of good faith"). And, as in *Joshua*, it is proper to give the instruction even though defendants are objecting to it. *See id.* (stating that the instruction was included "over Appellants' objection"). Finally, although defendants claim that they are merely arguing that involvement of lawyers is evidence of their good faith, their "own characterization" of their arguments shows that in fact they are "relying precisely on the advice-of-counsel defense" as that term is articulated in the case law. *Joshua*, 648 F.3d at 555. Therefore, as in *Joshua*, the instruction is proper. *See also United States v. Cheek*, 3 F.3d 1057, 1063 (7th Cir. 1993) (a district court does not commit error "by instructing the jury as to the actual state of the law").

## 2. The Court's instruction accurately states the law.

We believe that the Court's instruction accurately states Second Circuit law, but we suggest one modification regarding disinterestedness of the lawyer, as set forth below.

The defense refers this Court to the pattern jury instruction used in the Seventh Circuit in criminal cases, arguing that it is a useful model. We disagree with defendants' suggestion that using out-of-circuit pattern instructions is "the better practice." ECF 316 at 2. The best practice is to follow binding law within the Circuit. Here, the relevant law is the Second Circuit's articulation of the reliance on advice-of-counsel principle in *Markowski v. SEC*, 34 F.3d 99, 105 (2d Cir. 1994):

(1) Whether  the party made complete disclosure to counsel,
(2) sought advice as to the legality of his conduct,
(3) received advice that his conduct was legal, and
(4) relied on that advice in good faith.

2

*See also U.S. v. Beech-Nut Nutrition Corp.*, 871 F.2d 1181, 1194 (2d Cir. 1989) (the "thrust" of the reliance on advice of counsel defense is "that the defendant, on the basis of counsel's advice, believed his conduct to be lawful and thus could not be found to have had unlawful intent."). In light of the clarity of the law in this Circuit, there is no reason to look to pattern jury instructions from outside this Circuit.

More important, the Seventh Circuit pattern instruction differs from Second Circuit law. Crucially, whether the defendant "received advice that his conduct was legal" is nowhere stated in the Seventh Circuit pattern instruction. That is the precise element at issue in this case. Despite defendants' repeated references to "advice of counsel" and "army of lawyers," a jury may conclude that the defendants never affirmatively sought an opinion about their conduct or legal status, such as whether they were beneficial owners of securities held in the offshore system, and never received advice that their conduct was lawful. This speaks directly to the question of the defendants' good faith. The SEC recommends including the *Markowski* articulation in the jury instructions.

The SEC further disagrees with defendants' argument that the Court's proposed instruction misstates the law on the issue of disinterested counsel. Defendants argue that the relevant issue is "whether the defendant *could reasonably and in good faith have believed* the lawyer's advice was reliable," not simply "whether the attorney was in fact disinterested and independent." ECF 316 at 2 (emphasis added). But this Court's proposed instruction states exactly that: "you may consider *whether he reasonably believed* that his lawyer was in a position to give objective and impartial advice."

To the extent that defendants object to the further statement that the lawyer "must" be disinterested and independent, we propose modifying the first full sentence on page 30 to state that "you may consider whether the lawyer on whom the defendants claim to rely was disinterested and independent."

Finally, contrary to defendants' arguments, nothing in the instruction as stated precludes the defendants from making their case to the jury. For example, defendants criticize the statement in *SEC v. Savoy Indus. Inc.*, 665 F.2d 1310, 1314 n.28 (D.C. Cir. 1981), that "[c]ompliance with federal securities laws cannot be avoided simply by retaining outside counsel to prepare required documents." ECF 316 at 3. But nothing in that statement, which has been cited with approval in this Circuit, *see SEC v. Enterprises Solutions, Inc.*, 142 F. Supp. 2d 561, 576 (S.D.N.Y. 2001), directs the jury to disregard defendants' defense. Rather, the instruction leaves defendants free to argue to the jury that "the lawyers [in this case] did more than merely prepare required documents." ECF 316 at 3.

Respectfully submitted,

____/s/_____
Bridget Fitzpatrick
Counsel for Plaintiff
U.S. Securities and Exchange Commission
Telephone:  (202) 551-4678
Facsimile:   (202) 772-9292
E-mail:      FitzpatrickBr@sec.gov

cc:  Counsel of record via email