

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
DIVISION OF ENFORCEMENT
100 F. Street, N.E.
WASHINGTON, D.C. 20549-5041

May 5, 2014

**Via ECF**

The Honorable Shira A. Scheindlin
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1620
New York, NY  10007-1312

Re:     *SEC v. Wyly, et al.*, 1:10-cv-5760 (SAS)

Dear Judge Scheindlin,

On May 2, 2014, at the close of defendants' case, the Court asked the SEC to consider whether it would still have a viable insider trader claim should the jury return a verdict that indicates that it had not found that the Wylys controlled the Isle of Man Trusts.  We have considered the Court's question and believe that even if the jury were to return such a verdict, the SEC would still have a viable insider trading claim against the Wylys.

1. **Defendants have had ample notice of the insider trading claim, and the label put on the insider trading theory is irrelevant.**

The SEC's insider trading allegations set forth in its complaint, and the Joint Pre-Trial Order (JPTO), ECF No. 270, properly sets forth violations of Section 10(b).  The SEC has consistently maintained from the beginning that the Wylys violated Section 10(b) because they recommended a massive swap transaction to the IOM trustees at a time when they were aware of materially nonpublic information about the company, namely, that the Wylys had determined to sell Sterling Software.

The defense objects that the SEC has not pled tipper-tippee liability.  They contend that the defense would be prejudiced if the SEC were permitted to proceed on that theory if the jury finds against the SEC on its fraud and reporting claims.  This is wrong for two reasons.

The Honorable Shira A. Scheindlin
Re:  *SEC v. Wyly, et al.*, 1:10-cv-5760 (SAS)
Page 2

First, under liberal pleading practices in the federal courts, the SEC was not required to articulate any theory of liability for insider trading. Complaints allege claims and facts, not legal theories. Here, there can be no serious dispute that the SEC's complaint put defendants on clear notice regarding the conduct that the SEC alleged was unlawful. That was more than sufficient in a notice pleading regime. *See generally Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).

Second, defendants' argument rests on a mistaken premise. "Control" is not an element of an insider trading claim regardless whether that claim is described as a "tipper-tippee" action or a garden variety Section 10(b) claim. What makes the Wylys' conduct in relation to the swap unlawful is that the Wylys, as high-level insiders, used material non-public information for their personal gain in breach of a duty of trust and confidence they owed to their shareholders. *Dirks v. SEC*, 463 U.S. 646, 674 (1983). Because "[p]ersonal gain is not an element of the breach of this duty," *id.*, it does not matter whether the Wylys traded themselves. Indeed, at the motion to dismiss stage, this Court recognized that there is little, if any, daylight between the tipper-tippee theories and a theory that the Wylys traded themselves. *See SEC v. Wyly*, 788 F. Supp. 2d 92, 122 & n.201 (S.D.N.Y. 2011). Regardless of the label, a finding of liability would ensure that a corporate insider be prevented from "taking unfair advantage of uninformed stockholders." *Id.* at 121 (internal quotation marks omitted).

2. **Even if a tipper-tippee theory is substantively different from what the SEC has alleged, the SEC should be permitted to amend its complaint to conform to the evidence under Rule 15(b)(2).**

If the Court nonetheless believes that the SEC's theory is not encompassed by our complaint, we respectfully request that the Court grant leave to amend the complaint to conform to the evidence under Fed. R. Civ. P 15(b)(2). The Second Circuit has held that leave should be freely granted under that provision. *DiMare Homestead, Inc. v. Alphas Co. of New York, Inc.*, 547 F. App'x 68, 69 (2d Cir. 2013). In opposing an amendment under Rule 15(b), a party "cannot normally show that it suffered prejudice simply because of a change in its opponent's legal theory. Instead, a party's failure to plead an issue it later presented must have disadvantaged its opponent in presenting its case." *Id.* (quotation marks omitted); *see also SEC v. Diversified Corp. Consulting Gr.*, 378 F.3d 1219, 1228 (11th Cir. 2004) (affirming district court's decision to amend complaint); *cf. United States v. Banki*, 685 F.3d 99, 118 (2d Cir. 2012) (even in criminal cases, the Second Circuit has "consistently permitted significant flexibility in proof, provided that the defendant was given *notice* of the *core* of criminality to be proven at trial") (internal quotation marks omitted).

An amendment here would not cause any prejudice to the defendants. Even if the Court concludes that a no-liability verdict on the jury-triable issues would mean that the SEC's general insider trading claim must be characterized as a tipper-tippee insider trading claim, which would not change how defendants tried this case.

The Honorable Shira A. Scheindlin
Re:  *SEC v. Wyly, et al.*, 1:10-cv-5760 (SAS)
Page 3

Moreover, the actual trial of the insider trading claim has not even begun yet. Defendants sought and were allowed to have a bench trial on the insider trading claim, following the jury trial on the other claims.  The bench trial has not even started, so even if the defense had additional or different evidence regarding a tipper-tippee theory, they still would have an opportunity to present that evidence.

### 3. Tipper Liability Does Not Require Informing the Tippee of the Actual Material Non-Public Information

Defendants assert that a tipper action would be barred here because the Wylys gave the trustees recommendations to trade, but did not provide them any information.  ECF 303 at 6 n. 4.  That argument fails as a legal matter because a tipper can be held liable even if "the tippee did not and should not have known that the information was conveyed in breach of the tipper's fiduciary duty, or because he was not joined as a defendant in the action."  *SEC v. Tome*, 638 F. Supp. 596, 617 n.40 (S.D.N.Y. 1986); *see also United States v. Caronia*, 703 F.3d 149, 175 n.5 (2d Cir. 2012) ("An insider who is privy to an impending corporate merger is prohibited from telling a friend that one of those companies is a good buy—even if that statement is truthful and even if the friend (who does not realize that she has just been made privy to material nonpublic information) may legally buy stock in that company.").

And even if defendants' theory were correct, it would not have altered the presentation of this case—they still would have argued that the Wylys did not possess material, nonpublic information.  Moreover, allowing an amendment would not change the amount of relief because under either theory, their unjust enrichment would be the same.

In short, the label put on the SEC's insider trading case here is irrelevant.  Defendants have long been on notice of the conduct that the SEC has alleged was unlawful.  Therefore, if the Court deems that any "tipper" theory was not covered by the SEC's complaint, we respectfully request leave to amend the complaint to conform to the evidence under Rule 15(b)(2).

               Respectfully submitted,

                /s/ *Bridget Fitzpatrick*
               Bridget Fitzpatrick
               Counsel for Plaintiff
               Securities & Exchange Commission
               Telephone:  (202) 551-4678
               Facsimile:   (202) 772-9292
               E-mail:       FitzpatrickBr@sec.gov

cc:  Counsel of record via email