

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
DIVISION OF ENFORCEMENT
100 F Street, N.E.
WASHINGTON, D.C. 20549-5977

June 12, 2014

**Via Email**

The Honorable Shira A. Scheindlin
United States District Judge
Southern District of New York
500 Pearl Street, Room 1620
New York, New York 10007-1312

    Re:    *SEC v. Wyly, et al*. 1:10-cv-5760

Dear Judge Scheindlin:

    We write in response to Mr. Susman's letter requesting a pre-motion conference about the SEC's intention to present an additional measure of disgorgement to the Court at the August 4, 2014 remedies hearing. The SEC intends to argue two alternative measures of disgorgement for its fraud and disclosure claims: (1) disgorgement of all the profits from the Wylys' undisclosed offshore Issuer securities transactions, and (2) disgorgement of the tax benefits that flowed from the Wylys' fraudulent offshore system. Defendants' seek to prevent the SEC from even presenting its total profits disgorgement theory to the Court. As set forth in more detail below, the defense's arguments in support of this position lack merit.

    <u>The SEC Appropriately Disclosed its Disgorgement Theory in a Bifurcated Proceeding</u>

    While we do not dispute that we recently disclosed the total profits disgorgement theory by serving the defense with an amended response to one of Sam Wyly's contention interrogatories, that disclosure occurred during the remedies phase of a bifurcated proceeding. Thus, the defendants have been made aware of the SEC's additional disgorgement theory during the relevant discovery period. In this procedural posture, it is perfectly appropriate for the SEC to tailor its disgorgement theory to the facts as proven at trial.

    Moreover, the timing of the SEC's disclosure causes defendants no prejudice because, as they concede, the theory "relies on no new evidence or previously unknown information." ECF 387 at 2. Rather, the SEC intends to apply case law to facts that have been available to the defense to contest for approximately a year. Thus, the timing of the SEC's disclosure does not

prejudice the defendants in any way. Moreover, contrary to defendants' assertions, the SEC's total profits disgorgement theory is supported by both the law and the facts.

## The SEC's Total Profits Disgorgement Theory is Supported by Law and Fact

Defendants seek to prevent the SEC from presenting a disgorgement theory to the Court by claiming that there is no legal or factual support for it. ECF 387 at 3. This claim is simply inaccurate.

The jury held that the Wylys engaged in a long-running fraudulent scheme by intentionally concealing their ownership and trading of issuer securities they owned through a multitude of offshore trusts and companies. The Court has broad discretion in calculating the amount the Wylys should be ordered to disgorge. *SEC v. Contorinis*, 743 F.3d 296, 301 (2d Cir. 2014). "[D]isgorgement need only be a reasonable approximation of profits causally connected to the violation," and is not limited to "the precise impact of the illegal trading on the market price." *SEC v. First City Financial*, 890 F.2d at 1231-32. "Despite sophisticated econometric modelling, predicting stock market responses to alternative variables is * * * at best speculative. Rules for calculating disgorgement must recognize that separating legal from illegal profits exactly may at times be a near-impossible task." *Id.* at 1231. "[T]he burden of uncertainty in calculating ill-gotten gains falls on the wrongdoers who create that uncertainty." *Zacharias v. SEC*, 569 F.3d 458, 473 (D.C. Cir. 2009).

Defendants misunderstand the relevant disgorgement analysis applicable here. The SEC carries the initial burden to show that the defendants obtained profits from the tainted securities transactions. The SEC is not required to demonstrate that the profits are directly and proximately caused by their violations. In *SEC v. Teo*, 746 F.3d 90 (3d Cir. 2014), a case with many factual similarities to the Wyly case, the Third Circuit recently affirmed the trial court's order that the defendant disgorge **all** of the profits earned from undisclosed securities transactions made in offshore trusts he controlled in violation of Exchange Act Sections 10(b) and 13(d). In that case, the Third Circuit ruled that evidence of fraudulent misrepresentations of beneficial ownership followed by trading without the required disclosure, "presumptively demonstrated a reasonable approximation of the profits arising from transactions tainted by the Section 13(d) and Section 10(b) violations." *Id.* at 107. The court explicitly rejected the argument that the SEC failed to meet its burden by failing to rule out additional possible intervening contributory causes for the profits. "Intervening causation is not an element of the SEC's evidentiary burden in setting out an amount to be disgorged that reasonably approximates illegal profits." *Id.* at 106.

As in *Teo*, the SEC has met its evidentiary burden to show that all of the Wylys' offshore profits are tainted by their fraudulent conduct, and there is no basis for ruling out the Commission's claim "as a matter of law" as suggested by the defendants. The Court here is free to consider that the Wylys' secret sales of large blocks of securities in companies they controlled were motivated by fraud, and took place over an extended period of time. The court has ample equitable authority to require disgorgement of all profits obtained in violation of the securities laws. As in *Teo*, the SEC's disgorgement claim is based on the defendant's "serial Section 13(d)

2

violations over the course of years, and on the jury's conclusion that [his] conduct was motivated by fraud, in violation of Section 10(b)" and those "fraudulent acts enabled [him] to surreptitiously acquire and hold a large volume of stock that, in turn, netted huge profits when sold." The Third Circuit in *Teo* held that "[i]t is precisely this type of shadowy dealing that the Securities Exchange Act—and specifically Section 13(d) and Section 10(b)—was designed to combat in order to uphold the integrity of the stock market." *Id.* at 108-109. The same result is appropriate here.

<u>The Timing of the SEC's Disclosure is Harmless</u>

The defendants are not prejudiced by the SEC's amendment of its interrogatory response to include an alternative theory of disgorgement. The theory only relates to the remedies phase of the proceeding and the parties are still in the midst of remedies-related discovery.

Moreover, the SEC intends to rely on the testimony and/or report of Yasmine Misuraca, which calculates the total profits from the offshore transactions, in support of this theory. Since the defendants have had Ms. Misuraca's report since August 28, 2013, deposed her, and had the opportunity to cross-examine her at trial, they cannot credibly claim that they have not had the opportunity to rebut her calculations. There are no new facts or opinion testimony that are relevant to the SEC's contention that the Wylys should be ordered to disgorge all the profits from their secret offshore securities transactions. Because the legitimacy of the SEC's disgorgement theory is based on case law, rather than any new factual dispute or expert analysis, the timing of the SEC's amendment to its interrogatory response does not prejudice the defense.

Finally, the defendants informed the SEC yesterday that they are in the midst of preparing as many as six expert reports. Many of these experts have not previously been disclosed to the SEC and, in a matter of weeks, the SEC will have to prepare to depose these experts and rebut new theories being propounded by the defense. Any purported prejudice claimed by the defense as a result of an additional legal theory regarding an appropriate measure of disgorgement pales in comparison to the prejudice the SEC faces as it undertakes its response to the voluminous number of defense experts. Moreover, the sheer number of planned reports demonstrates that the defense has ample capacity to prepare for the remedies hearing.

    Respectfully,

    _____-S-_____
    Bridget Fitzpatrick
    Assistant Chief Litigation Counsel
    202.551.4678
    fitzpatrickb@sec.gov

cc:  Counsel of record via email