

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
DIVISION OF ENFORCEMENT
100 F Street, N.E.
WASHINGTON, D.C. 20549-5977

July 29, 2014

**Via Email**

The Honorable Shira A. Scheindlin
United States District Judge
Southern District of New York
500 Pearl Street, Room 1620
New York, New York 10007-1312

     Re:    *SEC v. Wyly, et al*. 1:10-cv-5760

Dear Judge Scheindlin:

     One of the motions in limine presently before the Court seeks to preclude John J. McConnell from testifying about his calculation for Section 5 disgorgement on the basis that his current report is inconsistent with the law, and completely speculative. In recognition of this problem, the defense, this afternoon, produced an entirely new report by Professor McConnell with a completely different theory to measure Section 5 disgorgement. Although titled a supplemental report, this new report does not address the issues or methodology covered in his original expert report, but rather proffers an entirely new and different opinion on how to quantify gains from the Wylys' fraudulent unregistered transactions in Michaels Stores. The SEC would like to move to strike this new report and preclude McConnell's new opinion.

     Defendants offer no justification at all for their late notice of this new opinion. Their last-minute attempt to introduce a new expert opinion under the guise of "supplementing" his prior opinion is inexcusable. The Defendants have been on notice ever since the filing of its complaint in 2010 that the SEC would seek disgorgement of all profits from the unregistered illegal sales.

     The SEC would be manifestly prejudiced if McConnell were permitted to testify on his new and different opinion. Expert discovery for the remedies phase of this litigation ended on July 10. With only three business days before the trial, the SEC has not even yet received the materials supporting his opinion. The SEC, therefore, has insufficient time to review and analyze the evidentiary and factual underpinning of McConnell's opinion, to probe his opinion by deposition or to provide its own rebuttal expert opinion. Failure by the defense to comply

The Honorable Shira A. Scheindlin
July 29, 2014


with the discovery deadlines is prejudicial to the SEC because the new figure of ill-gotten gain proposed by McConnell is $23 million lower than the figure proposed by the SEC. Even in this case, the defense's effort to reduce the disgorgement for the SEC's Section 5 claim by $23 million is significant. *See Venite v. St. Luke's/Roosevelt Hospital*, 2002 WL 1461493 (S.D.N.Y. 2002) (excluding expert report submitted two months after discovery cutoff and six weeks before trial). In light of the defense's failure to explain any reason for delay, and the prejudice to the SEC because of that unreasonable delay, the SEC seeks to strike the report and testimony.

                                          Respectfully submitted,

                                          _____/s/_____
                                          Martin Zerwitz
                                          Senior Counsel
                                          202.551.4566
                                          zerwitzm@sec.gov

cc: Counsel of record via email