

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
DIVISION OF ENFORCEMENT
100 F Street, N.E.
WASHINGTON, D.C. 20549-5977

July 30, 2014

<u>Via Email</u>

The Honorable Shira A. Scheindlin
United States District Judge
Southern District of New York
500 Pearl Street, Room 1620
New York, New York 10007-1312

    Re:    *SEC v. Wyly, et al*. 1:10-cv-5760

Dear Judge Scheindlin:

    As discussed during today's hearing, we hereby attach the two new expert opinions from Professor McConnell and Andrew Thorpe that the defense first provided to the SEC today and yesterday. As we explained in our letter yesterday, Professor McConnell's report does not address the issues or methodology covered in his original expert report, but rather proffers an entirely new and different opinion on how to quantify gains from the Wylys' fraudulent unregistered transactions in Michaels Stores. In his original report, McConnell opines on what the Wylys would have received <u>had they registered</u> the transactions in compliance with Section 5 before selling the securities. His new report opines on what the Wylys would have received had they sold the shares in a private placements <u>without registration</u>.

    Similarly, Thorpe's supplemental report offers a new opinion that had the IOM entities sold their shares of Michaels stock in a private placement, there would have been <u>no need for registration</u>. His earlier report created <u>mock registration statements</u>, and opined that these mock registration statements would have been approved by the SEC. This Court rejected his first opinion as impermissibly speculative. Thorpe's belatedly proffered opinion, in essence, provides a new and just as speculative argument about how the Wylys could have complied with Section 5, had they not violated Section 5.

The Honorable Shira A. Scheindlin
July 30, 2014

      The SEC would like to move to strike both of these new expert opinions.  Defendants offer no justification at all for their late notice.  The SEC would be manifestly prejudiced if the defense is permitted to present these new theories because it has been deprived of a meaningful opportunity to review and analyze the evidentiary and factual underpinning of the opinions, to probe their opinions by deposition or to provide its own rebuttal expert opinion.

      In light of the defense's failure to explain any reason for delay, and the prejudice to the SEC because of that unreasonable delay, the SEC seeks to strike both of the attached new reports and to preclude testimony from both McConnell and Thorpe on this new issue.

                                      Respectfully submitted,

                                      _____/s/_____
                                      Martin Zerwitz
                                      Senior Counsel
                                      202.551.4566
                                      zerwitzm@sec.gov

cc:  Counsel of record via email