UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                                    Plaintiff,<br><br>v.<br><br>SAMUEL E. WYLY and DONALD R. MILLER, JR., in his capacity as the Independent Executor of the Will and Estate of Charles J. Wyly, Jr.,<br><br>                                    Defendants. | No. 1:10-cv-05760-SAS |

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S REPLY IN FURTHER SUPPORT OF ITS REQUEST TO HOLD THE RECORD OPEN FOR ADDITIONAL EXPERT REPORTS**

In its July 29, 2014 Order, the Court invited the Securities and Exchange Commission ("SEC") to propose an alternate reasonable approximation of the ill-gotten gains causally connected to Defendants Sam and Charles Wylys' securities violations, if it wishes to pursue disgorgement of trading profits.  ECF No. 426 at 21.  Defendants now seek to preclude the SEC from presenting an expert report in support of alternative reasonable approximations, essentially asserting that an action resulting in findings of liability on nine separate claims, as well as every subpart of the relevant statutes, is a "drawn-out lawsuit" that should be brought to an end by imposing approximately $3.77 million in disgorgement for 13 years of unlawful transactions that yielded hundreds of millions of dollars in trading profits.  ECF 458 at 1 and ECF 459-1.

Defendants attempt to jump the gun on *Daubert* and *in limine* motions by asking the Court to rule before the relevant expert reports exist or depositions have taken place.  In the alternative, defendants demand six months to conduct discovery and generate its own expert reports.  The time requested is unnecessarily long.  After further evaluation, the SEC determined

it is not necessary to pursue (and thus will not present expert reports calculating) an expert analysis of the tainted options theory described in its proffer. ECF No. 456. Today, the SEC will submit a single expert report prepared by Dr. Chyhe Becker, Ph.D., measuring the Wylys' ill-gotten gains under two methods: one that measures gains attributable to the Wylys' excessive rates of return on their secret offshore transactions above that of a typical long equity investor, and a second that modifies the approach offered by defense expert Dr. John McConnell to better approximate the Wylys' actual investment activities.

Defendants have already retained Dr. McConnell. They do not need six months to identify rebuttal experts for a single additional method of approximating the Wylys' ill-gotten gains. The SEC had one month (during which a week-long evidentiary hearing on the tax and Section 5 disgorgement theories was conducted) to generate a detailed proffer regarding its additional disgorgement theories. The submission of a single, additional expert report today is a mere 45 days from the Court's July 29, 2014 Order. Defendants now demand that they be given four times as much time to conduct additional fact discovery and prepare their rebuttal reports. Their request is inequitable, and will unjustifiably delay the litigation. Defendants have had a head start in terms of identifying experts based on the SEC's August 29, 2014 Proffer. In the previous round of remedies discovery, the defense was able to generate six expert reports within approximately two months of learning the jury's verdict, and 14 days after receiving the SEC's reports. There is simply no reason to afford them six months to respond to a single expert report by the SEC.

For these reasons, and for the reasons set forth in the initial request, the SEC respectfully requests that the Court hold the record open for the submission of additional expert reports, and

related evidence, regarding the disgorgement of trading profits.  The SEC further respectfully requests that the Court conduct a telephonic conference to set a definitive schedule.

Dated:  September 12, 2014                     Respectfully submitted,

                 */s/ Bridget M. Fitzpatrick*
Bridget M. Fitzpatrick
Gregory N. Miller (GM-5922)
Martin L. Zerwitz (MZ-9765)
John D. Worland, Jr. (JDW-1962)
Hope H. Augustini
Daniel Staroselsky
Counsel for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
100 F Street, N.E.
Washington, DC 20549
Tel.:    (202) 551-4678 (Fitzpatrick)

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 12th day of September 2014, electronic copies of the Plaintiff's Request to Hold the Record Open for Additional Expert Reports and Proffer in Support Thereof were served on the following parties via electronic mail:

| | |
|---|---|
| Stephen D. Susman<br>Harry Susman<br>SUSMAN GODFREY<br>1000 Louisiana, Suite 5100<br>Houston, Texas 77002-5096<br><br>Terrell W. Oxford<br>David D. Shank<br>SUSMAN GODFREY<br>901 Main Street, Suite 5100<br>Dallas, Texas 75202-3775 | MARK HATCH-MILLER<br>STEVEN SHEPARD<br>SUSMAN GODFREY<br>560 Lexington Avenue<br>15th Floor<br>New York, New York 10022-6828<br><br><br>**Counsel for Defendants Samuel E. Wyly and Donald R. Miller Jr.** |

*/s/ Bridget M. Fitzpatrick*
Bridget Fitzpatrick
Counsel for Plaintiff
Securities & Exchange Commission