

EXHIBIT
Court Ex 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————X

SECURITIES AND EXCHANGE
COMMISSION,

                    **Plaintiff,**

     **v.**

SAMUEL E. WYLY, and DONALD R.
MILLER, JR., in his capacity as the
Independent Executor of the Will and Estate
of Charles J. Wyly, Jr.,

                    **Defendants.**

————————————————————X

**SPECIAL VERDICT FORM**

**10 Civ. 5760 (SAS)**

**Part I**

<div align="center">

**First Claim**
**Section 10(b) and Rule 10b-5 of the Exchange Act**

</div>

1.    Has the SEC proved by a preponderance of the evidence that:

    a.    The defendant used a device, scheme, or artifice to defraud in connection with the purchase or sale of a security?

        As to Sam Wyly:        Yes __✓__    No ____
        As to Charles Wyly:    Yes __✓__    No ____

    b.    Any such device, scheme, or artifice to defraud was material?

        As to Sam Wyly:        Yes __✓__    No ____
        As to Charles Wyly:    Yes __✓__    No ____

    c.    The defendant acted with intent to defraud or with recklessness?

        As to Sam Wyly:        Yes __✓__    No ____
        As to Charles Wyly:    Yes __✓__    No ____

**If YES to Questions 1(a), 1(b), and 1(c) as to Sam Wyly, answer Question 1(d).**

**If YES to Questions 1(a), 1(b), and 1(c) as to Charles Wyly, answer Question 1(e).**

**Otherwise, proceed to Question 2.**

    d.    Your answers to Questions 1(a)-(c) are based on conduct by Sam Wyly occurring: **(check all that apply)**

            Before February 1, 2001        __✓__
            On or after February 1, 2001    __✓__

<div align="center">

1

</div>

e.      Your answers to questions 1(a)-(c) are based on conduct by
        Charles Wyly occurring: (**check all that apply**)

              Before February 1, 2001                        ✓
              On or after February 1, 2001                   ✓

**Proceed to Question 2.**

2.    Has the SEC proved by a preponderance of the evidence that:

      a.    The defendant made an untrue statement of material fact or omitted to
            state a material fact that made what was said, under the circumstances,
            misleading, in connection with the purchase or sale of a security?

            As to Sam Wyly:                    Yes ✓      No ____
            As to Charles Wyly:                Yes ✓      No ____

      b.    The defendant acted with intent to defraud or with recklessness?

            As to Sam Wyly:                    Yes ✓      No ____
            As to Charles Wyly:                Yes ✓      No ____

**If YES to Questions 2(a) and 2(b) as to Sam Wyly, answer
Question 2(c).**

**If YES to Questions 2(a) and 2(b) as to Charles Wyly, answer
Question 2(d).**

**Otherwise, proceed to Question 3.**

      c.    Your answers to Questions 2(a)-(b) are based on conduct by
            Sam Wyly occurring: (**check all that apply**)

              Before February 1, 2001                        ✓
              On or after February 1, 2001                   ✓

2

d.   Your answers to Questions 2(a)-(b) are based on conduct by Charles Wyly occurring: (**check all that apply**)

Before February 1, 2001      ___✓___

On or after February 1, 2001      ___-___

**Proceed to Question 3.**

3.   Has the SEC proved by a preponderance of the evidence that:

a.   The defendant engaged in an act, practice, or course of dealing in connection with the purchase or sale of a security that operated or would operate as a fraud or deceit on any person?

As to Sam Wyly:      Yes ___✓___    No ___

As to Charles Wyly:      Yes ___✓___    No ___

b.   Any such act, practice, or course of dealing was material?

As to Sam Wyly:      Yes ___✓___    No ___

As to Charles Wyly:      Yes ___✓___    No ___

c.   The defendant acted with intent to defraud or with recklessness?

As to Sam Wyly:      Yes ___✓___    No ___

As to Charles Wyly:      Yes ___✓___    No ___

**If YES to Questions 3(a), 3(b), and 3(c) as to Sam Wyly, answer Question 3(d).**

**If YES to Questions 3(a), 3(b), and 3(c) as to Charles Wyly, answer Question 3(e).**

**Otherwise, proceed to Part II.**

3

d.   Your answers to Questions 3(a)-(c) are based on conduct by
     Sam Wyly occurring: (**check all that apply**)

          Before February 1, 2001          ✓
          On or after February 1, 2001     ✓

e.   Your answers to Questions 3(a)-(c) are based on conduct by
     Charles Wyly occurring: (**check all that apply**)

          Before February 1, 2001          ✓
          On or after February 1, 2001     ✓

**Proceed to Part II**.

4

**Part II**

<div align="center">

**Second Claim**
**Section 17(a) of the Securities Act**

</div>

4.  Has the SEC proved by a preponderance of the evidence that:

a.  In the offer or sale of securities, the defendant directly or indirectly employed a device, scheme, or artifice to defraud?

| | | |
|---|---|---|
| As to Sam Wyly: | Yes ✓ | No ___ |
| As to Charles Wyly: | Yes ✓ | No ___ |

b.  Any such device, scheme, or artifice to defraud was material?

| | | |
|---|---|---|
| As to Sam Wyly: | Yes ✓ | No ___ |
| As to Charles Wyly: | Yes ✓ | No ___ |

c.  The defendant acted with intent to defraud or with recklessness?

| | | |
|---|---|---|
| As to Sam Wyly: | Yes ✓ | No ___ |
| As to Charles Wyly: | Yes ✓ | No ___ |

**If YES to Questions 4(a), 4(b), and 4(c) as to Sam Wyly, answer Question 4(d).**

**If YES to Questions 4(a), 4(b), and 4(c) as to Charles Wyly, answer Question 4(e).**

**Otherwise, proceed to Question 5.**

d.  Your answers to Questions 4(a)-(c) are based on conduct by Sam Wyly occurring: (**check all that apply**)

| | |
|---|---|
| Before February 1, 2001 | ✓ |
| On or after February 1, 2001 | ✓ |

<div align="center">5</div>

e.   Your answers to Questions 4(a)-(c) are based on conduct by Charles Wyly occurring: (**check all that apply**)

Before February 1, 2001      ✓
On or after February 1, 2001    ✓

**Proceed to Question 5.**

5.   Has the SEC proved by a preponderance of the evidence that:

a.   In the offer or sale of securities, the defendant directly or indirectly obtained money or property by means of an untrue statement of material fact or failure to state material facts which made what was said, under the circumstances, misleading?

As to Sam Wyly:        Yes ✓    No ___
As to Charles Wyly:     Yes ✓    No ___

b.   The defendant acted with intent to defraud, with recklessness, or negligently?

As to Sam Wyly:        Yes ✓    No ___
As to Charles Wyly:     Yes ✓    No ___

**If YES to Questions 5(a) and 5(b) as to Sam Wyly, answer Question 5(c).**

**If YES to Questions 5(a) and 5(b) as to Charles Wyly, answer Question 5(d).**

**Otherwise, proceed to Question 6.**

c.   Your answers to Questions 5(a)-(b) are based on conduct by Sam Wyly occurring: (**check all that apply**)

Before February 1, 2001      ✓
On or after February 1, 2001    ✓

6

d.   Your answers to Questions 5(a)-(b) are based on conduct by Charles Wyly occurring: (**check all that apply**)

Before February 1, 2001          ✓

On or after February 1, 2001     ✓

**Proceed to Question 6.**

6.   Has the SEC proved by a preponderance of the evidence that:

a.   In the offer or sale of securities, the defendant directly or indirectly engaged in a transaction, practice, or course of business that operated or would operate as a fraud or deceit upon the purchaser of securities?

As to Sam Wyly:          Yes  ✓     No ___

As to Charles Wyly:      Yes  ✓     No ___

b.   Any such transaction, practice, or course of business was material?

As to Sam Wyly:          Yes  ✓     No ___

As to Charles Wyly:      Yes  ✓     No ___

c.   The defendant acted with intent to defraud, with recklessness, or negligently?

As to Sam Wyly:          Yes  ✓     No ___

As to Charles Wyly:      Yes  ✓     No ___

**If YES to Questions 6(a), 6(b), <u>and</u> 6(c) as to Sam Wyly, answer Question 6(d).**

**If YES to Questions 6(a), 6(b), <u>and</u> 6(c) as to Charles Wyly, answer Question 6(e).**

**Otherwise, proceed to Part III.**

7

d.     Your answers to Questions 6(a)-(c) are based on conduct by
       Sam Wyly occurring: (**check all that apply**)

      Before February 1, 2001             ✓

      On or after February 1, 2001     ✓

e.     Your answers to Questions 6(a)-(c) are based on conduct by
       Charles Wyly occurring: (**check all that apply**)

      Before February 1, 2001             ✓

      On or after February 1, 2001     ✓

**Proceed to Part III**.

8

**Part III**

## Third Claim
## Section 13(d) and Rules 13d-1 and 13d-2 of the Exchange Act

7.   Has the SEC proved by a preponderance of the evidence that:

   a.   Sam Wyly was a beneficial owner, as that term is defined for purposes of Section 13(d), of securities held by the Isle of Man entities associated with him?

   Yes __✓__   No ____

**If YES, answer Questions 7(b) and (c).**
**If NO, proceed to Question 8.**

   b.   Sam Wyly filed Schedule 13Ds that understated the number of such securities that he beneficially owned?

| | | |
|---|---|---|
| Before February 1, 2001: | Yes __✓__ | No ____ |
| After February 1, 2001: | Yes __✓__ | No ____ |

   c.   Sam Wyly failed to file amended Schedule 13Ds on occasions when transactions by the Isle of Man entities resulted in material changes to his percentage of beneficial ownership of these securities?

| | | |
|---|---|---|
| Before February 1, 2001: | Yes __✓__ | No ____ |
| After February 1, 2001: | Yes __✓__ | No ____ |

**Proceed to Question 8.**

8.   Has the SEC proved by a preponderance of the evidence that:

   a.   Charles Wyly was a beneficial owner, as that term is defined for purposes of Section 13(d), of securities held by the Isle of Man entities associated with him?

   Yes __✓__   No ____

9

**If YES, answer Questions 8(b) <u>and</u> (c).**
**If NO to <u>both</u> Questions 7(a) and 8(a), proceed to Part V.**

b.    Charles Wyly filed Schedule 13Ds that understated the number of such securities that he beneficially owned?

|  | Yes | No |
|---|---|---|
| Before February 1, 2001: | ✓ | |
| After February 1, 2001: | ✓ | |

c.    Charles Wyly failed to file amended Schedule 13Ds on occasions when transactions by the Isle of Man entities resulted in material changes to his percentage of beneficial ownership of these securities?

|  | Yes | No |
|---|---|---|
| Before February 1, 2001: | ✓ | |
| After February 1, 2001: | ✓ | |

**Proceed to Part IV.**

**Part IV**

<div align="center">

**Fourth Claim**
**Section 14(a) and Rules 14a-3 and 14a-9 of the Exchange Act**

</div>

9.    Has the SEC proved by a preponderance of the evidence that:

    a.    The defendant was a beneficial owner, as that term is defined for purposes of Section 13(d), of securities held by the Isle of Man entities associated with him?

        As to Sam Wyly:                  Yes  ✓     No ___
        As to Charles Wyly:          Yes  ✓     No ___

    b.    The omission of the defendant's beneficial ownership of securities held by the Isle of Man entities associated with him from Issuer proxy solicitations was material?

        As to Sam Wyly:                  Yes  /     No ___
        As to Charles Wyly:          Yes  ✓     No ___

**If YES as to either Sam or Charles Wyly, answer Question 9(c).**
**If NO as to <u>both</u> Sam and Charles Wyly, proceed to Part V.**

    c.    The defendant acted negligently in causing the issuance of proxy solicitations omitting his beneficial ownership of securities held by the Isle of Man entities associated with him?

        As to Sam Wyly:                  Yes  ✓     No ___
        As to Charles Wyly:          Yes  ✓     No ___

**If YES to Questions 9(a), 9(b), <u>and</u> 9(c) as to Sam Wyly, answer Question 9(d).**

**If YES to Questions 9(a), 9(b), <u>and</u> 9(c) as to Charles Wyly, answer Question 9(e).**

**Otherwise, proceed to Part V.**

<div align="center">11</div>

e.    Your answers to Questions 9(a)-(c) are based on conduct by Sam
       Wyly occurring: **(check all that apply)**

             Before February 1, 2001                         ✓
             On or after February 1, 2001                    ✓

f.     Your answers to Questions 9(a)-(c) are based on conduct by Charles
       Wyly occurring: **(check all that apply)**

             Before February 1, 2001                         ✓
             On or after February 1, 2001                    ✓

**Proceed to Part V.**

12

**Part V**

### Fifth Claim
### Section 16(a) and Rules 16a-2 and 16a-3 of the Exchange Act

10.   Has the SEC proved by a preponderance of the evidence that:

    a.   The defendant was a beneficial owner, as that term is defined for purposes of Section 16(a), of securities held by the Isle of Man entities associated with him?

        As to Sam Wyly:        Yes  ✓   No ____
        As to Charles Wyly:     Yes  ✓   No ____

**If YES as to either Sam or Charles Wyly, answer Question 10(b).**
**If NO as to <u>both</u> Sam and Charles Wyly, proceed to Part VI.**

    b.   The defendant failed to file Form 4s disclosing transactions in such securities by these Isle of Man entities?

        As to Sam Wyly:        Yes  ✓   No ____
        As to Charles Wyly:     Yes  ✓   No ____

**If YES to Questions 10(a) <u>and</u> 10(b) as to Sam Wyly, answer Question 10(c).**

**If YES to Questions 10(a) <u>and</u> 10(b) as to Charles Wyly, answer Question 10(d).**

**Otherwise, proceed to Part VI.**

    c.   Your answers to Questions 10(a)-(b) are based on conduct by Sam Wyly occurring: **(check all that apply)**

            Before February 1, 2001        ✓
            On or after February 1, 2001   ✓

d.   Your answers to Questions 10(a)-(b) are based on conduct by Charles
     Wyly occurring: **(check all that apply)**

       Before February 1, 2001          ✓
       On or after February 1, 2001    ✓

**Proceed to Part VI.**

**Part VI**

## Sixth Claim
## Section 5 of the Securities Act

11. Have defendants proved by a preponderance of the evidence that the Section 4(1) exemption applies because Sam and Charles Wyly did not control the Isle of Man entities?

<div style="margin-left:2em">

| | | |
|---|---|---|
| As to Sam Wyly: | Yes ___ | No ✓ |
| As to Charles Wyly: | Yes ___ | No ✓ |

</div>

**If NO to <u>both</u> Questions 7(a) and 8(a), please sign the verdict sheet now.**

**Otherwise, proceed to Part VII.**

15

**Part VII**

<div align="center">

**Seventh Claim**
**Aiding and Abetting Violations of**
**Section 13(a) and Rule 13a-1 of the Exchange Act**

</div>

12.    Has the SEC proved by a preponderance of the evidence that:

a.    The Issuers filed 10-K statements containing incomplete or inaccurate disclosures regarding the defendant's beneficial ownership, as the term is defined for purposes of Section 13(d) and as you found in Questions 7(a) and 8(a), of securities held by the Isle of Man entities associated with him?

As to Sam Wyly:      Yes ✓      No ___
As to Charles Wyly:      Yes ✓      No ___

b.    The incomplete or inaccurate disclosures regarding the defendant's beneficial ownership of securities held by the Isle of Man entities associated with him were material?

As to Sam Wyly:      Yes ✓      No ___
As to Charles Wyly:      Yes ✓      No ___

c.    The defendant knowingly provided substantial assistance to the Issuers' incomplete or inaccurate annual report filings?

As to Sam Wyly:      Yes ✓      No ___
As to Charles Wyly:      Yes ✓      No ___

**If YES to Questions 12(a), 12(b), and 12(c) as to Sam Wyly, answer Question 12(d).**

**If YES to Questions 12(a), 12(b), and 12(c) as to Charles Wyly, answer Question 12(e).**

**Otherwise, proceed to Part VIII.**

d.     Your answers to Questions 12(a)-(d) are based on conduct by Sam
       Wyly occurring: **(check all that apply)**

              Before February 1, 2001                    ✓
              On or after February 1, 2001               ✓

e.     Your answers to Questions 12(a)-(d) are based on conduct by Charles
       Wyly occurring: **(check all that apply)**

              Before February 1, 2001                    ✓
              On or after February 1, 2001               ✓

**Proceed to Part VIII.**

Part VIII

<div align="center">

**Eighth Claim**
**Aiding and Abetting Violations of**
**Section 14(a) and Rules 14a-3 and 14a-9 of the Exchange Act**

</div>

13.   Has the SEC proved by a preponderance of the evidence that:

a.   The omission of the defendant's beneficial ownership, as the term is defined for purposes of Section 13(d) and as you found in Questions 7(a) and 8(a), of securities held by the Isle of Man entities associated with him from Issuer proxy solicitations was material?

| | | |
|---|---|---|
| As to Sam Wyly: | Yes ✓ | No ___ |
| As to Charles Wyly: | Yes ✓ | No ___ |

b.   The defendant knowingly provided substantial assistance to the Issuers' making of false proxy solicitations?

| | | |
|---|---|---|
| As to Sam Wyly: | Yes ✓ | No ___ |
| As to Charles Wyly: | Yes ✓ | No ___ |

**If YES to Questions 13(a) and 13(b) as to Sam Wyly, answer Question 13(c).**

**If YES to Questions 13(a) and 13(b) as to Charles Wyly, answer Question 13(e).**

**Otherwise, proceed to Part IX.**

c.   Your answers to Questions 13(a)-(c) are based on conduct by Sam Wyly occurring: **(check all that apply)**

| | |
|---|---|
| Before February 1, 2001 | ✓ |
| On or after February 1, 2001 | ✓ |

d.   Your answers to Questions 13(a)-(c) are based on conduct by Charles
     Wyly occurring: **(check all that apply)**

        Before February 1, 2001                 ✓

        On or after February 1, 2001       ✓

**Proceed to Part IX.**

**Part IX**

<div align="center">

**Ninth Claim**
**Aiding and Abetting Violations of Section 13(d)**

</div>

14.    Has the SEC proved by a preponderance of the evidence that:

a.    The statements in Schedule 13Ds filed by the Isle of Man trustees that they had sole dispositive power over securities held by the trusts were false or misleading?

Yes ✓    No ___

**If YES to Questions 14(a), answer Question 14(b).**

**Otherwise, please sign the verdict sheet.**

b.    The defendant knowingly provided substantial assistance to the trustees' false or misleading Schedule 13D filings?

| | | |
|---|---|---|
| As to Sam Wyly: | Yes ✓ | No ___ |
| As to Charles Wyly: | Yes ✓ | No ___ |

**If YES as to Sam Wyly, answer Question 14(c).**
**If YES as to Charles Wyly, answer Question 14(d).**

**Otherwise, please sign the verdict sheet.**

c.    Your answers to Questions 14(a)-(b) are based on conduct by Sam Wyly occurring: **(check all that apply)**

| | |
|---|---|
| Before February 1, 2001 | ✓ |
| On or after February 1, 2001 | ✓ |

d.  Your answers to Question 14(a)-(b) are based on conduct by Charles Wyly occurring: **(check all that apply)**

Before February 1, 2001                     ✓

On or after February 1, 2001                ✓

**Your foreperson must now sign and date the verdict sheet.**

_____          5/12/14
Signature of foreperson                   Date

21