

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
100 F Street, N.E.
Washington, D.C. 20549

DIVISION OF
ENFORCEMENT

October 8, 2014

The Honorable Shira A. Scheindlin
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1620
New York, New York 10007-1312

    Re:    *SEC v. Wyly, et al.* 1:10-cv-5760

Dear Judge Scheindlin:

    The Securities and Exchange Commission ("SEC") requests a pre-motion conference to address the SEC's intent to file a motion for an asset freeze, financial discovery, and an accounting of defendants' assets to preserve the SEC's ability to enforce a final judgment in this case which, as this Court's recent order states, may exceed $300 million. ECF No. 476. The SEC's proposed temporary order is attached as Exhibit 1 to this letter.

    The defense has agreed to an asset freeze but requests a carve out for Sam Wyly's living expenses and legal fees, and represents that they cannot agree to the extent it would limit or prevent the dissipation of the Wylys' assets by third parties, including the Wylys' agents, servants, employees, family members, heirs, assigns, attorneys, or trustees. The SEC does not object to a carve out for *reasonable* living expenses and legal fees. The defense has not specified a number, but the SEC has included a monthly allotment of $10,000 in its letter as a placeholder.

    The SEC believes that the asset freeze to which the defense is willing to consent – which would apply only to Sam Wyly and the Estate of Charles Wyly – is too narrow. Such a limitation would permit third parties, such as the Wylys' family members and the offshore trustees, to dissipate assets that are or were controlled by the Wylys. "Federal Courts may order equitable relief against a person who is not accused of wrongdoing in a securities enforcement action where that person (1) has received ill-gotten gains; and (2) does not have a legitimate claim to those funds." *S.E.C. v. Heden*, 51 F. Supp. 2d 296, 299 (S.D.N.Y. 1999). The Court should exercise its equitable authority by ordering an asset freeze in the present case that enjoins the potential dissipation of the Wylys' assets by third parties, including the Wylys' agents, servants, employees, family members, heirs, assigns, attorneys, or trustees.

    The SEC is particularly concerned about the potential dissipation of assets titled in the name of entities controlled by the Wylys' offshore system but located in the United States. Proceeds from the sale of domestic assets should be maintained in identified domestic escrow

accounts where they will be readily available to satisfy any judgment entered by this Court.[1] The preservation of domestic assets is extremely important because the Wylys' established their offshore system to avoid judgments entered against them. ECF No. 341 (April 7, 2014 Trial Tr.) at 157:8-10. The most recent financial information the SEC has about the holdings of the Wylys' offshore trusts is extremely dated - from March 2006. During the remedies trial, the SEC first learned that the Red Mountain Trust distributed $10 million to a Cook Island trust established for the benefit of one of Charles Wylys' daughters, and that $27 million was distributed from the offshore trusts to several of Charles Wylys' daughters this year. ECF No. 463 (Aug. 5, 2014 Remedies Trial Tr.) at 3522:16-3525:10; 3610:3-8.

This Court has concluded that the Wylys should disgorge nearly $190 million in ill-gotten gains, and that pre-judgment interest on that amount must also be calculated. Given the ease with which the Wylys move and conceal their assets, the SEC anticipates enforcement of the Court's disgorgement Order will be difficult unless the Wylys' assets are temporarily frozen, discovery is pursued, and a complete accounting of their assets is produced, so that the Orders of this Court may be carried out to their fullest extent.

The Wylys have agreed to permit SEC accountants access to certain records maintained at the Wyly Family Office in Dallas, Texas, so that the SEC may perform an accounting of their assets. The Wylys have further agreed to make certain financial records available to the SEC in advance of such accounting. However, the defense's current position is that they cannot (1) provide financial statements of family members other than themselves; or (2) make any assurances that the Isle of Man Trusts will provide financial data. *See* Exhibit 2, Oct. 3, 2014 Email from S. Susman to B. Fitzpatrick. Information regarding third parties may be necessary to determine how the Wylys' assets were depleted from more than $1 billion reflected in family financial statements in 2005-2006 to the approximately $500 million claimed during the disgorgement hearing.

The SEC therefore respectfully seeks the Court's permission to move for a temporary asset freeze and to request that the Court authorize expedited discovery for the purpose of identifying assets. A proposed order freezing assets and granting other relief is attached as exhibit 1 to this letter.

Respectfully submitted,

Bridget M. Fitzpatrick
Supervisory Trial Counsel
(202) 551-4678
fitzpatrickbr@sec.gov

cc via e-mail: all counsel of record

---

[1] The SEC has also learned that Sam Wyly is attempting to sell Explore Bookstore, a bookstore located in the heart of Aspen, Colorado, for $6.5 million. See http://www.aspendailynews.com/ section/home/162497. The proceeds of any such sale should also be held in an identified domestic escrow account.