SUSMAN GODFREY L.L.P.
A REGISTERED LIMITED LIABILITY PARTNERSHIP
15TH FLOOR
560 LEXINGTON AVENUE
NEW YORK, NEW YORK 10022-6828
(212) 336-8330
FAX (212) 336-8340
WWW.SUSMANGODFREY.COM

_____

| | | | |
|---|---|---|---|
| SUITE 5100 | SUITE 5100 | SUITE 950 | SUITE 3800 |
| 1000 LOUISIANA STREET | 901 MAIN STREET | 1901 AVENUE OF THE STARS | 1201 THIRD AVENUE |
| HOUSTON, TEXAS 77002-5096 | DALLAS, TEXAS 75202-3775 | LOS ANGELES, CALIFORNIA 90067-6029 | SEATTLE, WASHINGTON 98101-3000 |
| (713) 651-9366 | (214) 754-1900 | (310) 789-3100 | (206) 516-3880 |

STEPHEN D. SUSMAN
DIRECT DIAL (713) 653-7801

E-MAIL SSUSMAN@SUSMANGODFREY.COM

October 8, 2014

**<u>VIA ECF and EMAIL</u>**

Honorable Shira Scheindlin
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 15C
New York, NY 10007

Re:     *SEC v. Wyly, et al.*, No. 1:10-cv-05760-SAS

Dear Judge Scheindlin:

I write to respectfully request the Court conduct a disproportionality analysis under the Eighth Amendment's Excessive Fines Clause.

No further testimony or exhibits would be required; merely a ten-page brief from each side. This request could be accommodated during the existing schedule for the additional expert testimony the Court has agreed to allow on the SEC's "trading profits" theory of disgorgement. Granting the Defendants' request for this analysis would expedite appellate review and would eliminate the need for a remand on this issue.

We have consulted with counsel for the SEC, who have told us they oppose this request and intend to file a responsive letter.

I.      The Court's September 25 Order Triggers the Need for An
        Additional Eighth Amendment "Disproportionality" Analysis

Civil forfeitures are barred by the Eighth Amendment's Excessive Fines Clause when they are "grossly disproportional to the offenses committed." *von Hofe v. United States*, 492 F.3d 175, 184 (2d Cir. 2007). Although the law is clear that this Clause applies to civil forfeitures, we are not aware of any Second Circuit case considering whether the Clause applies to SEC disgorgement awards.

Honorable Shira Scheindlin
October 8, 2014
Page 2


*Cf. United States v. Newell,* 658 F.3d 1, 35 (1st Cir. 2011) (assuming, without deciding, that "restitution orders may be challenged under the Excessive Fines clause"); *United States v. Ortiz,* No. 97-6281, 1999 WL 446784 (2d Cir. June 11, 1999) (forfeiture against proceeds of drug trafficking is not subject to Excessive Fines Clause).

Defendants submit that the Excessive Fines Clause does apply to the disgorgement to be awarded in this case.  The amount "will be," as the Court noted, "by any reasonable measure . . . staggering."  Order at 78 [ECF 476].

II.     The Eighth Amendment "Disproportionality" Analysis Requires
        Additional Fact-Finding

In the Civil Asset Forfeiture Reform Act of 2000, Congress created a specific procedure for district courts to follow when determining whether civil forfeitures violate the Excessive Fines Clause.  18 U.S.C. § 983; *see von Hofe*, 492 F.3d at 183 ("Congress enacted CAFRA . . . to establish a procedural framework to determine the excessiveness of an *in rem* forfeiture.").  Defendants submit that this four-step procedure should be followed in this case as well.

*Step One*:  *Determining that the property is subject to forfeiture.*  Under CAFRA, the government must first "establish . . . that there was a substantial connection between the property and the offense."  18 U.S.C. § 983(c); *see also, e.g., von Hofe*, 492 F.3d at 179-80 (government proved connection between house and narcotics sales).  In the current case, this step occurred when the Court, in its September 25 order, found a "causal connection" between the amount of money to be disgorged (i.e., "the property") and the violations found by the jury (i.e., "the offense").

*Step Two: Petition.*  Because the Court has now found that the SEC has established a causal connection, the onus shifts to Defendants to "petition the court to determine whether the forfeiture was constitutionally excessive."  18 U.S.C. § 983(g).  This petition is then adjudicated in a separate hearing.  *Id.*; *see von Hofe*, 492 F.3d at 181 (describing second "evidentiary hearing to determine whether forfeiture of [the property] would violate the Excessive Fines Clause of the Eighth Amendment").

In this case, this letter serves as the defense petition.  We request that the Court conduct the separate hearing on the papers, and at the same time as the Court rules on the SEC's additional theory of disgorgement.

*Step Three: Adjudication.*  Now that the defense has petitioned for an Eighth Amendment disproportionality analysis, the third step is for the Court to determine whether the amount of the forfeiture that it has found to be causally

Honorable Shira Scheindlin
October 8, 2014
Page 3

connected to the offense is nevertheless "constitutionally excessive," that is, "grossly disproportional" to "the gravity of the offense giving rise to the forfeiture." 18 U.S.C. § 983(g). In determining whether a forfeiture is "constitutionally excessive," Courts in this Circuit consider:

> the harshness, or gross disproportionality, of the forfeiture in comparison to the gravity of the offense, giving due regard to (a) the offense committed and its relation to other criminal activity, (b) whether the claimant falls within the class of persons for whom the statute was designed, (c) the punishments available, and (d) the harm caused by the claimant's conduct . . . .

*In re 650 Fifth Ave.*, 08 CIV. 10934 KBF, 2014 WL 1516328 (S.D.N.Y. Apr. 18, 2014) (quoting *von Hofe*, 492 F.3d at 186). If permitted, we would brief these factors in a ten-page brief; the SEC would respond in ten pages; and no reply would be necessary.

*Step Four: Relief.* "If the court finds that the forfeiture is grossly disproportional to the offense it shall reduce or eliminate the forfeiture as necessary to avoid a violation of the Excessive Fines Clause of the Eighth Amendment of the Constitution." 18 U.S.C. § 983(g).

The Second Circuit has held that the district court must develop a factual record of its disproportionality analysis. *United States v. Varrone*, 554 F.3d 327, 333 (2d Cir. 2009) (vacating forfeiture order and "remand[ing] to the district court to determine whether the forfeiture amount is constitutionally excessive, considering the [required] factors"). The defense respectfully submits that it makes sense to conduct this analysis now, and thereby reduce or eliminate the need for a future remand for this purpose.

I appreciate the Court's attention to this matter.

Respectfully submitted,

SUSMAN GODFREY, L.L.P.

By: _____

Stephen D. Susman (SS8591)
Mark H. Hatch-Miller (MH4981)
Steven M. Shepard (*pro hac vice*)
560 Lexington Avenue, 15th Floor
New York, New York 10022-6828
Telephone: (212) 336-8330
Facsimile: (212) 336-8340

Honorable Shira Scheindlin
October 8, 2014
Page 4

Terrell W. Oxford
David D. Shank
901 Main Street, Suite 5100
Dallas, Texas  75202-3775
Telephone: (214) 754-1900
Facsimile: (214) 754-1933

Harry P. Susman
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366

*Attorneys for Samuel E. Wyly and
Donald R. Miller, Jr.*

cc:  Opposing counsel via email