

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
100 F Street, N.E.
Washington, D.C. 20549

DIVISION OF
ENFORCEMENT

October 9, 2014

The Honorable Shira A. Scheindlin
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1620
New York, New York 10007-1312

     Re:    *SEC v. Wyly, et al.* 1:10-cv-5760

Dear Judge Scheindlin:

     The Securities and Exchange Commission ("SEC") opposes Defendants' request for this Court to perform a disproportionality analysis with respect to the amount of disgorgement it intends to award in this case. Defendants request this analysis pursuant to the Eighth Amendment Excessive Fines Clause and/or the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), citing not a single case for their proposition that either apply to SEC disgorgement awards. ECF No. 480. As this Court has already recognized, disgorgement is neither a fine nor a forfeiture and, thus, neither the Excessive Fines Clause nor CAFRA even apply to the present proceeding. Rather than permit 20 pages of briefing on frivolous legal issues, the SEC respectfully requests that the Court deny the Defendants' request for a disproportionality analysis.

     Defendants cast this as a legally novel issue by asserting that they are "not aware of any Second Circuit case considering whether the Clause applies to SEC disgorgement awards." ECF No. 480 at 1. However, as this Court has already noted, the Second Circuit "has specifically held that, due to its remedial nature, disgorgement does not constitute a penalty, and is not analogous to criminal forfeiture." *SEC v. Wyly*, No. 10-cv-5760, 2014 WL 4792229 at *1 (S.D.N.Y. Sept. 25, 2014). This ruling is consistent with other cases in this Circuit that distinguished disgorgement from civil fines and/or forfeitures. *See SEC v. Contorinis*, 743 F.3d 296, 307 (2d Cir. 2014) ("while both criminal forfeiture and disgorgement serve to deprive wrongdoers of their illicit gain, the two remedies reflect different characteristics and purposes—disgorgement is an equitable remedy that prevents unjust enrichment, and criminal forfeiture a statutory legal penalty imposed as punishment"); *SEC v. DiBella*, 409 F.Supp.2d 122, 127 (D. Conn. 2006) (disgorgement "does not qualify as a fine or penalty"); *SEC v. Lorin*, 869 F.Supp. 1117, 1121 (S.D.N.Y.1994) ("I will not label disgorgement a 'fine, penalty, or forfeiture' in light of the operation of disgorgement, which merely deprives one of wrongfully obtained proceeds"). Moreover, courts in other jurisdictions have already rejected the argument Defendants are now propounding. *See SEC v. Blackwell*, 477 F. Supp.2d 891, 916 (S.D. Ohio 2007) ("Defendants' contention that a disgorgement order would violate the Excessive Fines Clause is similarly disingenuous"); *SEC v. Phillip Morris USA*, 310 F. Supp.2d 58, 64 (D.D.C. 2004) ("insofar as

the relief sought by the Government can be properly characterized as 'disgorgement,' it does not implicate the Excessive Fines Clause").

Defendants' legal argument appears to be based on the Court's choice of the word "staggering" to describe its intended disgorgement award. ECF 480 at 2. However, that descriptive phrase does not convert disgorgement into a civil fine, particularly within the context of an opinion that held disgorgement was not subject to the same statute of limitations as actions for the recovery of civil fines. *SEC v. Wyly*, 2014 WL 4792229 at *1. Moreover, the word "staggering" is equally if not more applicable to the scope of Defendants' misconduct and the immense amount of unjust enrichment they derived from that misconduct. The Court's disgorgement award is conservative and well within the remedial purpose of traditional disgorgement. *See Contorinis*, 743 F.3d at 301 ("Disgorgement serves to remedy securities law violations by depriving violators of the fruits of their illegal conduct"). A disgorgement judgment cannot exceed unjust enrichment and therefore cannot be, by definition, an excessive fine.

In sum, there is no need for a proportionality analysis in the present case and Defendants' request for additional briefing on the issue should be denied.

.

Respectfully submitted,

Bridget M. Fitzpatrick
Supervisory Trial Counsel
(202) 551-4678
fitzpatrickbr@sec.gov

cc via e-mail: all counsel of record

2