**COVINGTON & BURLING LLP**

BEIJING   BRUSSELS   LONDON   NEW YORK
SAN DIEGO   SAN FRANCISCO   SEOUL
SHANGHAI   SILICON VALLEY   WASHINGTON

DAVID L. KORNBLAU
THE NEW YORK TIMES BUILDING
620 EIGHTH AVENUE
NEW YORK, NY 10018-1405
T 212.841.1084
dkornblau@cov.com

October 14, 2014

BY ECF AND E-MAIL

The Honorable Shira A. Scheindlin
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY  10007-1312

*SEC v. Wyly et al.*, No. 1:10-CV-5760

Dear Judge Scheindlin:

    We respectfully seek leave to oppose the SEC's anticipated motion for an asset freeze and expedited financial discovery.  The SEC's proposed order is directed against not only the two defendants, but also an unidentified and undefined group of non-party "family members."  We represent three presumed members of this group: Cheryl Wyly (defendant Sam Wyly's wife), Evan Wyly (a son of Sam Wyly), and Martha Miller (a daughter of defendant Charles Wyly).  Although we understand that defendants' counsel had informed the SEC that two of these non-party family members had retained us as counsel, the SEC proceeded to ask this Court to freeze the assets of all family members without notifying us.  We learned of the SEC's request only because defendants' counsel sent us a copy of the SEC's letter to Your Honor dated October 8, 2014, seeking a pre-motion conference.

    Asset Freeze.  If granted, the SEC's proposed asset freeze would wreak havoc on the lives of our clients and numerous other innocent non-parties.  But the SEC has not even alleged, much less proved, that our clients have done anything wrong or that they have received or dissipated any ill-gotten gains.  It has put forth no basis for freezing their assets, which would leave them unable to buy food or pay other living expenses for themselves or their families.  The requested freeze order would violate Rule 65(d)(2) of the Federal Rules of Civil Procedure, improperly circumvent long-established procedures and legal standards for relief-defendant liability, and trample due process.  U.S. law does not subscribe to the notion of visiting the sins of fathers on their children—or their spouses, grandchildren, nieces, nephews, cousins, in-laws, etc.

    Asset freeze orders, like all injunctions and restraining orders, bind only the parties; the parties' officers, agents, servants, employees, and attorneys; and other persons who are in active

NY: 882955-4

COVINGTON & BURLING LLP

Hon. Shira A. Scheindlin
October 14, 2014
Page 2

concert or participation with them. Fed. R. Civ. P. 65(d)(2). Non-party family members are not on Rule 65(d)(2)'s list. Yet the SEC seeks to freeze—indiscriminately—"any funds or other assets in the name of, for the benefit of, or under the control of...[Wyly] family members...." Proposed Order, Section II. Freezing the assets of an entire extended family is irreconcilable with Rule 65(d)(2).

The SEC's proposed freeze would also nullify the jurisprudence, established by the courts over more than two decades, governing how the agency may attempt to recover ill-gotten gains that securities-law violators transfer to third parties. To collect in such circumstances, the SEC is first required to file a complaint asserting a disgorgement claim against the third-party transferee as a relief defendant. Most commonly, the SEC names relief defendants at the outset of an enforcement action. The SEC then must prove that the relief defendants (1) received ill-gotten gains and (2) have no legitimate claim to the assets. *See, e.g., SEC v. Cavanagh*, 155 F.3d 129, 136 (2d Cir. 1998); *SEC v. Cherif*, 933 F.2d 403, 413-16 & n. 11 (7th Cir. 1991). The SEC may also seek an asset freeze against relief defendants, but only if it can prove that it is likely to succeed on the merits of its disgorgement claims against them. *See Cavanagh*, 155 F.3d at 132. For their part, relief defendants are entitled to take discovery and use the other standard litigation tools to defend themselves. These are the same doctrines and procedures Your Honor invoked and applied fifteen years ago in *SEC v. Heden*, 51 F. Supp. 2d 296, 298-300 (S.D.N.Y. 1999), the decision cited by the SEC in its letter.

Here, the SEC's contrived urgency results only from its own inaction. Its complaint, filed in July 2010, specifically alleged (at ¶¶43-44) that the defendants used overseas trusts to purchase assets for members of their families. Yet the agency named no relief defendants in its complaint and has not sought to add any in the more than four years it has been litigating its claims.

The SEC acts as if it has already prevailed on claims it has not even brought. Its letter implies that it has an automatic right to recover any distribution from a Wyly family trust. But the SEC has not and cannot come close to establishing the elements of a relief defendant claim against these family members:

First, "[t]he burden rests with the Commission to show that the funds in the possession of [a relief defendant] are ill-gotten." *FTC v. Bronson Partners, LLC*, 674 F. Supp. 2d 373, 392 (D. Conn. 2009). But, based on the Court's opinion on disgorgement dated September 25, 2014, the trusts do not contain ill-gotten gains at all. In that opinion (at 56-57), Your Honor found that the defendants' disgorgement obligation does not arise from unlawful trading profits; rather, it is based on taxes the defendants avoided by failing to declare certain of the trusts' trading profits on their personal income tax returns. Those tax savings, however, are personal to the defendants; they could not have been transferred to anyone else. Thus, there can be nothing tainted, or "ill gotten," about trust assets distributed to family members.

COVINGTON & BURLING LLP

Hon. Shira A. Scheindlin
October 14, 2014
Page 3

    Second, even if some of the trusts' trading profits were deemed tainted, the SEC would still have to prove that a challenged trust distribution was traceable to or had been commingled with tainted trust assets. *See, e.g., SEC v. Aragon Capital Mgm't LLC*, 672 F. Supp. 2d 421, 443 (S.D.N.Y. 2009), *vacated in part on other grounds, SEC v. Rosenthal*, 650 F.3d 156 (2d Cir. 2011). Such proof would require detailed evidence, since, as the Court observed: "The SEC is not seeking disgorgement equivalent to the unpaid taxes for all profits earned by the IOM trusts. Rather, the SEC's disgorgement amount pertains specifically to the taxes avoided on profits relating to the exercise of options and sale of stock in four companies in which the [defendants] were influential insiders." Opinion at 68.

    And third, the SEC would have to show that the relief defendant had no legitimate claim to the distributed funds. *See, e.g., Cavanagh*, 155 F.3d at 136. Such a determination could not be made without examining the specific circumstances of the distribution.

    <u>Expedited Discovery</u>. Finally, the SEC cannot justify suspending multiple Federal Rules in order to take discovery from non-parties on only ten days' notice, including depositions on Saturdays. As noted above, the SEC has had over four years to take discovery, and should not be permitted to turn our clients' lives upside down because of its own lack of diligence. It cannot prove irreparable injury or any of the other elements required for expedited discovery. *See Gidatex, S.R.L. v. Campaniello Imports Ltd.*, 13 F. Supp. 2d 417, 420 (S.D.N.Y. 1997).

    \*      \*      \*      \*      \*

    The unprecedented family-wide asset freeze requested by the SEC should be rejected out of hand. If the Court entertains it further, we request notice of and an opportunity to participate in any telephone call, conference, briefing, or other proceeding ordered by the Court concerning the SEC's proposed motion.

                                          Respectfully submitted,

                                          David L. Kornblau

cc (by email):

Counsel of Record
Stewart H. Thomas, Esq.