# COVINGTON & BURLING LLP

BEIJING   BRUSSELS   LONDON   NEW YORK
SAN DIEGO   SAN FRANCISCO   SEOUL
SHANGHAI   SILICON VALLEY   WASHINGTON

DAVID L. KORNBLAU
THE NEW YORK TIMES BUILDING
620 EIGHTH AVENUE
NEW YORK, NY 10018-1405
T 212.841.1084
dkornblau@cov.com

October 20, 2014

BY ECF AND EMAIL

The Honorable Shira A. Scheindlin
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY  10007-1312

      *SEC v. Wyly et al.*, No. 1:10-CV-5760 (SAS)

Dear Judge Scheindlin:

  On behalf of non-parties Cheryl Wyly, Evan Wyly, and Martha Miller, we respectfully seek leave to make this short submission in response to the letter and revised proposed order the SEC submitted to Your Honor on October 15, 2014, in connection with its anticipated motion for an asset freeze and expedited discovery.

  We were initially heartened by the statement in the SEC's letter (at 2) that "[i]t does not seek to freeze assets solely held by [the defendants'] children or prevent their children from feeding their families."  Unfortunately, however, that statement does not accurately describe the new proposed order that the SEC submitted with its letter, which would continue to do both of those things.  *See* Section I (ordering "family members" to "hold and retain within their control…any of their funds or other assets or things of value…) and Section II (freezing "any funds or other assets in the name of, for the benefit of, or under the control of the Wylys, their agents,…family members…").  As we explained in our letter to the Court of October 14, such an indiscriminate family-wide asset freeze would be inconsistent with Rule 65(d)(2) of the Federal Rules of Civil Procedure.

  On Friday, October 17, the SEC offered to narrow its proposed freeze to exclude assets independently earned by family members, but also informed us that it intended to seek to freeze the proceeds of past trust distributions to non-party family members.  This modest retreat would not cure the fatal defects in the SEC's proposed freeze of assets of family members "who are innocent of misconduct and strangers to the district court."  *Doctor's Associates, Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 306 (2d Cir. 1999).

NY: 883532-4

Hon. Shira A. Scheindlin
October 20, 2014
Page 2

"[A] court generally may not issue an order against a nonparty." *United States v. Paccione*, 964 F.2d 1269, 1275 (2d Cir. 1992). The only exceptions are listed in Rule 65(d)(2): the parties' officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with them. These exceptions are "designed to codify the common-law doctrine 'that defendants may not nullify a decree by carrying out prohibited acts through aiders and abettors, although they were not parties to the original proceeding.'" *Heyman v. Kline*, 444 F.2d 65, 65 (2d Cir. 1971) (quoting *Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 14 (1945)).

These exceptions might apply if a family member or other non-party were to *prospectively* aid and abet a defendant's *future* violation of an order of the Court. In contrast, the SEC may not obtain a freeze of the proceeds of a *past* trust distribution to a non-party who now independently owns and controls the funds. Such a distribution did not violate any order, and the proceeds cannot be treated as current assets of the defendants.

To recover such proceeds from a non-party, the SEC must first attempt to bring the recipient of the distribution within the Court's jurisdiction by filing a disgorgement action against the recipient as a relief defendant. Only if the recipient is properly before the Court may the SEC seek a freeze of the proceeds. The SEC then can obtain such a freeze only if it can prove to the Court's satisfaction that it is likely to prevail on the merits of the disgorgement claim. *See, e.g., SEC v. Cavanagh*, 155 F.3d 129, 132 (2d Cir. 1998). For the reasons outlined in our October 14 letter (at 2-3), however, the SEC could not succeed on such a claim against our clients.

We look forward to discussing these issues with Your Honor at any pre-motion conference the Court may convene on the SEC's requested motion.

Respectfully submitted,

David Kornblau /ES

David L. Kornblau

cc (by email):

Counsel of Record
Kostas D. Katsiris, Esq.
Stewart H. Thomas, Esq.