Vinson&Elkins

Josiah M. Daniel III  jdaniel@velaw.com
**Tel** +1.214.220.7718  **Fax** +1.214.999.7718

October 21, 2014

Hon. Shira A. Scheindlin         (via email to Rachel_Schwartz@nysd.uscourts.gov)
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:   *SEC v. Wyly*, No. 1:10-CV-5760

Dear Judge Scheindlin:

As Chapter 11 bankruptcy counsel for Sam Wyly, I write at the suggestion of Steve Susman to respond to the Court's question: *"Regarding the bankruptcy filing, Judge Scheindlin would like immediate input regarding how this will affect proceeding with this case."*

Our law firm filed the Chapter 11 petition for Mr. Wyly in the U.S. Bankruptcy Court in Dallas on October 19, 2014:

> *In re Samuel E. Wyly, Debtor,* Case No. 14-35043-11 (BJH), U.S. Bankruptcy Court, Northern District of Texas, Dallas Division, Honorable Barbara J. Houser, Chief Judge, presiding.

The Chapter 11 filing has three primary effects on the action before this Court: (1) the filing brings the IRS to the table, increasing the prospect for reaching a global settlement in the Chapter 11 forum; (2) the action in this District Court, including the November 17th hearing, can continue, as can other hearings and court actions, except for the enforcement of a monetary judgment; and (3) the SEC's proposed asset-freeze motion is automatically stayed as to properties of the Sam Wyly bankruptcy estate, which include his domestic assets, the offshore trusts, and distributions (as discussed below).  The legal principles follow:

1.   <u>Creation of the "bankruptcy estate."</u>  The first effect of the Chapter 11 filing is to create a bankruptcy estate that, under Bankruptcy Code (Title 11) § 541(a), contains statutorily defined property, *"wherever located and by whomever held"*:

**Vinson & Elkins LLP  Attorneys at Law**
Abu Dhabi  Austin  Beijing  Dallas  Dubai  Hong Kong  Houston  London
Moscow  New York  Palo Alto  Riyadh  San Francisco  Tokyo  Washington

Trammell Crow Center, 2001 Ross Avenue, Suite 3700
Dallas, TX 75201-2975
Tel +1.214.220.7700  Fax +1.214.220.7716  www.velaw.com

- o "all legal or equitable interests of the debtor in property"
- o "any interest in property that the [Chapter 11 debtor[1]] recovers under [provisions of the Bankruptcy Code]"
- o "proceeds, . . . rents, or profits of or from property of the estate"
- o "any interest in property that the estate acquires after the commencement of the case."

The Fifth Circuit has held that "property of the estate" is so broad that even "*arguable property of the estate*" is included.   *Brown v. Chesnut (In re Chestnut)*, 422 F.3d 298 (5th Cir. 2005) (emphasis added).

The § 541(a) definition is given the widest possible interpretation and application, as it is one foundation of the bankruptcy court's subject matter jurisdiction in bankruptcy cases, i.e., under 28 U.S.C. § 1334(e), the bankruptcy court has "exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate."

2.   <u>Implementation of the "automatic stay."</u>   The second effect of the Chapter 11 filing is, under Bankruptcy Code § 362(a), to implement an automatic stay that protects the property of the estate from:

- o "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor . . . or to recover a claim against the debtor"
- o "the enforcement, against the debtor or against property of the estate, of a judgment"
- o "any act to obtain possession of property of the estate . . . or to exercise control over property of the estate"
- o "any act to collect, assess, or recover a claim against the debtor"

Bankruptcy Code § 362(b) provides a relevant "exception" to the foregoing prohibitions of § 362(a). The automatic stay does not prohibit "the

---

[1] Under Bankruptcy Code § 1107, the Chapter 11 debtor has all the rights and performs all the duties and functions of a trustee in bankruptcy.



commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's . . . *police and regulatory power*, including the enforcement of a judgment *other than a money judgment*, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power." (emphasis added) The carve-out of "other than a money judgment" is referred to by the Second and Fifth Circuits and other courts as "the exception-to-the-exception."

As the leading treatise puts it, "[t]he policy of the Code is to permit regulatory. . . actions to proceed in spite of section 362(a)(1), and to permit enforcement of resulting judgments or orders, other than money judgments, in spite of section 362(a)(2). A governmental unit may pursue actions against the debtor or the estate, but *it may not enforce a money judgment or seize or seek control over property of the estate* without first obtaining relief from the stay." COLLIER ON BANKRUPTCY ¶ 362.05[5][a] (16th ed. 2014) (emphasis added).

The case law of the Fifth Circuit and the Second Circuit on the "exception-to-the-exception" is entirely consistent:

> In *SEC v. Brennan,* 230 F.3d 65 (2d Cir. 2000), the Second Circuit held that entry and attempted enforcement by the SEC of an order to repatriate offshore trust assets violated the exception-to-the-exception of § 362(b)(4).

> In *SEC v. First Financial Group,* 645 F.2d 429 (5th Cir. 1981), the Fifth Circuit held that to the extent SEC enforcement of orders threatens or conflicts with the exclusive jurisdiction of the bankruptcy court over the properties of a bankruptcy estate, the bankruptcy court may issue a stay of such proceedings. *See also In re Hunt*, 93 B.R. 484 (Bankr. N.D. Tex. 1988)(enforcing the automatic stay by temporarily enjoining a regulatory agency from pursuing pecuniary enforcement in order to protect the Chapter 11 process).

The broad reach of the "bankruptcy corral" is the key here: the SEC has taken the position that the offshore trusts and their assets are either grantor trusts as to Mr. Wyly or are under his control.  Assuming arguendo that the SEC's position is correct, because of such ownership or control, under §§ 541 and 362 of the Bankruptcy Code, *the trusts, their assets, and distributions* made to the

Debtor or to trust beneficiaries that may be "ill-gotten gains" or that are in any way recoverable from the Debtor or from any other recipients[2] *are property of the bankruptcy estate*, under the jurisdiction of the bankruptcy court for administration by Judge Houser in the course of the Chapter 11 case.

3.      <u>The determination of the claim of the IRS</u>.  The third effect of the Chapter 11 filing is to tie the bankruptcy process directly to the Court's footnote no. 205 in its disgorgement ruling of September 25th:

> In the event there is *a judicial determination* that contravenes the legal conclusions of this Opinion and Order—that is, *if another court determines that the IOM Trusts are in fact, tax-exempt non-grantor trusts,* defendants may pursue all available remedies in this Court, including a motion to vacate the final judgment under Rule 60(b) of the Federal Rules of Civil Procedure. But no such motion will be considered if the *IRS*, in exercising its discretion, chooses not to proceed with an administrative or civil action against the Wylys.

*SEC v. Wyly, Opinion and Order* (doc. # 476) at 62 n.205 [2014 WL 4792229 at *18 n.205] (S.D.N.Y. Sept. 25, 2014)].

In the Chapter 11 case, along with the petition, we filed a motion invoking Bankruptcy Code § 505(a) for "the [bankruptcy] court [to] determine the *amount* or *legality* of any tax . . . or any addition to tax, *whether or not previously assessed*, *whether or not paid*, and *whether or not contested* before and adjudicated by a judicial or administrative tribunal of competent jurisdiction." Bankruptcy Code § 505(a) (emphasis added).

So the third effect of the Chapter 11 case is to accept and fulfill the invitation of this Court for *another court* to make a *judicial determination* of the liability and exact amount that may be due to the IRS. The issue of "legality of any tax" will be the "determin[ation whether] the IOM Trusts are in fact, tax-exempt non-grantor trusts" as posed in footnote 205. The judicial determination of claims of

---

[2] For example, fraudulent transfer law is but one means by which distributions may be recovered. Such claims for property recovery are clearly property of the bankruptcy estate of the Debtor. *In re Am. Nat'l Bank v. MortgageAmerica Corp. (In re MortgageAmerica Corp.)*, 714 F.2d 1266, 1274 (5th Cir. 1983)).

all varieties, specifically including *tax* claims, is something the "speedy"[3] bankruptcy court is highly experienced in doing. (Judge Houser will conduct the first hearing in the Chapter 11 case tomorrow, October 22nd, and the SEC has advised the Bankruptcy Court that its counsel will participate.) The IRS bankruptcy representative in Dallas has expressed appreciation for our filing the § 505(a) motion because that procedure provides the IRS with a well established means to wrap up its ten years of open audits of Mr. Wyly's finances, to make its internal determination of the tax character of the trusts and any liability resulting, and to present a claim for a specific amount, if any.  The Chapter 11 case will proceed harmoniously with the Civil Action in this Court, and all parties will thereby avoid any duplication or overlapping of claims and any need for crediting of payments. The protection and the application of property of the bankruptcy estate to the payment of those claims will be well administered by Judge Houser.

4.    <u>Conclusion</u>.  We will not seek to utilize the Chapter 11 case to slow or derail this Civil Action as a regulatory action. We express the wish that *all* parties would give the Chapter 11 process a reasonable chance to work, as the only forum where all the parties in interest, including the SEC, the IRS, the Debtor, and the trust beneficiaries, can participate in unison. Judge Houser is a seasoned, respected bankruptcy jurist who knows well how to safeguard and administer all property of the bankruptcy estate for the benefit of the IRS, the SEC, and all claimants. The Chapter 11 process provides the means to bring all claimants to the table with the goal of forging a global agreement that can be effectuated through the confirmation of a Chapter 11 plan.

In conclusion, under *Brennan* and *First Financial*, the District Court may, at its discretion, proceed to adjudicate and deal with *all the regulatory aspects* of the matters at issue in the Civil Action.   To be specific, the further hearing scheduled for November 17th may certainly proceed.[4] But the "asset freeze" that the SEC has requested in its letter to the Court dated October 8th for the purpose of "enforc[ing] a final judgment in this case which . . . may exceed $300 million,"[5]

---

[3] *In re Clay*, 35 F.3d 190, 195 (5th Cir. 1994) (referring to bankruptcy courts as "speedy courts").

[4] To enable preparation for the hearing on November 17th, we are immediately requesting the bankruptcy court's approval to pay Mr. Wyly's counsel and his expert witness.

[5] B. Fitzpatrick to Hon. Shira A. Scheindlin, Oct. 8, 2014, at 1 (doc. #479).



should not be entertained. Not only does the filing of the Chapter 11 case alleviate any need for any "asset freezing" because the Debtor and all conceivable property of the bankruptcy estate will be under the control and supervision of the bankruptcy judge, but also because an asset freeze would constitute an act by the SEC to collect a pecuniary claim against the Debtor and to exercise control over, and to recover its claim from, property of the bankruptcy estate.

I appreciate this opportunity to respond to the Court's query,[6] and after the hearing before Judge Houser tomorrow afternoon, I will fly to New York to attend the hearing in the District Court before Your Honor on Thursday, October 23rd, at 11:00 a.m. in order to be available should you need me to respond to any other questions.

Respectfully submitted,

Josiah M. Daniel, III

cc (all via email):
Bridget Fitzpatrick, counsel for the SEC
Angela Dodd, counsel for the SEC
Steve Susman, counsel for defendants
David Kornblau, counsel for certain family members
Stewart Thomas, counsel for certain family members

---

[6] A copy of this letter is being filed with the Bankruptcy Court also.