

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
100 F Street, N.E.
Washington, D.C. 20549

**DIVISION OF**
**ENFORCEMENT**

October 28, 2014

The Honorable Shira A. Scheindlin
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1620
New York, New York 10007-1312

    Re:    *SEC v. Wyly, et al.* 1:10-cv-5760

Dear Judge Scheindlin:

    The Securities and Exchange Commission ("SEC") writes to supplement its letter of this morning with additional evidence that Sam Wyly has been liquidating assets. On August 27, 2014, Sam Wyly entered into an agreement to sell several pieces of art via Christie's Inc. ("Christies"). *See* Exhibit A to Debtor's Notice and Motion for Ratification of October 27, 2014 Auction Sale by Christie's of Certain Artworks, attached hereto as exhibit 1. This agreement was executed within a week of closing arguments in the initial disgorgement hearing.

    The SEC subsequently advised the defense of its intent to move for a temporary asset freeze on October 8, 2014. On October 15, Christies asked Sam Wyly to confirm the reserve prices, indicating that they would be sold on October 27. *See* Exhibit 2. Sam Wyly signed his acknowledgement on October 17. *Id.* Sam Wyly filed for bankruptcy on October 19, 2014. The sale of the artwork was completed by Christie's on October 27, 2014 – after this Court advised that it would grant the SEC's request for a temporary asset freeze. Exhibit 1 at ¶4. The three paintings are selling for more than $320,000. *Id.* at ¶9. Essentially, Sam Wyly tried to liquidate more than $300,000 in art *after* this Court's September 25, 2014 Order awarding $123,836,958.76 in disgorgement against him. Bankruptcy counsel for Mr. Wyly was unaware of the sale until it was completed, see *Id.* at n. 2, raising substantial questions about the completeness of the information the Wylys provided to their counsel regarding their assets. The SEC respectfully submits that this evidence further underscores the need for an immediate asset freeze and the ability to serve such a freeze on third parties such as Christie's, who are in possession of defendants' property.

                                              Respectfully submitted,

                                              Bridget M. Fitzpatrick
                                              Supervisory Trial Counsel
                                              (202) 551-4678
                                              fitzpatrickbr@sec.gov