# Vinson&Elkins

Josiah M. Daniel III  jdaniel@velaw.com
**Tel** +1.214.220.7718  **Fax** +1.214.999.7718

November 2, 2014

Hon. Shira A. Scheindlin      (via email: Rachel_Schwartz@nysd.uscourts.gov)
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:    *SEC v. Wyly*, No. 1:10-CV-5760

Dear Judge Scheindlin:

As Chapter 11 bankruptcy counsel for Sam Wyly in Case No. 14-35043-11, U.S. Bankruptcy Court, Northern District of Texas, (the "Bankruptcy Court"), I write in response to Ms. Fitzpatrick's email to Ms. Schwartz, dated Friday, October 31, 2014, at 7:28 p.m. New York Time, submitting the SEC's revised form of freeze order after the Court's rulings by telephone on October 29, 2014.  I must express three limited objections to the text of the new form.

Attached is a redline pdf document to show the changes we respectfully request.  I was asked by Judith Ross, bankruptcy attorney for Caroline D. Wyly, to collate her comments with mine for convenience and efficiency. The remainder of this letter is an explanation of our requested edits.

First, in each of two places (Section II, subdivision 1, on the fourth unnumbered page, as the last sentence; and also in the first decretal paragraph, on the eighth page, as the penultimate sentence), the SEC requests the addition of a new sentence: "*In the event there is a question regarding whether an asset is covered by this Order, this Court has jurisdiction to resolve the issue.*" The reason this sentence is unnecessary in both places is that the respective cases in the two courts are underway, and will continue to proceed, harmoniously. Each court of course understands its own jurisdiction. I believe that this Honorable District Court for the Southern District of New York, is not going to wish to entertain questions, in the event any should arise unexpectedly, about properties of the bankruptcy estate that the Bankruptcy Court for the Northern District of Texas is specifically supervising and administering. And of course this Honorable District Court *always* has undoubted jurisdiction to interpret and enforce its own orders. The SEC's sentence is just unnecessary.

**Vinson & Elkins LLP  Attorneys at Law**
Abu Dhabi  Austin  Beijing  Dallas  Dubai  Hong Kong  Houston  London
Moscow  New York  Palo Alto  Riyadh  San Francisco  Tokyo  Washington

Trammell Crow Center, 2001 Ross Avenue, Suite 3700
Dallas, TX 75201-2975
**Tel** +1.214.220.7700  **Fax** +1.214.220.7716  **www.velaw.com**

Second, the SEC's first sentence of the first decretal paragraph on the eighth page ("*IT IS HEREBY FURTHER ORDERED, that the SEC may serve this Order on financial institutions with custody of the Wylys' property.*") is inconsistent with the earlier provisions of Section II, subdivision 1) of the order that:

> Assets of the Debtors are subject to this asset freeze until such time as the Debtors have filed schedules of such assets in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Bankruptcy Court's orders. At the time such assets have been scheduled and thereby are clearly under the control of the Bankruptcy Court, subject to all the rulings of the Bankruptcy Court and to the penalties for violating such orders, this asset freeze will dissolve as to such scheduled assets.

The foregoing language of Section 2, subdivision 1) follows from Your Honor's directions by telephone on October 29th. See Transcript, p. at 3 lines 16-19, and p. 10 lines 19-25 through p. 12 lines 1-2.

Moreover, the Debtors have each filed with the Bankruptcy Court a *Schedule* of all their bank accounts, and have provided complete information about them and the funds on deposit, to the SEC and also to all parties in interests as demonstrated by Docket No. 85 on file in the Sam Wyly bankruptcy case and Docket No. 40 in the Caroline D. Wyly case, copies of which are attached.

In short, the order should not contemplate or authorize the service of the order by the SEC on *those bankruptcy-debtor-in-possession bank accounts that are disclosed to the Bankruptcy Court, fully subject to its orders, and clearly under its control and supervision* because there is a serious risk that the bank will simply lock down the accounts, which will be a serious impediment to the Bankruptcy Court's supervision and control. The simple *solution* here is to add at the end of that first sentence of the first decretal paragraph on the eighth page: "*if such property has* <u>not</u> *been listed in Schedules filed in Bankruptcy Case numbers 14-35043-11 (In re Samuel E. Wyly) and 14-35074-11 (In re Caroline D. Wyly)*," as we have marked on the order.

Third, Ms. Ross believes that the sentence marked for addition as the new subdivision 6) of Section II ("*For the avoidance of doubt, the reasonableness of expenditures by Caroline D. Wyly will be addressed by the Bankruptcy Court presiding over the Caroline D. Wyly bankruptcy case.*") was agreed to and inadvertently omitted. Also the word "dispose" or

"disposing" appears twice in the same sentence a few times, again inadvertently, and we have marked those for deletion.

Thank you for considering these drafting points in the order.

Respectfully submitted,

Josiah M. Daniel, III

cc (all via email):
> Bridget Fitzpatrick, counsel for the SEC
> Angela Dodd, bankruptcy counsel for the SEC
> Judith Ross, counsel for Caroline D. Wyly
> Steve Susman, counsel for the defendants
> David Kornblau, counsel for certain family members
> Stewart Thomas, counsel for certain family members