

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
100 F Street, N.E.
Washington, D.C. 20549

**DIVISION OF
ENFORCEMENT**

November 3, 2014

The Honorable Shira A. Scheindlin
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1620
New York, New York 10007-1312

    Re:    *SEC v. Wyly, et al.* 1:10-cv-5760

Dear Judge Scheindlin:

    The Securities and Exchange Commission ("SEC") writes to address certain issues raised in November 2, 2014 letters from counsel for the Relief Defendants (ECF No. 513) and counsel for Sam Wyly (ECF 515).  As previously noted, the SEC's proposed asset freeze was narrowly tailored with respect to the Relief Defendants such that it only applies to family members' assets to the extent they are derived from the offshore system or were transferred to family members by Sam Wyly, Charles Wyly, or the Estate of Charles Wyly during the pendency of the SEC's investigation and this litigation.  The SEC's proposed order allows *sixteen* Relief Defendants to draw a $10,000 monthly stipend from these sources.[1]  This monthly stipend will deplete available funds by approximately $1.9 million per year *before* legal and medical expenses are taken into account.  Without any representations as to need, counsel for the family members seeks to double this amount to $20,000 per month for each Relief Defendant.  This would provide a married couple $40,000 per month even if they had independent sources of income and thus no need to further deplete the Defendants' assets.

    With respect to the Relief Defendants' proposed expenditures on experts, the SEC does not object to the Relief Defendants having the ability to access reasonable amounts of otherwise frozen funds to retain experts in litigation if they make representations that they do not have sufficient independent sources of income to retain such experts.  The purpose of the temporary asset freeze is to maintain the status quo and prevent the depletion of assets by family members – not to allow family members to spend funds that could be used to satisfy this Court's judgment while preserving their own, independent sources of income.  Moreover, Sam Wylys' bankruptcy filings represented that he has spent $100 million defending government investigations and litigation.  His attorneys recently submitted a bill to the Bankruptcy Court reflecting approximately $900,000 in expenditures for a single expert.  The SEC does not object to the Relief Defendants' carve outs for reasonable expert fees if (1) they establish that frozen funds are the only means available to the Relief Defendants; and (2) the reasonableness of expenditures is monitored by the Court.

---

[1]    Caroline D. Wyly is exempted from these provisions because her budget will be addressed by the Bankruptcy Court.

Counsel for the family members suggests that mortgage and rent payments be exempted from the temporary asset freeze. However, if mortgage and rent payments are exempted (along with legal, medical and educational expenses), the proposed $10,000 monthly stipend is too high. Moreover, counsel for the family members has made no representations about the size of these mortgage payments, who receives the mortgage payments,[2] whether the homes themselves could ever be used to satisfy this Court's judgment, or the number of homes each Relief Defendant possesses. Under their proposed language, a married couple could pay tens of thousands towards mortgages on second homes while spending $40,000 a month on other personal items. Such largesse would be completely inappropriate under the current circumstances. If there is a specific case of personal hardship, the SEC is willing to work on appropriate carve outs for individual Relief Defendants. But many family members are capable of making mortgage payments without accessing funds that could be used to satisfy this Court's judgment (or the claims of other debtors in bankruptcy).

Finally, bankruptcy counsel for Sam Wyly requests that the Commission refrain from serving the temporary asset freeze on financial institutions that hold the debtors' bank accounts. This Court had made abundantly clear that the asset freeze will remain in effect until the schedules and statement of financial affairs are filed in the bankruptcy proceeding. Schedules filed as part of a bankruptcy case must be signed by the debtor under penalty of perjury. Bankruptcy Rule 1008 and 28 U.S.C. 1746. It is important that the asset freeze remain in place until the debtor has fulfilled his obligations to file verified schedules under the Bankruptcy Code. Piecemeal notice of assets is not sufficient.

For the foregoing reasons, the SEC respectfully requests that the Court enter its Proposed Order (ECF 514).

Respectfully submitted,

Bridget M. Fitzpatrick
Supervisory Trial Counsel
(202) 551-4678
fitzpatrickbr@sec.gov

cc via e-mail:  all counsel of record

---

[2] As the Court is aware, some purchases and loans were structured such that regular payments had to be made to the Wylys' Offshore System.