UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC ...
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/3/14
```

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SAMUEL E. WYLY and DONALD R. MILLER, JR., in his capacity as the Independent Executor of the Will and Estate of Charles J. Wyly, Jr.,<br><br>Defendants,<br><br>CHERYL WYLY, EVAN ACTON WYLY, LAURIE WYLY MATTHEWS, DAVID MATTHEWS, LISA WYLY, JOHN GRAHAM, KELLY WYLY O'DONOVAN, ANDREW WYLY, CHRISTIANA WYLY, CAROLINE D. WYLY, MARTHA WYLY MILLER, DONALD R. MILLER, JR., in his individual capacity, CHARLES J. WYLY III, EMILY WYLY LINDSEY, JENNIFER WYLY LINCOLN, JAMES W. LINCOLN, and PERSONS, TRUSTS, LIMITED PARTNERSHIPS, AND OTHER ENTITIES KNOWN AND UNKNOWN,<br><br>Relief Defendants. | ORDER<br><br>No. 1:10-cv-05760-SAS |

## ORDER TEMPORARILY FREEZING ASSETS AND GRANTING OTHER RELIEF

This matter is before the Court on the Motion of the Plaintiff Securities and Exchange Commission ("Commission" or "SEC") for an Order: (1) freezing the assets of Defendant Samuel Wyly ("Samuel Wyly") and Donald R. Miller, Jr. in his capacity as the Executor of the Will and Estate of Charles J. Wyly Jr. ("Charles Wyly" and, together, the "Wylys"); (2) requiring

an accounting of their assets; (3) preventing document alteration or destruction; and (4) expediting asset discovery in this action.

The Court, having considered the evidence and the argument of the parties, finds based on the Wylys' claim of inability to pay the amount of disgorgement found to be appropriate in the Court's September 25, 2014 Order, and the concern regarding the possible dissipation of assets by the Wylys, family members, and other third parties while this litigation is pending, that a temporary injunction should, and hereby does, issue. Consequently, IT IS HEREBY ORDERED:

## I.

This Order shall apply to the Wylys and to the following Relief Defendants: Cheryl Wyly, Evan Acton Wyly, Laurie Wyly Matthews, David Matthews, Lisa Wyly, John Graham, Kelly O'Donovan, Andrew Wyly, Christiana Wyly, Caroline D. Wyly (with the exceptions set forth herein), Martha Wyly Miller, Donald R. Miller, Jr., in his individual capacity, Charles J. Wyly III, Emily Wyly Lindsey, Jennifer Wyly Lincoln, and James W. Lincoln (hereinafter, the "Relief Defendants"). It shall apply to the Wylys' assets, including, but not limited to, assets held by the following:

> Tallulah International Trust, Bulldog Non-Grantor Trust, Lake Providence International Trust, Delhi International Trust, Bessie Trust, Plaquemines Trust, La Fourche Trust, Crazy Horse Trust, Arlington Trust, Sitting Bull Trust, Woody International Trust, Pitkin Non-Grantor Trust, Castle Creek International Trust, Tyler Trust, Red Mountain Trust, Maroon Creek Trust, Lincoln Creek Trust, East Baton Rouge Limited, East Carroll Limited, Locke Limited, Moberly Limited, Richland Limited, Tensas Limited, West Carroll Limited, Morehouse Limited, Sarnia Investments Limited, Greenbrier Limited, Audubon Assets Limited f/k/a Fugue Limited, Yurta Faf Limited, Cottonwood I Limited, Cottonwood II Limited, Mi Casa Limited, Newgale Limited, Rosemary's Circle R Ranch Limited (f/k/a Two Mile Ranch Limited and Woody Creek Ranch Limited), Spitting Lion Limited, Balch LLC, Bubba LLC, Flo Flo LLC, Katy LLC, Orange LLC, Pops LLC, Devotion Limited, Relish Enterprises Limited, Little Woody Limited, Rugosa Limited, Roaring Creek Limited, Roaring Fork Limited, Woody International Trust, Elysium Limited, Gorsemoor Limited, Jordan Way Limited, Little Woody

Creek Road Limited, Soulieana Limited, Stargate Farms Limited, and Elegance Limited (hereinafter, "IOM Trusts and Companies").

The Wylys and the Relief Defendants shall hold and retain within their control, and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal whatsoever of funds or other assets or things of value presently held by them, under their control, or over which they exercise actual or apparent investment or other authority, in whatever form such assets may presently exist, wherever located, which were, at any time, the property of the IOM Trusts and Companies, loaned by the IOM Trusts and Companies, or acquired with funds received from the IOM Trusts and Companies and/or any additional entities that received funds, loans or other assets from the IOM Trusts and Companies, except as specifically provided in Paragraph II below. Property includes but is not limited to any property in which the IOM Trusts and Companies have or had a legal, beneficial, or equitable interest.

To the extent parties subject to this asset freeze are in possession of property titled in the name of or distributed from IOM Trusts and Companies, they are prohibited from disposing, transferring, pledging, encumbering, assigning, dissipating, concealing, or removing from the territorial jurisdiction of the United States such property or assets. They are further prohibited from taking steps to have any other party or any third party dispose, transfer, pledge, encumber, assign, dissipate, conceal, or remove from the territorial jurisdiction of the United States such property or assets.

This asset freeze also applies to the foregoing persons and entities to the extent that they hold or control any assets or things of value transferred to or obtained by them from the Wylys after January 1, 2005.

The Wylys are required to notify all of their agents, servants and employees, wherever located, that at their direction those people must refrain from disposing, transferring, pledging,

encumbering, assigning, dissipating, concealing, or removing from the territorial jurisdiction of the United States any property that is the subject of this Order unless such action is explicitly approved by the terms of this Order or by the Court.

## II.

This asset freeze does not apply to any of the following:

1) Budget items and expenditures from the Debtors' bankruptcy balances in bank accounts that are expressly approved, after notice and a hearing, by the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court") in case numbers 14-35043-11 (*In re Samuel E. Wyly*) and 14-35074-11 (*In re Caroline D. Wyly*) (the "Bankruptcy Cases"). As used in this Order, the term "Debtors" applies to Samuel E. Wyly and Caroline D. Wyly. Assets of the Debtors are subject to this asset freeze until such time as the Debtors have filed schedules of such assets in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Bankruptcy Court's orders. At the time such assets have been scheduled and thereby are clearly under the control of the Bankruptcy Court, subject to all the rulings of the Bankruptcy Court and to the penalties for violating such orders, this asset freeze will dissolve as to such scheduled assets. For clarity: assets that are not listed in the bankruptcy schedules shall remain subject to this asset freeze. Exemption from the asset freeze for the foregoing matters is based upon the understanding that, consistent with the Bankruptcy Court's orders, the Debtors will make a full disclosure of all assets, including community property. In the event there is a question regarding whether an asset is covered by this Order, the issue will be resolved by this Court.

2) Income and assets that are *not* derived from any distributions, investments, gifts, bequests, loans, or other assets or businesses that are or ever were owned or beneficially controlled by

the Wylys or the IOM Trusts and Companies and/or any other entities receiving money, loans or other assets from the Wylys or the IOM Trusts and Companies.

3) Necessary and reasonable living expenses for each Relief Defendant except Caroline D. Wyly in the amount of $15,000 per month, all medical expenses, *reasonable* legal fees, all tuition and other education-related expenses, all taxes, and reasonable expenses incurred responding to the SEC's discovery requests and to determine if particular assets are subject to Sections I and II of this Order (excluding any fees to experts who have not been retained by the Bankruptcy Court). The Court will address requests for fees to any experts retained by Relief Defendants, and requests for funds to make mortgage payments on currently owned real estate on a case by case basis.

4) Money and other assets transferred to or obtained by Relief Defendants prior to January 1, 2005 that were not derived from or purchased, directly or indirectly, by the IOM Trusts and Companies. The limitations on living expenses, expenses incurred by the Wyly Family Office, and legal fees in the preceding paragraph shall not apply to such assets.

5) Transfers from Samuel E. Wyly's BBVA Compass Bank accounts with account numbers that end in 0274, 1463, 0711, 0290, and 1540 into Samuel E. Wyly's debtor-in-possession bank account at Plain's Capital Bank with an account number that ends in 7156.

### III.

The Wylys and the Relief Defendants shall provide the SEC with access to all financial records wherever located concerning funds or other assets or things of value presently held by them, under their control, or over which they exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located. The SEC's requests for records under this paragraph shall be subject to the Federal Rules of Civil Procedure,

the Fair Debt Collection Practices Act, and any other applicable federal rules or statutes, except as provided in Section V of this Order.

IV.

The Wylys, the Relief Defendants, and their agents, servants, employees, entities having possession or control of any of the Wylys' assets (including, but not limited to, all IOM Trusts and Companies), and those persons in active concert or participation with them who receive notice of this Order by personal service or otherwise, including via facsimile or email, are hereby restrained from destroying, mutilating, concealing, altering, or disposing of any document referring or relating in any manner to any financial transactions of the Wylys, the Relief Defendants, or their agents, servants, employees, or entities having possession or control of any of the Wylys' assets (including, but not limited to, all IOM Trusts and Companies). As used in this Order, "document" means the original and all non-identical copies (whether non-identical because of handwritten notation or otherwise) of all written or graphic matter, however produced, and any other tangible record, or electronic data compilation capable of reproduction in tangible form, including, without limitation, correspondence, memoranda, minutes, notes, telephone records, e-mails, instant messages, faxes, reports, studies, telexes, diaries, calendar entries, contracts, accountings, statements, letters of agreement, and including any and all existing drafts of all documents.

V.

The SEC is hereby permitted to conduct expedited financial discovery concerning the Wylys, the Relief Defendants, their assets, and the disposition of their assets, held directly by them or indirectly by trust, subsidiary, or otherwise, commencing with the time and date of this Order, in lieu of the time periods, notice provisions, and other requirements of Rules 26, 30, 33, 34, 36 and 45 of the Federal Rules of Civil Procedure and such discovery shall proceed as follows:

(A) Pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, the Commission may take depositions upon oral examination on 10 calendar days' notice of any such deposition. Depositions may be taken Monday through Friday. As to the Wylys and the Relief Defendants the Commission may depose such witnesses after serving a deposition notice by facsimile, hand or overnight courier upon such individuals, and without serving a subpoena on such witness.

(B) Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, the Wylys and Relief Defendants shall answer the Commission's interrogatories within 10 calendar days of service of such interrogatories.

(C) Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, the Wylys and Relief Defendants shall produce all documents requested by the Commission within 10 calendar days of service of such request, with production of the documents made to Bridget Fitzpatrick, U.S. Securities & Exchange Commission, or such other person or place as counsel for the Commission may direct in writing.

(D) Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, the Wylys and Relief Defendants shall respond to the Commission's requests for admissions within 10 calendar days of such requests.

(E) All written responses to the Commission's requests for discovery under the Federal Rules of Civil Procedure shall be delivered by hand or overnight courier to the Commission to the attention of Bridget Fitzpatrick, U.S. Securities and Exchange Commission, 100 F Street N.E., Washington, DC 20549, or such other place and person as counsel for the Commission may direct in writing.

All of the foregoing financial discovery shall be subject to any assertion of privilege held by client and counsel unless it is within the scope of the waiver of the attorney-client privilege previously recognized by this Court. As to the Debtors, with respect to the foregoing expedited discovery and the access to financial records set forth in Section III of this Order, to the extent possible SEC counsel will work with bankruptcy counsel and the Bankruptcy Court to coordinate such expedited discovery and record-access matters.

## VI.

IT IS HEREBY FURTHER ORDERED, that this Order shall be, and is, binding upon the Wylys and the Relief Defendants who shall receive notice of this Order by personal service, facsimile service, or email service.

IT IS HEREBY FURTHER ORDERED, that the SEC may serve this Order on financial institutions with custody of the Wylys' property, to the extent that such property has not been listed in Schedules filed in Bankruptcy case numbers 14-35043-11 (*In re Samuel E. Wyly*) and 14-35074-11 (*In re Caroline D. Wyly*) and signed by the Debtors under penalty of perjury. Such property is restrained in accordance with the terms of this Order until such time as the property is listed on Schedules filed in Bankruptcy case numbers 14-35043-11 (In re Samuel E. Wyly) and 14-35074-11 (In re Caroline D. Wyly), and the debtors in those cases acknowledge that such property is subject to the Automatic Stay. At the time such assets have been scheduled and thereby are clearly under the control of the Bankruptcy Court, subject to all the rulings of the Bankruptcy Court and to the penalties for violating such orders, this asset freeze will dissolve as to such scheduled assets. For clarity: assets that are not listed in the bankruptcy schedules shall remain subject to this asset freeze. Exemption from the asset freeze for the foregoing matters is based upon the understanding that, consistent with the Bankruptcy Court's orders, the Debtors

will make a full disclosure of all assets, including community property. In the event there is a question regarding whether an asset is covered by this Order, the issue will be resolved by this Court. If budgets for personal and other expenditures are approved in the aforementioned bankruptcy cases, such court order operates to modify the terms of this Order with respect to any property that is restrained and held by a financial institution and subject to this Order.

IT IS HEREBY FURTHER ORDERED, that the SEC shall not serve this Order on any financial institution holding any asset of any Relief Defendant without a further order of this Court, on notice to the affected Relief Defendant, based on evidence presented to this Court that the particular account or asset falls within the scope of this Order.

IT IS HEREBY FURTHER ORDERED, that this Court has jurisdiction to determine the scope of the automatic stay pursuant to 11 U.S.C. § 362 as a result of the Bankruptcy Cases.

**SO ORDERED.**

SHIRA A. SCHEINDLIN,
UNITED STATES DISTRICT JUDGE

Dated: November 3, 2014, 2:45 a.m./p.m.