

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
100 F Street, N.E.
Washington, D.C. 20549

**Division of Enforcement**

November 17, 2014

The Honorable Shira A. Scheindlin
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1620
New York, New York 10007-1312

     *Re: SEC v. Wyly, et al.* 1:10-cv-5760

Dear Judge Scheindlin:

     The Securities and Exchange Commission ("SEC") writes to request a conference regarding the assertion of relief defendant Caroline D. Wyly that naming her in as a relief defendant violates the automatic stay. We have received the attached November 14, 2014 letter from Mrs. Wyly's bankruptcy counsel, demanding that the SEC either 1) drop Caroline D. Wyly as a relief defendant in the Amended Complaint; or 2) alternatively, agree to an order of abatement in the New York Case with respect to Mrs. Wyly ("Ross letter").

     Mrs. Wyly's counsel asserts that the SEC may not rely on the governmental exception to the automatic stay provided in Section 362(b)(4) of the Bankruptcy Code to name Mrs. Wyly as a relief defendant. The Amended Complaint, adding Mrs. Wyly as a relief defendant, was filed at the same time that the Court was considering the Asset Freeze. In conjunction with the entry of the Asset Freeze, this Court found that it had jurisdiction to determine whether the automatic stay applied (*citing In re Baldwin-United Corp. Litig,* 765 F.2d 343, 347 (2d Cir. 1985) and ruled that the automatic stay did not apply. Mrs. Wyly's counsel participated before this Court and raised the automatic stay issue both by letter and during conferences with the Court.

     This Court has already exercised its concurrent jurisdiction to determine the applicability of the automatic stay to the SEC's enforcement action currently pending before it. Because this Court's jurisdiction attached first in time, any continuing issue involving the applicability of the automatic stay in this action should be decided here. *SEC v. Wolfson*, 309 B.R. 612, 618 (D. Utah 2004)(*citing United States Dep't of Housing & Urban Dev't v. Cost Control Marketing & Sales Mgm't,* 64 F.3d 920, 927 n.11 (4th Cir. 1995)). This Court's jurisdiction attached when it considered the question of the automatic stay as it related to the Asset Freeze and the corresponding amendments to the Complaint. Moreover, where the District Court, as here, has spent significant time and resources on a case, it preserves

Hon. Shira A. Scheindlin
*SEC v. Wyly, et al.* 1:10-cv-5760
November 17, 2014
Page 2

valuable judicial resources to retain its jurisdiction to determine the effect of the automatic stay on that case. *Id*.

      The SEC's actions fall well within the exception to the automatic stay that allows governmental units to pursue their police or regulatory power against relief defendants. *See SEC v. Morriss*, 2012 WL 2154903, at *1 (E.D. Mo. June 13, 2015)(the governmental exception to the automatic stay applies to an SEC action against a relief defendant already in bankruptcy); *SEC v. Smith,* 2005 WL 2875546, at *3 (S.D. Ohio November 2, 2005); *In re D'Angelo*, 409 B.R. 296 (Bankr. D. N.J. 2009)(disgorgement action for over $600,000 brought by the New Jersey Bureau of Securities against a relief defendant was not subject to automatic stay).

      Mrs. Wyly's letter indicates that she may collaterally attack the Amended Complaint and this Court's jurisdiction in the bankruptcy court. *See* Ross letter at 2 ("Since such a cause of action is an *in rem* action, and the Bankruptcy Court has exclusive jurisdiction over the property held and owned by Dee Wyly, the only place to bring such action is in the Bankruptcy Court presiding over Mrs. Wyly's bankruptcy case."). Indeed, she objected to service of the Amended Complaint in the above captioned case as an alleged violation of the automatic stay.

      We request a conference so that it is clear that any issue of whether the stay applies be heard before this Court. In addition, the SEC requests that the Court direct Mrs. Wyly to file any pleadings related to the automatic stay, the Freeze Order or the Amended Complaint in the above captioned case for this Court to decide.

      Respectfully submitted,

      /s/ *Bridget Fitzpatrick*
Bridget Fitzpatrick
Supervisory Trial Counsel
(202) 551-4678
fitzpatrickbr@sec.gov

cc via email:   Judith W. Ross, Josiah M. Daniel, III, Steve Susman, David Kornblau, Stewart Thomas

JR

LAW OFFICES OF JUDITH W. ROSS
Complex Bankruptcy, Corporate and Mediation

November 14, 2014

**BY EMAIL**

Ms. Angie Dodd
Senior Bankruptcy Counsel
Securities and Exchange Commission
175 W. Jackson Blvd., Suite 900
Chicago, IL 60604

Dear Ms. Dodd,

      On October 29, 2014, six days after the voluntary petition date in the Caroline D. Wyly bankruptcy case, and with full notice of the bankruptcy case pending before the bankruptcy court in Dallas, the SEC filed an amended complaint in the case of *Securities and Exchange Commission v. Samuel E. Wyly, et al.*, case number 1:10-cv-05760 pending in the United States District Court for the Southern District of New York (the "**New York Case**") (Docket Number 505) (the "**Amended Complaint**"). The Amended Complaint names multiple Wyly family members—including Dee Wyly—as "relief defendants," asserts a claim for unjust enrichment, and asks the District Court to order the relief defendants—including Dee Wyly—"to disgorge funds, assets, or things of value they hold or control." Amended Complaint at 17. Upon receipt of the Amended Complaint, I informed the parties that I believed service of the Amended Complaint violated the automatic stay. Nonetheless, Keeley Hennington accepted service on behalf of Dee Wyly, subject to Dee's position that the automatic stay is being violated.

      Filing of the Amended Complaint is unquestionably "***the commencement or continuation***, including the issuance or employment of process, ***of a judicial***, administrative, or other ***action or proceeding against the debtor.***" 11 U.S.C. § 362(a)(1) (emphasis added). It is also an "***act*** to obtain ***possession of property*** of the estate or of property from the estate or to exercise ***control over property*** of the estate." 11 U.S.C. § 362(a)(3) (emphasis added). And it is an "***act*** to ***collect***, assess, ***or recover a claim*** against the debtor that arose before the commencement of the case under this title. 11 U.S.C. § 362(a)(6) (emphasis added).

      The filing of the Amended Complaint does not fall under any of the exceptions to the application of the automatic stay enumerated in § 362(b) of the Bankruptcy Code. The regulatory exception to the automatic stay is inapplicable because there is not a single word in the Amended Complaint that even hints, let alone states, that Mrs. Wyly has somehow engaged in behavior that violates regulatory laws of the United States. Instead, the Amended Complaint merely lists Mrs. Wyly as a "relief defendant" asking that she be required to return money to the estate

Ms. Angie Dodd
November 14, 2014
Page 2

because she has been "unjustly enriched." As such, the filing, service, and prosecution of the Amended Complaint against Caroline D. Wyly represents a clear, willful, and continuing violation of the automatic stay by the SEC.

My client should not be required to expend any money defending herself in the New York Case when the SEC can simply file a claim in the Bankruptcy Court. Judge Scheindlin's opinion addressed the applicability of the automatic stay to the Charles Wyly and Sam Wyly parties, but did not address the issue with respect to a relief defendant in bankruptcy. Since such a cause of action is an *in rem* action, and the Bankruptcy Court has exclusive jurisdiction over the property held and owned by Dee Wyly, the only place to bring such action is in the Bankruptcy Court presiding over Mrs. Wyly's bankruptcy case.

At this time, I ask that the SEC agree to either 1) drop Caroline D. Wyly as a relief defendant in the Amended Complaint; or 2) alternatively, agree to an order of abatement in the New York Case with respect to Mrs. Wyly. I need to know well before Mrs. Wyly's answer date whether you will agree to a voluntary abatement.

Sincerely,

Judith W. Ross
by Eric Soderlund
w/ permission

00051-014