## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                        **Plaintiff,**<br><br>**v.**<br><br>**SAMUEL E. WYLY and DONALD R. MILLER, JR., in his capacity as the Independent Executor of the Will and Estate of Charles J. Wyly, Jr., MICHAEL C. FRENCH and LOUIS J. SCHAUFELE III,**<br><br>                     **Defendants,**<br><br>**and**<br><br>**CHERYL WYLY, EVAN ACTON WYLY, LAURIE WYLY MATTHEWS, DAVID MATTHEWS, LISA WYLY, JOHN GRAHAM, KELLY WYLY O'DONOVAN, ANDREW WYLY, CHRISTIANA WYLY, CAROLINE D. WYLY, MARTHA WYLY MILLER, DONALD R. MILLER, JR., in his individual capacity, CHARLES J. WYLY III, EMILY WYLY LINDSEY, JENNIFER WYLY LINCOLN, JAMES W. LINCOLN,  and PERSONS, TRUSTS, LIMITED PARTNERSHIPS, AND OTHER ENTITIES KNOWN AND UNKNOWN,**<br><br>              **Relief Defendants.** | **No. 1:10-cv-05760-SAS**<br><br>**AMENDED COMPLAINT** |

Plaintiff Securities and Exchange Commission ("the Commission"), for its Amended Complaint against defendants Samuel E. Wyly ("Sam Wyly"), Donald R. Miller, Jr., in his capacity as the Independent Executor of the Will and Estate of Charles J. Wyly, Jr., (jointly, the "Wylys"), Michael C. French ("French") and Louis J. Schaufele III ("Schaufele"), (collectively,

"the Defendants"), and Relief Defendants Cheryl Wyly, Evan Acton Wyly, Laurie Wyly Matthews, David Matthews, Lisa Wyly, John Graham, Kelly Wyly O'Donovan, Andrew Wyly, Christiana Wyly, Caroline D. Wyly, Martha Wyly Miller, Donald R. Miller, Jr., in his individual capacity, Charles J. Wyly III, Emily Wyly Lindsey, Jennifer Wyly Lincoln, James W. Lincoln, and persons, trusts, limited partnerships, and other entities known and unknown, alleges as follows:

### SUMMARY OF THE ALLEGATIONS

1.      The SEC re-alleges as if fully set forth herein, and incorporates by reference, the facts, allegations, and claims of the Original Complaint filed on July 29, 2010 at ECF No. 1 in this action and attached as Appendix A to this Amended Complaint.

2.      Defendants Sam Wyly and Charles Wyly engaged in a 13-year fraudulent scheme to hold and trade tens of millions of securities of public companies while they were members of the boards of directors of those companies, without disclosing their beneficial ownership and their trading of those securities.  The Wylys' scheme defrauded the investing public by materially misrepresenting the Wylys' beneficial ownership and trading of the securities at issue while enabling the Wylys to realize hundreds of millions of dollars of unlawful gains and other material benefits in violation of the federal securities laws governing the beneficial ownership and trading of securities by corporate insiders.

3.      The public companies involved in the Wylys' scheme to defraud were Michaels Stores, Inc. ("Michaels"), Sterling Software, Inc. ("Sterling Software"), Sterling Commerce, Inc. ("Sterling Commerce"), and Scottish Annuity & Life Holdings Ltd. (now known as Scottish Re Group Limited) ("Scottish Re")  (hereinafter collectively referred to as "the Issuers").  The

shares of the Issuers were traded on the New York Stock Exchange throughout the period of the Wylys' scheme.

4.      The apparatus of the fraud was an elaborate sham system of trusts and subsidiary companies located in the Isle of Man and the Cayman Islands (collectively hereinafter the "Offshore System") created by and at the direction of the Wylys.  The Offshore System enabled the Wylys to hide their beneficial ownership and control of the Issuers' securities (hereinafter "Issuer Securities") through trust agreements that purported to vest complete discretion and control in the offshore trustees.  In actual fact and practice, the Wylys never relinquished their control over the Issuer Securities and continued throughout the relevant time period to vote and trade these securities at their sole discretion.

5.      Through their use of the Offshore System, the Wylys were able to sell without disclosing their beneficial ownership over $750 million worth of Issuer Securities, and to commit an insider trading violation resulting in unlawful gain of over $31.7 million.  The Wylys' attorney, Michael C. French ("French"), and their stockbroker, Louis J. Schaufele III ("Schaufele), substantially assisted the Wylys' fraudulent scheme, each reaping financial rewards for doing so.  Each also committed primary violations of the antifraud provisions of the securities laws.

6.      The Wylys and French knew or were reckless in not knowing their obligations under the federal securities laws as public company directors and greater-than-5% beneficial owners, to report their Issuer Securities holdings and trading on Schedules 13D and Forms 4, public documents filed with the Commission.  The Wylys and French also knew or were reckless in not knowing that the investing public routinely used such disclosures to, among other things, gauge the sentiment of public companies' insiders and large shareholders about those companies'

financial condition and prospects, thereby relying on them in making investment decisions.
Despite their knowledge, the Wylys and French systematically and falsely created the impression
that the Wylys' holdings and trading of Issuer Securities were limited to the fraction that they
held and traded domestically.  By depriving existing shareholders and potential investors of
information deemed material by the federal securities laws, the Wylys were able to sell, in large-
block trades alone, more than 14 million shares of Issuer Securities over many years, realizing
gains in excess of $550 million.  The sales generating most of these gains were made pursuant to
materially false or misleading Commission filings.

7.     Throughout the course of their scheme, the Wylys, French and Schaufele engaged
in fraud, deception and material misrepresentation to conceal their actions.  These acts included:
(i) the making of hundreds of false and materially misleading statements to the Issuers, the
Issuers' attorneys, investors, the Commission, and, in the case of Schaufele, to brokerage firm
intermediaries, (ii) the establishment and operation of an offshore "Wyly family office" in the
Cayman Islands as a conduit and repository for communications and records "which should not
be seen in the USA," and (iii) the allocation of the Wylys' offshore holdings of Issuer Securities
among different, and often newly created, offshore entities, all under the Wylys' control, solely
to avoid making required Commission filings.

8.     French utilized his roles as the Wylys' lawyer and fellow director on three of the
four Issuers' boards to cover the Wylys' scheme with a false cloak of legality that was essential
both to its concealment and its execution.  French's assistance to the Wylys' scheme continued
during his tenure as Scottish Re's Chairman, when the Wylys, who had left Scottish Re's board,
continued covertly to hold more than 5% of its outstanding stock.  French also established

offshore entities of his own, which he used to control and to trade Issuer Securities without disclosing his beneficial ownership or trading as required by law.

9.      For his part, Schaufele used his position as the Wylys' stockbroker to conceal from and affirmatively misrepresent to his brokerage firm superiors the Wylys' control over the Issuer Securities held in their Offshore System.  Schaufele also directly committed an insider trading violation by trading in Sterling Software common stock through his wife's accounts based upon non-public material information he learned through his employment at Lehman Brothers, i.e. the Wylys' intent to make a massive, bullish and undisclosed transaction in Sterling Software offshore.

10.     By the conduct described herein:

a.  the Wylys each violated Sections 5(a), 5(c) and 17(a) of the Securities Act of 1933 ("Securities Act") and Sections 10(b), 13(d), 14(a) and 16(a) of the Securities Exchange Act of 1934 ("Exchange Act"), and Rules 10b-5, 13d-1, 13d-2, 14a-3, 14a-9, 16a-2 and 16a-3 thereunder, and aided and abetted (1) violations of Exchange Act Sections 13(a) and 14(a) and Rules 13a-1, 14a-3 and 14a-9 thereunder by Michaels, Sterling Software, Sterling Commerce and Scottish Re; and (2) violations of Exchange Act Section 13(d) and Rules 13d-1 and 13d-2 thereunder by certain of their Isle of Man trustees;

b.  French violated Securities Act Section 17(a) and Exchange Act Sections 10(b), 13(d), 14(a) and 16(a), and Rules 10b-5, 13d-1, 13d-2, 14a-3, 14a-9, 16a-2 and 16a-3 thereunder, and aided and abetted (1) violations of Exchange Act Sections 10(b), 13(d), 14(a) and 16(a) and Rules 10b-5, 13d-1, 13d-2, 14a-3 and 14a-9 by Sam Wyly and Charles Wyly; (2) violations of Exchange Act Sections 13(a) and

14(a) and Rules 13a-1, 14a-3 and 14a-9 thereunder by Michaels, Sterling

Software, Sterling Commerce, and Scottish Re; and (3) violations of Exchange

Act Section 13(d) and Rules 13d-1 and 13d-2 thereunder by certain Isle of Man

trustees; and

c.  Schaufele violated Exchange Act Section 10(b) and Rule 10b-5 thereunder, and

aided and abetted violations of Exchange Act Section 10(b) and Rule 10b-5

thereunder by the Wylys.

Defendant Sam Wyly will continue to violate the foregoing statutes and rules unless restrained or

enjoined by this Court.

11.    The Commission seeks injunctive relief, disgorgement of ill-gotten gains,

prejudgment interest, civil penalties and other appropriate and necessary equitable relief from the

Defendants and Relief Defendants.

12.    Moreover, Relief Defendants must be temporarily restrained and preliminarily

enjoined, to ensure that they do not disperse, dissipate, or otherwise conceal assets procured

through the Defendants' fraudulent scheme that are now held in the names of the Relief

Defendants or are under their control.

## JURISDICTION AND VENUE

13.    This Court has jurisdiction over this action pursuant to Securities Act Sections

20(d)(1) and 22(a) [15 U.S.C. §§ 77t(d)(1) and 77v(a)] and Exchange Act Sections 21(d), 21(e),

21A and 27 [15 U.S.C. §§ 78u(d), 78u(e), 78u-1 and 78aa].

14.    Each Defendant, directly or indirectly, made use of the means and

instrumentalities of interstate commerce, of the mails or of the facilities of a national securities

exchange, in connection with the acts, practices and courses of business alleged herein, certain of which occurred within the Southern District of New York.

15.     Venue in this district is proper under Section 22(a) of the Securities Act [15 U.S.C. § 77v(a)] and Section 27 of the Exchange Act [15 U.S.C. § 78aa] because a substantial portion of the conduct alleged herein occurred within the Southern District of New York.

## THE DEFENDANTS

16.     **Samuel E. Wyly**, a resident of Dallas, Texas, served as Michaels' Chairman from 1984 to 2001, and as its Vice-Chairman from 2001 until its acquisition by a consortium of private equity firms in 2006; as Sterling Software's Chairman from 1981 until its acquisition by Computer Associates in 2000; as Sterling Commerce's Executive Committee Chairman, and as a Member of its Board of Directors, from December 1995 until its acquisition by SBC Communications in 2000; and as Scottish Re's Chairman from October 1998 until March 2000. Since 1979, he has been permanently enjoined from violating, among other provisions, the antifraud provisions of the Securities Act and the Exchange Act charged herein.  See *SEC v. Samuel E. Wyly et al*., Civ. Action No. 79-3275, Lit. Rel. No. 8943 (D.D.C., Dec. 6, 1979).

17.     **Charles J. Wyly, Jr.**, deceased, was a resident of Dallas, Texas, served as Michaels' Vice-Chairman from 1984 to 2001 and as its Chairman from 2001 through 2006; as Sterling Software's Vice-Chairman from 1984 until 2000; as a Director of Sterling Commerce and a member of its Executive Committee from December 1995 until 2000; and as a director of Scottish Re from October 1998 until November 2000.

18.     On January 27, 2012, Donald R. Miller, Jr., was substituted as a party Defendant, in his capacity as the Independent Executor of the Will and Estate of Charles J. Wyly, Jr.[1]

---

[1] ECF No. 89.

19.     The First Claim (Exchange Act Section l0(b) and Rule l0b-5 thereunder), Fourth Claim (Securities Act Section 17(a)),  Fifth Claim (Securities Act Sections 5(a) and 5(c)), Sixth Claim (Exchange Act Section 13(d) and Rules 13d-l and 13d-2 thereunder), Eighth Claim (aiding and abetting violations of Exchange Act Section 13(d) and Rules 13d-l and 13d-2 thereunder), Ninth Claim (Exchange Act Section 16(a) and Rules 16a-2 and 16a-3 thereunder), Eleventh Claim (Exchange Act Section 14(a) and Rules 14a-3 and 14a-9 thereunder), Twelfth Claim (aiding and abetting violations of Exchange Act Section 14(a) and Rules 14a-3 and 14a-9 thereunder), and the Thirteenth Claim (aiding and abetting violations of Exchange Act Section 13(a) and Rule 13a-1 thereunder) in the Original Complaint were tried to a jury, and on May 12, 2014, the jury returned a verdict in favor of the Commission and against the Wylys on each of those claims.[2]

20.     The Fifth Claim (insider trading) was tried to the bench, and on July 10, 2014 the Court issued an Opinion and Order, dismissing that claim with prejudice.[3]

21.     **Michael C. French**, a resident of Dallas, Texas, served as a director of Scottish Re from May 1998 until May 2007, as its CEO from May 1998 to January 2005, and as its Chairman from March 2000 through March 2006.  He also served, along with the Wylys, as a director of Michaels and Sterling Software from 1992 until 2000.  French was a partner in the law firm of Jackson & Walker LLP from 1976 through 1992, at which time he left the firm to work directly for the Wylys.  French also served as a protector of the Isle of Man trusts established by the Wylys from 1992 through January 2001—and continued to assist the Wylys with respect to their Offshore System periodically thereafter.

22.     French settled all claims brought by the Commission against him, and on March 21, 2014 a Final Judgment was entered against him.[4]

---

[2] ECF No. 473.
[3] ECF No. 405.

23.     **Louis J. Schaufele III**, a resident of Dallas, Texas, served for over fifteen years as the registered representative for various accounts established by the Wylys and French, including the securities accounts of the Wylys' and French's offshore entities.  Prior to joining the Dallas office of Bank of America in 2002, Schaufele had worked at the Dallas offices of Lehman Brothers and First Boston.

24.     Schaufele settled all claims brought by the Commission against him, and on January 9, 2014 a Final Judgment was entered against him.[5]

## THE RELIEF DEFENDANTS

25.     **Cheryl Wyly** is the wife of Defendant Sam Wyly and a beneficiary of the Offshore System.

26.     **Evan Acton Wyly** is the eldest son of Defendant Sam Wyly and a beneficiary of the Offshore System.

27.     **Laurie Wyly Matthews** is a daughter of Defendant Sam Wyly and a beneficiary of the Offshore System.

28.     **David Matthews** is the husband of Laurie Wyly Matthews and has received, held, possessed and/or controlled assets of the Offshore System.

29.     **Lisa Wyly** is a daughter of Defendant Sam Wyly and a beneficiary of the Offshore System.

30.     **John Graham** is the husband of Lisa Wyly and has received, held, possessed, and/or controlled assets of the Offshore System.

31.     **Kelly Wyly O'Donovan** is a daughter of Defendant Sam Wyly and a beneficiary of the Offshore System.

---

[4] ECF No. 280.
[5] ECF No. 233.

32.     **Andrew Wyly** is a son of Defendant Sam Wyly and a beneficiary of the Offshore System.

33.     **Christiana Wyly** is a daughter of Defendant Sam Wyly and a beneficiary of the Offshore System.

34.     **Caroline D. Wyly** is the widow of former Defendant Charles J. Wyly, Jr. and a beneficiary of the Offshore System.

35.     **Martha Wyly Miller** is a daughter of former Defendant Charles J. Wyly, Jr. and a beneficiary of the Offshore System.

36.     **Donald R. Miller, Jr.** is the husband of Martha Wyly Miller and has received, held, possessed and/or controlled assets of the Offshore System..

37.     **Charles J. Wyly III** is a son of former Defendant Charles J. Wyly, Jr. and a beneficiary of the Offshore System.

38.     **Emily Wyly Lindsey** is a daughter of former Defendant Charles J. Wyly, Jr. and a beneficiary of the Offshore System.

39.     **Jennifer Wyly Lincoln** is a daughter of former Defendant Charles J. Wyly, Jr. and a beneficiary of the Offshore System.

40.     **James W. Lincoln** is the husband of Jennifer Wyly Lincoln and has received, held, possessed and/or controlled assets of the Offshore System.

## THE RELIEF DEFENDANTS ARE IN POSSESSION OF ILL-GOTTEN GAINS

41.     On May 12, 2014, a jury found that the Wylys committed securities fraud, and violated other provisions of the securities laws.[6]

---

[6] ECF No. 473.

42.     On September 25, 2014, the Court entered an Opinion and Order[7] noting that: "the jury found that the Wylys were beneficial owners of Issuer securities transferred to, held, and sold by the [Wylys' Isle of Man] trusts;" "the jury concluded that the Wylys failed to accurately disclose  the extent of their beneficial ownership in the Issuer securities under sections 13(d) and 16(a) of the Securities Exchange Act;" that "[t]he jury also found that the Wylys caused the Issuers to violate section 14(a) of the Exchange Act, because the Wylys misrepresented the extent of their beneficial ownership to the Issuers in their Director and Officer ("D&O") questionnaires, which were incorporated by the Issuers in proxy statements;" that "the Wylys were found liable for securities fraud in violation of section 10(b) of the Exchange Act and section 17(a) of the Securities Act of 1933 … for aiding and abetting the Issuers' and [their Isle of Man] trusts' securities law violations;'" and that "the jury found the Wylys liable for selling unregistered securities in violation of section 5 of the Securities Act for certain sales of Michaels Stores stock." [8]

43.     In essence, "[t]he jury found that the Wylys were beneficial owners of all of the Issuer securities – from the time the options were transferred to the trusts to the time the trusts exercised the options or otherwise acquired stock to the time they were sold. . . and that the Wylys' pervasive failure to disclose beneficial ownership constituted securities fraud."[9]  The Court further found that "Sam Wyly engaged in a large securities fraud spanning thirteen years, involving multiple trusts and entities and hundreds, if not thousands, of misstatements, all while being subject to a previous injunction entered in 1979," and that "the extensiveness of this

---

[7] The Court's September 25 Opinion and Order was subsequently corrected as to the amount of ill-gotten gains obtained by Charles J. Wyly, Jr.  ECF No. 481 at 80.
[8] ECF No. 476 at 24-25.
[9] *Id.* at 68.

scheme, the brazenness of Wyly's conduct, and his position of wealth and importance in the community warrants the imposition of a permanent injunction in this case."[10]

44.     The Court also concluded that "Sam Wyly must disgorge $123,836,958.76…, Charles Wyly must disgorge $63,396,733.97," and that pre-judgment interest on those amounts is to be paid for the entire period of the Wylys' fraud through December 1, 2014.[11]

45.     On October 19, 2014 Sam Wyly filed a bankruptcy petition with the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, pursuant to Chapter 11 of the Bankruptcy Code.[12]

46.     On October 23, 2014 Caroline D. Wyly, widow of former Defendant Charles J. Wyly, Jr., filed a bankruptcy petition with the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, pursuant to Chapter 11 of the Bankruptcy Code.[13]  Caroline D. Wyly is the primary beneficiary of the Charles E. Wyly probate estate with 90% of that estate being bequeathed to her.[14]

47.     In 1992, Defendant Sam Wyly established the Bulldog Non-Grantor Trust, the Tallulah International Trust, the Delhi International Trust, and the Lake Providence International Trust, in the Isle of Man, naming his issue as beneficiaries of those trusts.

48.     In 1992, Charles J. Wyly, Jr., established the Pitkin Non-Grantor Trust, Woody International Trust, and the Castle Creek International Trust, in the Isle of Man, naming his issue as beneficiaries of those trusts.

---

[10] ECF No. 481 at 79.
[11] *Id*. at 80.  The Court has scheduled a hearing for November 12 and 17, 2014 on an additional disgorgement theory.
[12] *In re Samuel E. Wyly*, No. 14-35043-bjh11 (Hon. Barbara J. Houser).
[13] *In re Caroline D. Wyly*, No. 14-35074-hdh11 (Hon. Harlin DeWayne Hale).
[14]  Letter from counsel to Caroline D. Wyly, Judith Ross, to Judge Scheindlin (Oct. 25, 2014).

49.     In 1994, Keith King established the Bessie Trust, in the Isle of Man, naming Defendant Sam Wyly, Sam Wyly's wife, and Sam Wyly's issue as beneficiaries.

50.     In 1994, Keith King established the Tyler Trust, in the Isle of Man, naming Charles J. Wyly, Jr., Charles Wyly's wife, and Charles Wyly's issue as beneficiaries.

51.     In 1995, Shaun Cairns established the La Fourche Trust, in the Isle of Man, naming Defendant Sam Wyly, Sam Wyly's wife, and Sam Wyly's issue as beneficiaries of the trust.

52.     In 1995, Shaun Cairns established the Red Mountain Trust, in the Isle of Man, naming Charles J. Wyly, Jr., Charles Wyly's wife, and Charles Wyly's issue as beneficiaries.

53.     On September 25, 2014, the Court found that the Wylys used Keith King and Shaun Cairns to establish the Bessie, Tyler, La Fourche, and Red Mountain Trusts to circumvent the grantor trust rules, and that King and Cairns were recruited to create falsified records of gratuitous foreign grantor trusts.[15]

54.     In 1995, Defendant Sam Wyly established the Arlington Trust and the Crazy Horse, in the Isle of Man, naming himself, his wife, and his issue as beneficiaries.

55.     In 1995, Charles J. Wyly, Jr., established the Maroon Creek Trust, in the Isle of Man, naming himself, his wife, and his issue as beneficiaries.

56.     In 1996, Defendant Sam Wyly established the Sitting Bull Trust, in the Isle of Man, naming himself, his wife, and his issue as beneficiaries.

57.     In 1996, Charles J. Wyly, Jr., established the Lincoln Creek Trust, in the Isle of Man, naming himself, his wife, and his issue as beneficiaries.

---

[15] ECF No. 476 at 34.

58.     In 2000, Defendant Sam Wyly established the Bulldog II Trust, in the Isle of Man, naming his issue as beneficiaries.

59.     In 2000, Charles J. Wyly, Jr., established the Pitkin Trust II Trust, in the Isle of Man, naming his issue as beneficiaries.

60.     From on or about March 1992 through the present, the Relief Defendants have received, held, possessed, and controlled funds, securities, real property and interests in real property, personal property and interests in personal property, and other assets of the Defendants, which are the ill-gotten gains, or are traceable to the ill-gotten gains, derived from the Defendants' fraudulent conduct alleged in the Original Complaint, and alleged above.

61.     The Relief Defendants do not have any lawful right, title, or interest in or to the funds, securities, real property and interests in real property, personal property and interests in personal property, and other assets of the Defendants, which are the ill-gotten gains, or are traceable to the ill-gotten gains, derived from the Defendants' fraudulent conduct from on or about March 1992 to the present.

## FOURTEENTH CLAIM

### (Unjust Enrichment by the Relief Defendants)

62.     The Commission repeats and re-alleges Paragraph 1 through 119 of the Original Complaint as if fully set forth herein, and the allegations in Paragraphs 1 through 50 above.

63.     The Relief Defendants received funds, securities, real property and interests in real property, personal property and interests in personal property, and other assets of the Defendants, which are the ill-gotten gains, or are traceable to the ill-gotten gains, derived from the Defendants' fraudulent conduct alleged in the Original Complaint, and alleged above.

64.     The Relief Defendants do not have any lawful right, title, or interest in or to the funds, securities, real property and interests in real property, personal property and interests in

personal property, and other assets of the Defendants, which are the ill-gotten gains, or are traceable to the ill-gotten gains, derived from the Defendants' fraudulent conduct.

65.     The Commission is entitled to an order, pursuant to common law equitable principles and Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], requiring the Relief Defendants to disgorge the funds, securities, real property and interests in real property, personal property and interests in personal property, and other assets of the Defendants, which are the ill-gotten gains, or are traceable to the ill-gotten gains, derived from the Defendants' fraudulent conduct, and in which the Relief Defendants have no lawful right, title or interest.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court grant the following relief:

## I.

A final judgment permanently enjoining and restraining Defendant Sam Wyly, his agents, servants, employees, attorneys-in-fact, and assigns and those persons in active concert or participation with him who receive actual notice of the injunction by personal service or otherwise, and each of them, from violating Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] promulgated thereunder;

## II.

A final judgment permanently enjoining and restraining Defendant Sam Wyly, his agents, servants, employees, attorneys-in-fact, and assigns and those persons in active concert or participation with him who receive actual notice of the injunction by personal service or otherwise, and each of them, from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] and Sections 13(d), 14(a) and 16(a) of the Exchange Act [15 U.S.C. §§ 78m(d), 78n(a) and

78p(a)] and Exchange Act Rules 13d-1, 13d-2, 14a-3, 14a-9, 16a-2 and 16a-3 [17 C.F.R. §§ 240.13d-1, 240.13d-2, 240.14a-3, 240.14a-9, 240.16a-2 and 240.16a-3] promulgated thereunder;

## III.

A final judgment permanently enjoining and restraining Defendant Sam Wyly, his agents, servants, employees, attorneys-in-fact, and assigns and those persons in active concert or participation with him who receive actual notice of the injunction by personal service or otherwise, and each of them, from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) and (c)];

## IV.

A final judgment permanently enjoining and restraining Defendant Sam Wyly, his agents, servants, employees, attorneys-in-fact, and assigns and those persons in active concert or participation with him who receive actual notice of the injunction by personal service or otherwise, and each of them, from aiding and abetting and causing future violations of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rule 13a-1 [17 C.F.R. § 240.13a-1] promulgated thereunder;

## V.

A final judgment ordering Defendants Sam Wyly and Donald Miller to disgorge, with prejudgment interest thereon, all illicit profits or other ill-gotten gains received, and all amounts by which Sam Wyly and Charles Wyly have been unjustly enriched, as a result of the misconduct alleged in the Original Complaint, including, as to each Defendant, their own illicit profits, ill-gotten gain, illegal losses avoided, or unjust enrichment, and such other and further amounts as the Court may find appropriate;

## VI.

A Final Judgment ordering Defendants Sam Wyly and Donald Miller to pay civil monetary penalties pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)];

## VII.

A final judgment ordering Defendants Sam Wyly and Donald Miller to disgorge, with prejudgment interest thereon, all their respective illegal insider trading profits flowing from their transactions in connection with Sterling Software set forth above, together with prejudgment interest thereon;

## VIII.

A final judgment ordering Defendants Sam Wyly and Donald Miller to pay civil penalties pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-1];

## IX.

A final judgment prohibiting Defendants Sam Wyly from acting as an officer or director of any public company pursuant to Exchange Act Section 21(d)(2) [15 U.S.C. § 78u(d)(2)]; and

## X.

A final judgment ordering the Relief Defendants to disgorge funds, assets, or things of value they hold or control, in which they have no legitimate interest, that were derived from monies or assets obtained by Defendants as a result of the fraudulent conduct alleged above, plus prejudgment interest thereon.

## XI.

Granting such other and further relief as the Court deems just and proper, including such equitable relief as may be appropriate or necessary for the benefit of investors.

## <u>DEMAND FOR JURY TRIAL</u>

Under Rule 38 of the Federal Rules of Civil Procedure, the Commission demands trial by jury in this action of all issues so triable.  The Commission does not demand a jury trial with respect to claims against the Relief Defendants.

Dated: October 24, 2014   By:

            /s/  *Bridget Fitzpatrick*
            Bridget Fitzpatrick
            Martin Zerwitz (MZ-9765)
            John D. Worland, Jr. (JDW-1962)
            Hope Hall Augustini
            Daniel Staroselsky
            Marsha C. Massey
            Michael Roessner
            Gregory N. Miller (GM-5922)
            Counsel for Plaintiff
            SECURITIES AND EXCHANGE COMMISSION
            100 F Street, N.E.
            Washington, DC 20549-5977
            Tel.: (202) 551-4678 (Fitzpatrick)
            Email: FitzpatrickBr@SEC.gov