

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
100 F Street, N.E.
Washington, D.C. 20549

**Division of
Enforcement**

November 20, 2014

The Honorable Shira A. Scheindlin
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1620
New York, New York 10007-1312

    *Re: SEC v. Wyly, et al.* 1:10-cv-5760

Dear Judge Scheindlin:

    The Securities and Exchange Commission ("SEC") writes in response to the letter dated November 19, 2014 from counsel to Caroline D. Wyly, a relief defendant in the above-captioned case. Mrs. Wyly asserts that the Bankruptcy Code's automatic stay, codified at 11 U.S.C. § 362, precludes the SEC from naming her as a relief defendant in its recently-filed amended complaint. This argument ignores the plain language and well settled law of the governmental exception to the automatic stay, which explicitly permits governmental agencies to continue litigating liability when a defendant has filed for bankruptcy.

    Moreover, Mrs. Wyly's argument fails to recognize this Court's jurisdiction to determine the impact of the stay on the SEC's pending action and to enforce its own previous ruling. Section 362(b)(4) of the Bankruptcy Code explicitly excepts government actions to enforce their police or regulatory powers from the automatic stay. Courts have uniformly held that the SEC's enforcement actions are an exercise of the Commission's police and regulatory powers to protect the public interest, and hence are exempt from the automatic stay. *See, e.g. SEC v. First Financial Group of Texas*, 645 F. 2d 429, 437 (5th Cir. 1981); *SEC v. Brennan,* 230 F.3d 65, 71 (2d Cir. 2000); *SEC v. Towers Financial Corp.*, 205 B.R. 27, 30-31 (S.D.N.Y. 1997). Further, courts have consistently held that the governmental exception encompasses suits against relief defendants. *SEC v. Morriss*, 2012 WL 2154903, at *1 (E.D. Mo. June 13, 2015); *SEC v. Smith,* 2005 WL 2875546, at *3 (S.D. Ohio November 2, 2005); *In re D'Angelo*, 409 B.R. 296 (Bankr. D. N.J. 2009). Counsel for Mrs. Wyly fails to cite any contrary authority that would prevent the SEC from determining the liability of a relief defendant.

As the bankruptcy court noted in *D'Angelo,* "[t]he fact that this debtor is not a wrongdoer, but allegedly the recipient of financial benefit from the fraud, does not alter the analysis that a disgorgement remedy fosters the public purpose behind the state's securities law." *D'Angelo, 409 B.R* at 298. Indeed, the facts of *D'Angelo* are remarkably similar to the facts here: the court found that the New Jersey Bureau of Securities was not precluded from seeking disgorgement of ill-gotten gains against the wife of a defendant who operated a Ponzi scheme even though she was not accused of participating in the fraud. *Id.*

In addition, Mrs. Wyly cannot support her assertion that this action should be stayed pursuant to the bankruptcy court's equitable powers under Section 105 of the Bankruptcy Code. Neither of the cases that she cited (*Chao v. Hosp. Staffing Servs.,Inc.,* 270 F.3d 374, 385 n.5 (6th Cir. 2001) and *United States v. Commonwealth Cos. (In re Commonwealth Cos.),* 913 F.2d 518, 527 (8th Cir. 1990)) relied on Section 105. Rather, in both cases, the court made a determination based on whether the action fell within the governmental exception to the automatic stay. Indeed, the SEC is not aware of any instances where a defendant has successfully used Section 105 to stay an SEC enforcement action.

In pursuing its claim against Mrs. Wyly, the SEC is not going beyond the relief allowed by the governmental exception to the automatic stay. Section 362(b)(4) permits the entry of a money judgment, but does not permit enforcement of a money judgment. If this Court rules favorably on the SEC's Amended Complaint and fixes an amount of disgorgement against Mrs. Wyly, the SEC could not enforce the judgment outside of the Bankruptcy Court. In order to pursue enforcement of its judgment, the SEC would need to file a proof of claim in the bankruptcy case, and the claim would then be subject to all applicable provisions of the Bankruptcy Code and the Bankruptcy Court's jurisdiction. The SEC is not, and will not, pursue a collections action against Mrs. Wyly during the pendency of her bankruptcy proceeding. But allowing the SEC to pursue Mrs. Wyly as a relief defendant to determine whether she has received ill-gotten gains from a primary defendant is a necessary part of the SEC's regulatory mission: it ensures that defendants cannot transfer ill-gotten gains to a family member and then hide behind bankruptcy proceedings.

It would conserve judicial resources for this Court "to determine its own jurisdiction, as well as to decide whether the automatic stay is applicable to the instant litigation." *SEC v. Wolfson,* 309 B.R. 612 (D. Utah 2004). This Court has already determined that the automatic stay does not apply to the SEC's enforcement action. Whereas the bankruptcy petition was only recently filed, the SEC's action has been pending in this Court for more than four years, and the Court has expended significant time and resources presiding over a five week trial on the merits, holding numerous hearings, and issuing several opinions. It is efficient and conserves judicial resources for this Court to determine the effect of the automatic stay on this case. *See Wolfson* at 618 ("[B]ecause this court has expended significant time and resources on this … it made sense from a judicial economy perspective to determine the effect of the automatic stay on this case.").

The SEC respectfully requests a pre motion conference to address the issue of whether the Bankruptcy Code's automatic stay provision prohibits the SEC's unjust enrichment claim against Mrs. Wyly.

Respectfully submitted,

*[signature]*

Bridget M. Fitzpatrick
Supervisory Trial Counsel
(202) 551-4678
fitzpatrickbr@sec.gov

Cc (all via email):
    Judith W. Ross, Esq.
    Josiah M. Daniel, III, Esq.
    Steve Susman, Esq.
    David Kornblau, Esq.
    Stewart Thomas, Esq.