

**UNITED STATES**
## SECURITIES AND EXCHANGE COMMISSION
100 F Street, N.E.
Washington, D.C. 20549

DIVISION OF
ENFORCEMENT

February 6, 2015

The Honorable Shira A. Scheindlin
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1620
New York, New York 10007-1312

   *Re:* *SEC v. Wyly, et al.* 1:10-cv-5760

Dear Judge Scheindlin:

  The Securities and Exchange Commission ("SEC") writes in response to the February 2, 2015 letter of Defendants Sam Wyly and the Estate of Charles Wyly (collectively, "Defendants") addressing issues that should be resolved before judgment can be issued in this case. ECF No. 577. The Defendants' raise two concerns: (1) crafting the judgment to ensure that "Defendants receive[] credit for IRS payments," and (2) "to ensure that the recent disgorgement order will be immediately appealable to the Second Circuit despite its fallback status." *Id.* at 2.

  Defendants' first concern has already been addressed by this Court. In its September 24, 2014 opinion, the Court held, "any amounts disgorged in this case should be credited towards any subsequent tax liability determined in an IRS civil proceeding as a matter of equity." ECF 481 at 61-62. The SEC's proposed final judgment adopts the Court's solution to this issue (as opposed to the comments of undersigned counsel, which were quoted in Defendants' letter). The SEC has been clear from the onset that it will not seek a double recovery and its proposed final judgment, which will be filed simultaneously with this letter, provides for an offset.

  However, the SEC respectfully requests clarity on the amount of the appropriate offset. The Court crafted its solution to the purported risk of a double recovery before conducting a second disgorgement hearing and issuing its December 19, 2014 Opinion and Order. ECF 563. In its December opinion, the Court identified an additional amount of disgorgement that flowed from the offshore system's other intertwining benefits: "secrecy, [Defendants'] ability to use their informational advantage, and liquidity." ECF 563 at 33. The Court then concluded that the SEC's expert had reasonably approximated the portion of Defendants' trading profits that flowed from their violations as a result of these benefits. *Id.* at 33, 53.

  The Court chose to exercise its equitable discretion and not layer the ill-gotten gains from Defendants' trading profits on top of the ill-gotten gain measured by unpaid taxes. *Id.* at 6 ("disgorgement based on trading profits may only be imposed in the event the higher court disagrees with the measure of disgorgement imposed by the September 25 Order, which I conclude represents the best measure of the Wylys' ill-gotten gains"). This raises the issue of whether the ill-gotten gain identified in the Court's December opinion should be subtracted from

the equitable offset to sums owed to the IRS for the relevant tax years. "The primary purpose of disgorgement as a remedy for violation of the securities laws is to deprive violators of their ill-gotten gains, thereby effectuating the deterrence objectives of those laws."[1] The Court has identified approximately $198 million of ill-gotten gain that stemmed from the impermissible sale of unregistered securities and offshore trading profits above those of a traditional buy and hold investor. This ill-gotten gain has no connection to the Defendants' tax liability and, as a matter of equity, should not be included in an offset against Defendants' potential additional tax liability for 1992-2004.

For this reason, the SEC's proposed final judgment includes an offset for the relevant tax years for any amount paid in excess of the Court's non-tax measurements of ill-gotten gain. Disgorgement "forces a defendant to account for all profits reaped through his securities law violations and to transfer all such money to the Court."[2] The Defendants' should not be permitted to benefit from their securities violations by applying their ill-gotten trading profits to any unrelated taxes that they owe. *See* SEC's Proposed Final Judgment at Sections II and V.

Defendants' second concern is their ability to immediately appeal the Court's December opinion measuring Defendants' ill-gotten gain by comparing their trading profits to those of a buy and hold investor over the same time period. To that end, the SEC has included the alternative measure from the Court's December opinion in its proposed Final Judgment.

For the reasons set forth above and in previous hearings and filings related to the appropriate remedies for this case, the SEC respectfully requests that the Court grant its Motion for Final Judgment and enter its proposed Final Judgment.

Respectfully submitted,

Bridget M. Fitzpatrick
Supervisory Trial Counsel
(202) 551-4678
fitzpatrickbr@sec.gov

cc via e-mail: all counsel of record

---

[1] *SEC v. First Jersey Sec. Inc.,* 101 F.3d 1450, 1474 (citing *SEC v. Wang*, 944 F.2d 80, 85 (2d Cir. 1991); *SEC v. Commonwealth Chem. Sec., Inc.,* 574 F.2d 90, 102 (2d Cir. 1978)).
[2] *SEC v. Contorinis*, 743 F.3d 296, 301 (2d Cir. 2014) (quoting *SEC v Cavanaugh*, 445 F.3d 105, 117 (2d Cir. 2006)).