# Attachment 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SAMUEL E. WYLY and DONALD R. MILLER, JR., in his capacity as the Independent Executor of the Will and Estate of Charles J. Wyly, Jr.,<br><br>Defendants,<br>and<br><br>CHERYL WYLY, EVAN ACTON WYLY, LAURIE WYLY MATTHEWS, DAVID MATTHEWS, LISA WYLY, JOHN GRAHAM, KELLY WYLY O'DONOVAN, ANDREW WYLY, CHRISTIANA WYLY, CAROLINE D. WYLY, MARTHA WYLY MILLER, DONALD R. MILLER, JR., in his individual capacity, CHARLES J. WYLY III, EMILY WYLY LINDSEY, JENNIFER WYLY LINCOLN, JAMES W. LINCOLN, and PERSONS, TRUSTS, LIMITED PARTNERSHIPS, AND OTHER ENTITIES KNOWN AND UNKNOWN,<br>Relief Defendants. | No. 1:10-cv-05760-SAS |

**PROPOSED FINAL JUDGMENT AS TO DEFENDANTS
SAMUEL E. WYLY AND DONALD R. MILLER, JR., in his capacity as the Independent
Executor of the Will and Estate of CHARLES J. WYLY, JR.**

Pursuant to Rule 58 of the Federal Rules of Civil Procedure and the jury verdict of May 12, 2014 in the above-captioned matter, Final Judgment is entered for Plaintiff Securities and Exchange Commission ("SEC" or "Commission") on its claims against Defendants Samuel E. Wyly ("Sam Wyly") and Donald R. Miller, Jr., in his capacity as the Independent Executor of the Will and Estate of Charles J. Wyly, Jr. ("Charles Wyly") (collectively, "Defendants"), for

violating Sections 10(b), 13(d), 14(a), and 16(a) of the Securities Exchange Act of 1934 ("Exchange Act"); Rules 10b-5(a)-(c), 13d-1, 13d-2, 14a-3, 14a-9, 16a-2 and 16a-3 promulgated thereunder; and Sections 5 and 17(a)(1)-(3) of the Securities Act of 1933 ("Securities Act") and; aiding and abetting violations of Section 13(a), 13(d) and 14(a) of the Exchange Act; and Rules 13a-1, 14a-3, and 14a-9 promulgated thereunder.

Having considered the submissions of the parties, as well as the trial and post-trial record of these proceedings:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Sam Wyly is liable for $198,118,825.16 calculated as follows:

a) $111,988,622.76 of ill-gotten gain on transactions in registered securities calculated pursuant to the Court's September 24, 2014 Opinion and Order (ECF Nos. 476 and 481);

b) Plus $68,990,554.63 in prejudgment interest on that amount (ECF Nos. 486 and 486-1);

c) Plus $11,848,336 of ill-gotten gain on transactions in unregistered securities that violated of Section 5 of the Securities Act calculated pursuant to the Court's September 24, 2014 Opinion and Order (ECF Nos. 476 and 481);

d) Plus $5,291,311.41 in prejudgment interest on that amount (ECF Nos. 486 and 486-1).

II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that, in the event there is a determination that Defendant Sam Wyly owes the Internal Revenue Service additional money for the tax years 1992 through 2004, amounts in excess of $136,388,576.41 paid to the Commission

pursuant to section I above, shall be credited towards Defendant Sam Wyly's tax liability for the tax years 1992 through 2004.

III.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that, in the event the amount set forth in Section I(a)-(b) above is rejected upon appeal, Defendant Sam Wyly is liable for $136,388,576.41 calculated as follows:

a) $83,444,775 of ill-gotten gain calculated pursuant to the Court's December 19, 2014 Opinion and Order (ECF Nos. 563, 572, and 572-1);

b) Plus $35,804,154 in prejudgment interest on that amount (ECF Nos. 572 and 572-1);

c) Plus $11,848,336 of ill-gotten gain on transactions in unregistered securities that violated of Section 5 of the Securities Act calculated pursuant to the Court's September 24, 2014 Opinion and Order (ECF Nos. 476 and 481);

d) Plus $5,291,311.41 in prejudgment interest on that amount (ECF Nos. 486 and 486-1).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Estate of Defendant Charles J. Wyly, Jr. is liable for $101,238,418.53 of disgorgement calculated as follows:

a) $58,896,281.97 of ill-gotten gain on transactions in registered securities calculated pursuant to the Court's September 24, 2014 Opinion and Order (ECF Nos. 476 and 481);

b) Plus $35,756,247.75 in prejudgment interest on that amount (ECF Nos. 486 and 486-1);

3

c) Plus $4,500,452 of ill-gotten gain on transactions in unregistered securities that violated of Section 5 of the Securities Act calculated pursuant to the Court's September 24, 2014 Opinion and Order (ECF Nos. 476 and 481);

d) Plus $2,085,436.81 in prejudgment interest on that amount (ECF No. 486-1).

V.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that, in the event there is a determination that the Estate of Defendant Charles J. Wyly, Jr. owes the Internal Revenue Service additional money for the tax years 1992 through 2004, amounts in excess of $62,304,519.81 paid to the Commission pursuant to section IV above, shall be credited towards the Estate of Defendant Charles J. Wyly, Jr.'s tax liability for the tax years 1992 through 2004.

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, in the event the amount set forth in Section IV(a)-(b) above is rejected upon appeal, the Estate of Defendant Charles J. Wyly, Jr. is liable for $62,304,519.81 calculated as follows:

a) $39,129,605 of ill-gotten gain calculated pursuant to the Court's Opinion and Order of December 19, 2014 (ECF Nos.563, 572, and 572-1);

b) Plus $16,589,026 in prejudgment interest on that amount (ECF Nos. 563, 572, and 572-1.);

c) Plus $4,500,452 of ill-gotten gain on transactions in unregistered securities that violated of Section 5 of the Securities Act calculated pursuant to the Court's September 24, 2014 Opinion and Order (ECF Nos. 476 and 481);

d) Plus $2,085,436.81 in prejudgment interest on that amount (ECF No. 486-1).

VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Sam Wyly and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Sam Wyly and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

 (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IX.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Sam Wyly and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 13(d) of the Exchange Act [15 U.S.C. § 78m(d)], and Rules 13d-1 and 13d-2 promulgated thereunder [17 C.F.R. §§ 240.13d-1 and 240.13d-2] by:

 a) After acquiring directly or indirectly the beneficial ownership of any equity security of a class which is specified in Exchange Act Rule 13d-1(i) [17 CFR § 240.13d-1(i)], and becoming directly or indirectly the beneficial owner of more than five percent of the class, failing within ten days after acquisition, to send to the issuer of the security, to send to each exchange where the security is traded and to file with the SEC, a statement containing information required by Schedule 13D [17 CFR §§ 240.13d-101]; or

 b) Failing promptly to file or cause to be filed with the Commission, and to transmit to the issuer and the exchange where the security is traded, an amendment disclosing the

change if any material change occurs in the facts set forth in Schedule 13D [17 CFR § 240.13d-101] required by the Exchange Act Rule 13d-1(a) [17 CFR § 240.13d-1(a)], including, but not limited to, any material increase or decrease in the percentage of the class beneficially owned.

X.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Sam Wyly and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 14(a) of the Exchange Act [15 U.S.C. § 78n(a)]  and Rules 14a-3 and 14a-9 promulgated thereunder [17 C.F.R. §§ 240.14a-3 and 240.14a-9], by using the mails or by any means or instrumentality of interstate commerce or any facility of a national securities exchange or otherwise, knowingly, recklessly, or negligently, solicited or permitted the use of his name to solicit by means of a proxy statement, form of proxy, notice of meeting or other communication, written or oral, containing statements which, at the time and in light of the circumstances under which they were made, were false and misleading with respect to material facts, or omitted to state material facts necessary in order to make the statements therein not false or misleading, or necessary to correct statements in earlier communications with respect to the solicitation of the proxy for the same meeting or subject matter which was false or misleading.

XI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Sam Wyly and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating Section 16(a) of the Exchange Act [15 U.S.C. § 78p(a)] and Rules 16a-2 and 16a-3 promulgated thereunder [17 C.F.R. §§ 240.16a-2 and 240.16a-3], by being the beneficial owner of more than ten percent of any class of equity security which is registered pursuant to section 12 of the Exchange Act or an officer or director of the issuer of such security, and failing to file, at the time of the registration of such security on a national securities exchange or by the effective date of a registration statement filed pursuant to section 12(g) of the Exchange Act, or within ten days after becoming a beneficial owner, officer or director, a statement with the Commission (and if such security is registered on a national exchange, with the exchange) of the amount of all equity securities of such issuer of which she is the beneficial owner; if there has been a change in such ownership or if such person shall have purchased or sold a security-based swap agreement since the most recent filing under section 16(a)(2)(c) of the Exchange Act.

XII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Sam Wyly and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)    Unless a registration statement is in effect as to a security, carrying or causing to

        be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

## XIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Sam Wyly and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rule 13(a)-1 thereunder [17 CFR § 240.13a-1], by knowingly or recklessly providing substantial assistance to an issuer that fails to file timely with the Commission all accurate and complete information, documents and reports required by the rules and regulations prescribed by the Commission.

## XIV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant Sam Wyly is permanently barred, following the date of entry of this Final Judgment, from acting as an officer or director of

any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

XV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that for the disgorgement and prejudgment interest ordered in Sections I through VI of this Final Judgment, Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

 and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; the name of the defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment

interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment.  Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.   Payments shall be deemed made on the date they are received by the Commission and, to the extent an amount is due and owing hereunder and post judgment interest is accruing, payments shall be applied first to post judgment interest on any unpaid amounts due after 14 days of the entry of this Final Judgment.

This Section (XV) shall be applicable to Defendant Sam Wyly to the extent the automatic stay triggered by his Chapter 11 proceeding, *In re Samuel E. Wyly et al.*, No. 14-35043-BJH (Bankr. N.D. Tex.), is no longer in effect or does not apply.  The inclusion of this Section (XV) in the Final Judgment shall not be construed as an act of collection by the Commission against Defendant Sam Wyly.

XVI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any debt for disgorgement, prejudgment interest or other amounts due by Defendants under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendants of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

XVII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

XVIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____, 2015
       New York, New York

                                      _____
                                      SHIRA A. SCHEINDLIN
                                      UNITED STATES DISTRICT JUDGE