## Susman Godfrey l.l.p.

a registered limited liability partnership

15th floor

560 Lexington Avenue

New York, New York 10022-6828

(212) 336-8330

Fax (212) 336-8340

www.susmangodfrey.com

_____

| Suite 5100 | Suite 5100 | Suite 950 | Suite 3800 |
|---|---|---|---|
| 1000 Louisiana Street | 901 Main Street | 1901 Avenue of the Stars | 1201 Third Avenue |
| Houston, Texas 77002-5096 | Dallas, Texas 75202-3775 | Los Angeles, California 90067-6029 | Seattle, Washington 98101-3000 |
| (713) 651-9366 | (214) 754-1900 | (310) 789-3100 | (206) 516-3880 |

Stephen D. Susman  
Direct Dial (713) 653-7801

E-Mail SSUSMAN@susmangodfrey.com

February 13, 2015

**VIA ECF AND E-MAIL**

Hon. Shira A. Scheindlin
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:   *SEC v. Wyly*, No. 1:10-CV-5760 (SAS)

Dear Judge Scheindlin:

      We write on behalf of Defendants Sam Wyly and the Estate of Charles Wyly to respond to the SEC's February 6, 2015 Letter, Motion for Final Judgment, and Proposed Final Judgment.

      The Defendants do not oppose the SEC's request that the Court enter partial judgment pursuant to Rule 54(b). We agree that there is no just reason for delaying a judgment against Mr. Wyly and the Estate, or an appeal to the Second Circuit. We do, however, take issue with four aspects of the form of judgment proposed by the SEC. Those aspects are each discussed separately below.

      We note that, by raising objections to the form of the judgment and proposing the alternative form attached to this letter (in both redline, Exhibit A, and clean, Exhibit B, versions),[1] we by no means intend to relinquish any prior substantive or procedural objections to prior liability findings or remedial orders. Among other things, we continue to object to the Court's *sua sponte* decision to give the SEC an opportunity to pursue an alternative disgorgement theory in

---

[1] This letter addresses only the substantive changes proposed in the attached Exhibits. The redline attachment reflects other changes intended to correct typographical errors, or simply to add clarity regarding the nature of the relief awarded on each of the claims in the Complaint.

3552845v1/012798

Hon. Shira A. Scheindlin
February 13, 2015
Page 2

anticipation of a successful defense appeal of the SEC's novel tax disgorgement measure. We incorporate all prior submissions on this point herein by reference.

*First*, the partial judgment should reflect the Court's dismissal with prejudice of the insider trading claim against Mr. Wyly and the Estate. To that end, Defendants propose adding a new Section I to the proposed judgment.

*Second*, Sections II and V of the SEC's proposal include language stating that payments made to the SEC on the judgment will be credited against the Defendants' future tax liability to the IRS. We agree that a tax credit provision of some kind is necessary to ensure against duplicative recovery by the government—as the Court has recognized on several occasions, including in its Opinion and Order dated September 25, 2014 (ECF No. 476). Nevertheless, the provision the SEC proposes may not be effective to serve its intended purpose because the IRS is not a party to this case or the judgment. Indeed, that is one reason why the Defendants object to the SEC's *ultra vires* tax collection efforts.

The Defendants' alternative proposal, which appears at renumbered Section VI, may provide more effective protection. It states that any amounts paid to the IRS attributable to gains on the IOM Trust-held securities at issue in this case (including taxes paid on annuity payments received from IOM entities) will go toward satisfying the SEC judgment in this case. In addition, the Defendants' proposal includes language reflecting that, as discussed in footnote 205 of the September 25, 2014 Opinion, amounts paid to the SEC should be refunded in the event of a future determination by the tax authorities or in a tax case that the Defendants are in fact not personally liable for taxes on gains on IOM Trust-held securities. It further provides that any amounts paid to the SEC by a Defendant should be paid to the IRS on behalf of that Defendant if there is ultimately an assessment or settlement under which the Defendant is taxed on such gains. In light of the IRS's absence, including provisions to anticipate these contingencies will help to ensure that the government does not collect the same taxes twice.

*Third*, and relatedly, allowing the SEC to in effect obtain <u>both</u> the tax disgorgement measure *and* the alternative measure through the same judgment violates the doctrine of election of remedies. *See United States v. Oregon Lumber Co.*, 260 U.S. 290, 296 (1922); 28A Corpus Juris Secundum Election of Remedies § 2 (Thompson Reuters 2015). Thus, the SEC is wrong to suggest that any tax credit provision should only apply to the extent of the difference between the tax disgorgement measure and the alternative disgorgement measure. According to the terms of the Court's prior orders, the alternative disgorgement measure is only a fallback in case the Second Circuit reverses the Court's decision on tax disgorgement. It was not supposed to be *an addition* to the original measure.

3552845v1/012798

Hon. Shira A. Scheindlin
February 13, 2015
Page 3

*Fourth*, and finally, Sections XV and XVI of the SEC's proposal include language that appears to be designed to (a) prohibit the Defendants from seeking refunds of SEC payments in the event that they later prevail in front of the tax authorities, despite the Court's having explicitly stated that such refunds should be available in that circumstance in footnote 205 of the September 25, 2014 Opinion; and (b) remove certain issues from the jurisdiction of the bankruptcy court overseeing Mr. Wyly's and Caroline D. Wyly's Chapter 11 proceedings. The latter issues are detailed in separate letters from bankruptcy counsel.

For the forgoing reasons, the Court should enter the Defendants' proposed judgment, attached as Exhibit B, rather than the SEC's proposed judgment.

Respectfully submitted,

   /s/ Stephen D. Susman

Stephen D. Susman

cc:   All Counsel of Record via ECF