# Vinson&Elkins

Josiah M. Daniel III  jdaniel@velaw.com
**Tel** +1.214.220.7718  **Fax** +1.214.999.7718

February 13, 2015

Honorable Shira A. Scheindlin
(via email: Rachel_Schwartz@nysd.uscourts.gov)
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:   *SEC v. Wyly*, No. 1:10-CV-5760

Dear Judge Scheindlin:

As Chapter 11 bankruptcy counsel for Sam Wyly ("Sam Wyly"), I write in limited objection to the SEC's motion in this Civil Action for entry of a final judgment (Doc. No. 581).[1] By the motion, the SEC submits its proposed form of final judgment (the "Proposed Judgment"). Objection is made to the bankruptcy-specific provisions of the Proposed Judgment in (i) the third and fourth paragraphs of its Subdivision XV and (ii) the single paragraph of Subdivision XVI.  Such provisions should be deleted for the reasons below.

To begin, underlying the evaluation of the bankruptcy-specific provisions must be consideration of subject matter jurisdiction, both of this Honorable Court, which is founded on the Securities Exchange Act of 1934 and the Securities Act of 1933, and of the United States Bankruptcy Court for the Northern District of Texas, which was invoked on October 19 and 23, 2014, when Sam Wyly and Charles Wyly's widow, Caroline D. (Dee) Wyly (collectively, the "Debtors"), filed their respective Chapter 11 bankruptcy petitions, which are jointly administered under the case styled *In re Samuel Evans Wyly et al*, Case No. 14-35043-BJH (Ch. 11).

The bankruptcy cases are moving forward with estate administration (both Debtors have filed detailed Schedules of Assets and Liabilities), claim allowance determinations (including, pertinently, the as-yet unquantified but forthcoming tax claims of the IRS), and court-supervised asset sales[2], as the

---

[1] We join in the Susman firm's objections pertaining to the issue of credit on IRS tax amounts.

[2] The Aspen book store has been sold, Dee Wyly's Aspen house is for sale, and motions for sale of artworks and tracts of real estate will follow shortly.

**Vinson & Elkins LLP  Attorneys at Law**           Trammell Crow Center, 2001 Ross Avenue, Suite 3700
Abu Dhabi  Austin  Beijing  Dallas  Dubai  Hong Kong  Houston  London           Dallas, TX 75201-2975
Moscow  New York  Palo Alto  Riyadh  San Francisco  Tokyo  Washington           **Tel** +1.214.220.7700  **Fax** +1.214.220.7716  www.velaw.com

425 entries on the bankruptcy case's PACER docket disclose. The Bankruptcy Court is putting the IRS tax claims on an expedited timetable for determination by the first quarter of 2016. Both Debtors are debtors in possession; no trustee has been appointed or even requested by any party. An Official Committee of Unsecured Creditors has been appointed by the United States Trustee and is active in the case. Of course, counsel for the SEC and the IRS are quite active in the bankruptcy case as well. In fine, the Debtors are carefully and prudently—by the book—administering all of their assets and all claims of their creditors in their Chapter 11 cases under the supervision and orders of the Bankruptcy Court.

The Bankruptcy Court's jurisdiction to supervise and adjudicate all of those matters and issues in the bankruptcy case is founded on 28 U.S.C. § 1334. Such jurisdiction is exclusive with respect to the bankruptcy cases (§ 1334(a)) and with respect to all property of the Debtors and their bankruptcy estates (§ 1334(e)). It is the jurisdiction of the Bankruptcy Court that informs the Debtor's objections to the challenged paragraphs of the Proposed Judgment.

To begin, the Supreme Court has characterized the exclusive, *in rem* jurisdiction of the Bankruptcy Court under § 1334(e) as the historic key to the entire bankruptcy process—administration of property of the estate, claim allowance and distribution of that property to *bona fide* creditors, and dischargeability of debts. "Bankruptcy jurisdiction, at its core, is *in rem*." *Central Va. Community College v. Katz*, 546 U.S. 356, 362 (2006). As a result:

> Critical features of every bankruptcy proceeding are the exercise of *exclusive jurisdiction over all of the debtor's property*, the *equitable distribution of that property* among the debtor's creditors, and the ultimate *discharge* [of] the debtor . . . .

*Id.* at 362-64 (emphasis added). In an earlier decision, the Supreme Court observed that "the Bankruptcy Court's *in rem* jurisdiction allows it to adjudicate the debtor's *discharge* claim." *Tenn. Student Assistance Corp. v. Hood*, 541 U.S. 440, 453 (2004) (emphasis added). The lower courts within the Second Circuit are in accord. "The fundamental basis for the decision in *Hood* is that a bankruptcy court's *discharge of a debt* . . . constitutes the exercise of *in rem* jurisdiction." *In re 360Networks (USA), Inc.*, 316 B.R. 797, 802 (Bankr. S.D.N.Y. 2004).

The Second Circuit has also consistently recognized the exclusive, *in rem* nature of bankruptcy jurisdiction and accordingly has noted that issues that "have substantial ramifications for the size of the [bankruptcy] *estate* [and] the *allowance and disallowance of claims* against it . . . implicate[] the

*in rem* jurisdiction of the bankruptcy court." *Ace Am. Ins. Co. v. DPH Holdings Corp. (In re DPH Holdings Corp.)*, 448 Fed. Appx. 134, 138 (2d Cir. 2011) (emphasis added). Lower courts within the Second Circuit have likewise observed that the *claims allowance and distribution function* is "the realm of the bankruptcy court" due to the exclusive-jurisdiction provisions of § 1334(e). *In re Salander O'Reilly Galleries*, 453 B.R. 106, 118 (Bankr. S.D.N.Y. 2011). Similarly, "a request for "relief [from the automatic stay] directly implicates the allowance of [its] claims against the estate." *Id.* at 114.

Turning to the specific provisions of the Proposed Judgment, under the foregoing authorities, the third and fourth paragraphs of Subdivision XV and the sole paragraph of Subdivision XVI cannot stand.

First, in the third paragraph of Subdivision XV, the SEC would have the District Court provide for enforcement of the judgment amount, with post-judgment interest, "at any time after 14 days following entry of this Final Judgment." In the fourth paragraph of the Subdivision, the SEC also seeks rulings by the District Court about the effect of the automatic stay after the judgment's entry.

All parties are well familiar with the holding of *SEC v. Brennan* that the District Court may *enter* "a money judgment" against the Defendants, but "anything beyond the mere entry of a money judgment against a debtor is prohibited by the automatic stay." 230 F.3d 65, 71 (2d Cir. 2000). The challenged provisions in the Proposed Judgment that purport or tend to authorize additions to the claim amount, such as further interest, and any type of claim-collection activities are simply not appropriate or applicable in the final judgment here.

Second, the requested provisions in Subdivision XVI of the Proposed Judgment purporting to deny a bankruptcy discharge to Sam Wyly in his bankruptcy case are insupportable. Under the Supreme Court precedent discussed above, the District Court lacks subject matter jurisdiction to make such a ruling; only the Bankruptcy Court has the requisite jurisdiction.[3]

Third, the SEC's request to lace bankruptcy-specific provisions in its favor into the Proposed Judgment is also unnecessary. "[T]he debtor's affairs [are] centralized. . . in a single forum in order to prevent conflicting judgments from different courts and in order to harmonize all of the creditors' interests with one another." *In re Methyl Tertiary Butyl Ether (MTBE)*, 522 F.Supp. 2d 569, 578 (S.D.N.Y. 2007). There is simply no reason for the Proposed Judgment to contain provisions that intrude into "the realm of the bankruptcy court," *Salander O'Reilly Galleries*, 453 B.R. at 118, as to purely

---

[3] Also, this is the first instance in which the SEC has even mentioned the topic of bankruptcy discharge in the Civil Action; there is no pleading or prior proceeding to support such relief.

bankruptcy-law matters such as the allowance of interest on the SEC's claim, distribution from the properties of the bankruptcy estates, and claim-collection issues, as well as the future issue of the dischargeability *vel non* of the SEC's claim.

Thank you for considering our objections to the Proposed Judgment.

Respectfully submitted,

*Josiah Daniel*
Josiah M. Daniel, III

cc (all via email):
    Bridget Fitzpatrick, counsel for the SEC
    Angela Dodd, bankruptcy counsel for the SEC
    Judith Ross, Ch. 11 bankruptcy counsel for Caroline D. Wyly
    Steve Susman, counsel for the defendants
    David Kornblau, counsel for Relief Defendants
    Stewart Thomas, settlement counsel for family members