JR

LAW OFFICES OF JUDITH W. ROSS

Complex Bankruptcy, Corporate and Mediation

February 13, 2015

(via email to Rachel_Schwartz@nysd.uscourts.gov)

The Honorable Shira A. Scheindlin
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007-1312

Re: SEC v. Wyly, No. 1:10-CV-5760

Dear Judge Scheindlin:

As bankruptcy counsel for Caroline D. Wyly ("**Mrs. Wyly**"), I write in limited objection to the SEC's motion for entry of a final judgment (Doc. No. 581), and join in the letter of Mr. Josiah Daniel sent to you today. Specifically, Mrs. Wyly requests that all language contained in the third and fourth paragraphs of Subdivision XV and the single paragraph of Subdivision XVI be stricken for the reasons mentioned in Mr. Daniel's letter as well as for the reasons set forth below.

The last two paragraphs in Subdivision XV of the SEC's proposed final judgment purport to allow the SEC to immediately collect its judgment against the probate estate of Charles J. Wyly, Jr. (the "**Probate Estate**"). As Your Honor may recall, it is Mrs. Wyly's position that her 90% beneficial interest in the assets of the Probate Estate comprise property of her bankruptcy estate. As such, it is Mrs. Wyly's position that because the vast bulk of the Probate Estate comprise her property, the Bankruptcy Court has jurisdiction over those Probate Estate assets, and further, that the automatic stay applies to stop collection of the judgment against those Probate Estate assets.[1] The Bankruptcy Court is currently in the process of hearing and determining a dispute with the IRS over the extent to which the Bankruptcy Court can assert jurisdiction over those Probate Estate assets in order to determine the estate tax liability of the Probate Estate and Mrs. Wyly to the IRS. *See* Case No. 14-35043 (Bankr. N.D. Tex.), Docket Numbers 247, 248, 379, & 390; Adversary Proceeding No. 14-03160 (Bankr. N.D. Tex.), Docket Numbers 1 & 5. Central to any such ruling is the issue of whether

---

[1] The issue of whether the automatic stay applies to prevent the SEC from collecting this Court's judgment against Probate Estate assets is different from the ruling Judge Houser recently entered holding that the SEC's naming of Mrs. Wyly as a relief defendant in the litigation pending before this Court did not violate the automatic stay. The SEC, during that hearing, assured Judge Houser that the SEC would bring any resulting judgment against Mrs. Wyly back to the bankruptcy court in order to collect it. This is exactly what Mrs. Wyly believes should happen now with respect to the judgment against the Probate Estate: the SEC should be required to return to Judge Houser for permission to collect on the judgment inasmuch as those assets are property of Mrs. Wyly's bankruptcy estate.

Honorable Shira A. Scheindlin
February 13, 2015
Page 2

the Probate Estate assets are property of the bankruptcy estate, over which Judge Houser has jurisdiction. Judge Houser has not ruled on these issues yet, but how Judge Houser rules will be the law of the case in the bankruptcy court.

Should Your Honor enter a judgment permitting the SEC to take immediate collection activity against the Probate Estate, such ruling would be potentially inconsistent with Judge Houser's decision on the question of whether Probate Estate assets constitute property of Mrs. Wyly's bankruptcy estate and whether the tax liability of the Probate Estate to the IRS can be decided by Judge Houser. Any such ruling by Your Honor could not bind the IRS because the IRS is not a party to the lawsuit that is pending before Your Honor. On the other hand, the SEC has been an active participant in the bankruptcy proceedings and can be heard on this very issue in that forum under Section 1109 of the Bankruptcy Code, which states unequivocally that "[t]he Securities and Exchange Commission may raise and may appear and be heard on any issue in a case under this chapter, but the Securities and Exchange Commission may not appeal from any judgment, order, or decree entered in this case." 11 U.S.C. § 1109(a). In short, judicial economy weighs in favor of Your Honor allowing Judge Houser to decide the issue so that ruling is binding on both the IRS and the SEC.

Respectfully submitted,

Judith W. Ross

cc: Bridget Fitzpatrick, counsel for the SEC
    Angela Dodd, bankruptcy SEC counsel
    Josiah Daniel, bankruptcy counsel for Sam Wyly
    Steve Susman, counsel to defendants
    David Kornblau, counsel to certain relief defendants
    Stewart Thomas, counsel to certain relief defendants.