USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/18/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SAMUEL E. WYLY and DONALD R. MILLER, JR., in his capacity as the Independent Executor of the Will and Estate of Charles J. Wyly, Jr.,<br><br>Defendants,<br><br>and<br><br>CHERYL WYLY et al.,<br><br>Relief Defendants. | No. 1:10-cv-05760-SAS<br><br><br><br>STIPULATION AND PROPOSED ORDER |

WHEREAS, on November 3, 2014 this Court issued an order freezing the assets held or controlled by the Relief Defendants, including Relief Defendants Lisa Wyly, John Graham, and Laurie Wyly Matthews (the "Freeze Order");

WHEREAS, the primary residence of Relief Defendants Lisa Wyly and John Graham (the "Grahams") is located at 4520 Melissa Lane, Dallas, Texas (the "Melissa Lane Property");

WHEREAS, Relief Defendant Laurie Wyly Matthews is the trustee (the "Trustee") of the Lisa Wyly Revocable Trust (the "Trust"), which holds the title to the Melissa Lane Property;

WHEREAS, the Grahams have advised the SEC that in order to reduce their monthly expenses, they wish to sell the Melissa Lane Property and temporarily move into a smaller, presently unoccupied property in Dallas owned by the Trust;

WHEREAS, the Grahams and the Trustee have advised the SEC that in order to restore the Melissa Lane Property to saleable condition and to maximize its value, it was or is necessary to make certain repairs to the walls, HVAC system, refrigerator, shower, lawn, and grounds, and it may also be necessary to repair other defects that may become apparent when the property is inspected;

WHEREAS, the necessary HVAC repairs and sod repairs to the lawn have already been done and paid for;

WHEREAS, the Grahams and the Trustee have advised the SEC that they estimate that the total cost of these repairs will be approximately $10,000;

WHEREAS, the Grahams and the Trustee have advised the SEC that they expect that in connection with the sale of the Melissa Lane Property, the Grahams and/or the Trust will also incur fees, expenses and other costs (the "Sale-Related Costs");

WHEREAS the Grahams have advised the SEC that they expect to incur moving costs in connection with the sale of the Melissa Lane Property and their move to the other property (the "Moving Costs"); and

WHEREAS, the SEC does not object to the relief provided for herein;

IT IS HEREBY STIPULATED AND AGREED that the Freeze Order is modified as follows:

1. Relief Defendants Laurie Wyly Matthews, as the Trustee, and Relief Defendants Lisa Wyly and John Graham may pay for the repairs described above,

2

the Sale-Related Costs, and the Moving Costs, and these payments, including the repairs already paid for, shall not count toward their allowed monthly living expenses under the Freeze Order.

2. Lisa Wyly, John Graham, and Laurie Wyly Matthews, as the Trustee, may take all necessary steps to sell the Melissa Lane Property to a bona fide purchaser who is not a relative of any Defendant or Relief Defendant.

3. Within three business days after a contract of sale for the Melissa Lane Property is executed, the SEC shall be provided with the listing information, information about other bids on the property, and a copy of the contract of sale. The SEC shall also be provided with a copy of the HUD statement relating to the sale within three business days of receipt by Laurie Wyly Matthews, Lisa Wyly or John Graham, or their counsel. To give the SEC an opportunity to object to the sale, the SEC shall receive all of the foregoing documents and information at least five business days before the closing.

4. Laurie Wyly Matthews, as the Trustee, shall cause the buyer of the Melissa Lane Property to pay, on the closing date, an amount equal to the sale price minus the Sale-Related Costs (other than reasonable legal fees, which may be paid pursuant to the Freeze Order) and the estimated Moving Costs, to such account as she directs, which amount shall be held in such account until the Freeze Order is vacated or until further order of this Court. The SEC shall, within three business days after the closing, be advised of the location of such account.

5. Neither Lisa Wyly, John Graham, nor Laurie Wyly Matthews shall be deemed to have violated the Freeze Order by reason of making or causing any payment or by performing any acts any of them are permitted to perform under this order.

3

Dated: March /7, 2015

Marsha C. Massey
SECURITIES AND EXCHANGE
COMMISSION
Supervisory Assistant Chief Litigation Counsel
Securities and Exchange Commission
100 F. Street, NE/Mail Stop 5985
Washington, D.C. 20549
(202) 551-4452
masseym@sec.gov
*Attorney for Plaintiff*

Eric Hellerman, Esq.
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
(212) 841-1155
ehellerman@cov.com
*Attorneys for Relief Defendants Laurie Wyly Matthews, Lisa Wyly and John Graham.*

SO ORDERED, this /8 day of March, 2015

HONORABLE SHIRA A. SCHEINDLIN
UNITED STATES DISTRICT JUDGE