USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/7/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

        v.

SAMUEL E. WYLY and DONALD R. MILLER,
JR., in his capacity as the Independent Executor
of the Will and Estate of Charles J. Wyly, Jr.,

        Defendants,

and

CHERYL WYLY et al.,

        Relief Defendants.

No. 1:10-cv-05760-SAS

THIRD STIPULATION AND
[PROPOSED] ORDER
REGARDING
CONFIDENTIALITY OF
DISCOVERY MATERIALS

---

Plaintiff Securities and Exchange Commission ("SEC"), Defendants

Samuel E. Wyly and Donald R. Miller, Jr., in his capacity as the Independent Executor of

the Will and Estate of Charles J. Wyly, Jr. (the "Defendants"), and Relief Defendants

Cheryl Wyly, Evan Acton Wyly, Laurie Wyly Matthews, David Matthews, Lisa Wyly,

John Graham, Kelly Wyly O'Donovan, Andrew Wyly, Christiana Wyly, Caroline D.

Wyly, Martha Miller, Donald R. Miller, Jr., in his individual capacity, Charles J. Wyly

III, Emily Wyly, Jennifer Wyly Lincoln, and James W. Lincoln (the "Relief Defendants,"

collectively with the SEC and the Defendants, the "Parties"), through their undersigned

counsel, hereby stipulate as follows:

WHEREAS, on April 27, 2011, the Court issued an Order Regarding Confidentiality of Discovery Materials (Dkt. 56) that established procedures for designating as confidential materials produced by the parties in this action (each, a "Producing Party"), to protect such parties from public disclosure of their confidential information and thereby facilitate discovery by the parties (the "Original SDNY Protective Order");

WHEREAS, the Defendants produced materials that they designated as Confidential during the discovery period in this action (the "Original Confidential Designated Information");

WHEREAS, on October 30, 2014, the SEC filed a First Amended Complaint (Dkt. 501) naming the Relief Defendants as parties to this action;

WHEREAS, on December 8, 2014, the Court issued another Order Regarding Confidentiality of Discovery Materials (Dkt. 551) (the "December 8 Order"), which modified the Original Protective Order by, among other things, providing that the provisions of the Original Protective Order shall apply in full to each Relief Defendant (the December 8 Order and the Original SDNY Protective Order being referred to herein collectively as the "SDNY Protective Order");

WHEREAS, the Relief Defendants have produced documents and provided deposition testimony to the SEC pursuant to the SDNY Protective Order that they have designated Confidential thereunder (the "Relief Defendants' Confidential Designated Information");

WHEREAS, on October 19, 2014, Defendant Samuel E. Wyly filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code in the United States District

Court for the Northern District of Texas (the "Bankruptcy Court"), Case 14-35043-11

(N.D. Tex.), and on October 23, 2015 Relief Defendant Caroline D. Wyly filed such a

Petition in that Court, Case 14-35074-bjh11 (collectively, the "Bankruptcy

Proceedings");

WHEREAS, on March 9, 2015, the SEC filed a letter motion in this action

asking this Court to "confirm that the SEC and other parties to the SDNY [*sic*] may use

Confidential Information, as defined in SDNY Protective Order, in the Bankruptcy

Proceedings, so long as they adhere to the restrictive terms of the SDNY Protective

Order" (Dkt. 593); and

WHEREAS, the SEC, the Defendants, and the Relief Defendants agree to

a modification of the SDNY Protective Order to permit the SEC to disclose to the

Bankruptcy Court and certain other persons involved in the Bankruptcy Proceedings

Original Confidential Designated Information and Relief Defendants' Confidential

Designated Information (collectively "Confidential Information" as that term is defined

in the Original Protective Order), on the terms and conditions set forth herein;

IT IS HEREBY STIPULATED AND AGREED that the Original

Protective Order is further modified, and the December 8 Order is modified, as follows:

1.      Subject to the terms and conditions set forth below, the SEC may

disclose Confidential Information to the persons set forth in Paragraph 3 of this Order, in

addition to the persons set forth in Paragraph 3 of the Original Protective Order.

2.      If Confidential Information is contained in a document, the SEC

may disclose or use in the Bankruptcy Proceedings only the portion of the document that

contains information that is relevant to any claim or defense in the Bankruptcy

Proceedings, and before disclosing or using it in the Bankruptcy Proceedings the SEC

shall redact from any such document all Confidential Information that is not relevant to

any claim or defense in the Bankruptcy Proceedings.  If Confidential Information is

contained in a transcript, the SEC may disclose in the Bankruptcy Proceedings only the

portion of the transcript that contains information that is relevant to a claim or defense in

the Bankruptcy Proceedings.

       3.     The only persons other than those expressly included in Paragraph

3 of the Original SDNY Protective Order to whom the SEC may disclose Confidential

Information are:

       (a)     The Bankruptcy Court and personnel of that Court,

provided that the SEC shall redact from any document filed in the ECF system or other

publicly available Court filing system all Confidential Information, and any version filed

with the Court that contains Confidential Information shall be  filed under seal pursuant

to Paragraph 2(e) of the Original SDNY Protective Order or the applicable rules of the

Bankruptcy Court;

       (b)     Counsel to any party to the Bankruptcy Proceedings who,

prior to receiving any such Information, agrees to receive it on an Attorneys-Eyes-Only

basis and signs the agreement annexed hereto as Exhibit A (the "Agreement");

       (c)     Persons who are called to or who are expected to testify as

witnesses in the Bankruptcy Proceedings  and who, prior to receiving such Information,

sign the Agreement; provided that if a witness refuses to sign the Agreement, a party may

still use such Confidential Information in examining a witness with leave from and

conditions imposed by the Bankruptcy Court; and

(d)      Consultants and testifying experts who have been retained by a party and who, prior to receiving such information, sign the Agreement.

4.      At least three (3) business days before the SEC may disclose any Confidential Information to any person listed in Paragraph 3 hereof, it shall, by email, provide to counsel for the Producing Party notice of its intent to do so, and shall provide to such counsel for the Producing Party (and only that Party) copies of the documents and transcripts it intends to disclose, so that the Producing Party may make an application to this Court or to the Bankruptcy Court for an order prohibiting the SEC from disclosing any such Information in or in connection with the Bankruptcy Proceedings. Such documents and transcripts shall be provided to such counsel in redacted form, as the SEC intends to disclose or use it. If the Producing Party is Defendant Sam Wyly or Relief Defendant Caroline D. Wyly, the SEC shall also provide the same notice to counsel representing Defendant Sam Wyly and Relief Defendant Caroline Dee Wyly in the Bankruptcy Proceedings. For the avoidance of doubt, Local Bankruptcy Rules governing the filing of witness & exhibit lists and the provision of exhibits in the Bankruptcy Proceedings shall continue to apply.

5.      Confidential Information may be offered in evidence at a hearing or a trial in the Bankruptcy Proceedings, provided that at least three (3) business days before the SEC or any person listed in Paragraph 3 hereof offers such Confidential Information as evidence the SEC provides to counsel for the Producing Party by email notice of its or such person's intent to do so and the same information as required in Paragraph 4 hereof, so that the Producing Party may make an application to the

appropriate Court for an order that such evidence be received in camera or under other conditions to prevent unnecessary disclosure or dissemination of such Information.

6.    Before disclosing any Confidential Information to any person listed in Paragraph 3(b)-(d) hereof counsel shall provide such person with a copy of this Stipulation and Order and the SDNY Protective Order, and make a reasonable effort to obtain from such person a written acknowledgement, in the form attached hereto as Exhibit A, stating that he or she has read this Stipulation and Order and those Orders and agrees to be bound by its provisions. All such acknowledgements shall be retained by such counsel for one (1) year after the conclusion of this litigation as defined in Paragraph 8 of the Original SDNY Protective Order and may be available to opposing counsel upon request for good cause shown.

7.    Any party seeking to disclose Confidential Information to an individual or entity who, after reasonable efforts have been made, has failed to execute a written acknowledgement in the form attached hereto as Exhibit A must notify the Producing Party and the parties to this litigation of: (i) the intended disclosure; and (ii) the identity and affiliation of the intended recipient. Following such notification, the Producing Party or any party to this litigation may apply to this Court for an Order preventing such disclosure, specifically subjecting the intended recipient to the terms of this Stipulation and Order and the SDNY Protective Order, or such other relief as the moving party may deem appropriate. If an application is made, the Confidential Information shall not be disclosed prior to the issuance of an Order by this Court. Notwithstanding the foregoing, any person receiving Confidential Information is bound

by this Stipulation and Order and the SDNY Protective Order, absent an Order of this
Court to the contrary.

      8.    All other provisions of the SDNY Protective Order shall apply to
the disclosure and use of Confidential Information in the Bankruptcy Proceedings.

      9.    All provisions of the SDNY Protective Order not expressly
modified hereby shall remain in full force and effect.

      10.    The SEC hereby withdraws its letter motion submitted in this
action on March 9, 2015 (Dkt. 593).

Dated: April 3, 2015

John D. Worland, Jr.
SECURITIES AND EXCHANGE
COMMISSION
Assistant Chief Litigation Counsel
Securities and Exchange Commission
100 F. Street, NE/Mail Stop 5985
Washington, D.C. 20549
(202) 551-4438
worlandj@sec.gov
*Attorney for Plaintiff*

Terrell W. Oxford (by SH)
Terrell W. Oxford
SUSMAN GODFREY LLP
Suite 5100
901 Main Street
Dallas, Texas 75202
(214) 754-1902
toxford@SusmanGodfrey.com
*Attorneys for Defendants Samuel E. Wyly and*
*Donald R. Miller, in his capacity as the*
*Independent Executor of the Will and Estate of*
*Charles J. Wyly, Jr.*

Eric Hellerman
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
(212) 841-1155
ehellerman@cov.com
*Attorneys for Relief Defendants Cheryl Wyly,*

*Evan Acton Wyly, Laurie Wyly Matthews,*
*David Matthews, Lisa Wyly, John Graham,*
*Kelly Wyly O'Donovan, Andrew Wyly,*
*Christiana Wyly, Caroline D. Wyly, Donald R.*
*Miller, Jr., in his individual capacity, Charles*
*J. Wyly III, and Emily Wyly*

SO ORDERED, this ___th day of April, 2015

_____
HONORABLE SHIRA A. SCHEINDLIN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

SAMUEL E. WYLY and DONALD R. MILLER,
JR., in his capacity as the Independent Executor of
the Will and Estate of Charles J. Wyly, Jr.,
MICHAEL C. FRENCH and LOUIS J.
SCHAUFELE III,

Defendants,

and

CHERYL WYLY, EVAN ACTON WYLY,
LAURIE WYLY MATTHEWS, DAVID
MATTHEWS, LISA WYLY, JOHN GRAHAM,
KELLY WYLY O'DONOVAN, ANDREW WYLY,
CHRISTIANA WYLY, CAROLINE D. WYLY,
MARTHA WYLY MILLER, DONALD R.
MILLER, JR., in his individual capacity,
CHARLES J. WYLY III, EMILY WYLY
LINDSEY, JENNIFER WYLY LINCOLN, JAMES
W. LINCOLN, and PERSONS, TRUSTS,
LIMITED PARTNERSHIPS, AND OTHER
ENTITIES KNOWN AND UNKNOWN,

Relief Defendants.

No. 1:10-cv-05760-SAS

**EXHIBIT A TO THIRD STIPULATION AND ORDER REGARDING
CONFIDENTIALITY OF DISCOVERY MATERIALS**

1.    I have reviewed the STIPULATION AND PROTECTIVE ORDER

REGARDING CONFIDENTIALITY OF DISCOVERY MATERIAL entered by this

Court on April 27, 2011 (Dkt No. 56), the further STIPULATION AND PROPOSED

9

ORDER REGARDING CONFIDENTIALITY OF DISCOVERY MATERIAL entered by this Court on December 8, 2014 (Dkt No. 551), and the THIRD STIPULATION AND PROPOSED ORDER REGARDING CONFIDENTIALITY OF DISCOVERY MATERIAL to which this Agreement is attached.

2.     By my signature below, I agree:

(a) to be bound by, comply with and adhere to all provisions of the THIRD STIPULATION AND PROPOSED ORDER REGARDING CONFIDENTIALITY OF DISCOVERY MATERIAL to which this Agreement is attached, the STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DISCOVERY MATERIAL issued by this Court on April 27, 2011, and the STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DISCOVERY MATERIAL issued by this Court on December 8, 2014;

(b) that neither I nor my employer will disclose or otherwise use any Confidential Information (as defined in the THIRD STIPULATION AND PROPOSED ORDER REGARDING CONFIDENTIALITY OF DISCOVERY MATERIAL to which this Agreement is attached) that I receive in return for signing this Agreement, in any action, proceeding, investigation other than Case 14-35043-11 (N.D. Tex.), or Case 14-35074-bjh11 (N.D. Tex.) (collectively, the "Bankruptcy Proceedings");

(c) that if I receive any Confidential Information in my capacity as counsel to any party to the Bankruptcy Proceedings other than a governmental agency, I shall treat such Information as Attorneys-Eyes-Only and will not disclose it to my client or clients or to any other advisor or third party; and

10

(d) that I am and will continue to be subject to the jurisdiction of the United States District Court for the Southern District of New York for purposes of enforcing the THIRD STIPULATION AND PROPOSED ORDER REGARDING CONFIDENTIALITY OF DISCOVERY MATERIAL to which this Agreement is attached, the STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DISCOVERY MATERIAL issued by this Court on April 27, 2011, or the STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DISCOVERY MATERIAL issued by this Court on December 8, 2014.

By _____
                  (Print Name)

_____
             (Signature)

_____
               (Date)